# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

RONALD J. RICCIO
Direct dial: (973) 425-8723
rriccio@mdmc-law.com

March 31, 2009

*(Via Hand-Delivery)*

Honorable Michael A. Shipp, U.S.M.J.
United States District Court
for the District of New Jersey
M. L. King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    RE:    *The Lautenberg Foundation v. Madoff*
              Civil Action No. 09-00816 (SRC) (MAS)

Dear Judge Shipp:

      I, along with Michael Griffinger of the Gibbons Firm, represent Plaintiffs, the Lautenberg Foundation, Fiveway Partners, Joshua S. Lautenberg, Ellen Lautenberg and the FRL Miller Blind Trust (collectively, "Plaintiffs"), in the above-referenced litigation. As explained below and as is apparent from the Complaint, given the unprecedented breadth of the fraud committed, coupled with the resulting pressure upon all of those involved, especially Defendant Peter Madoff, this is an extraordinary case warranting early attention by the Court. The Complaint was filed on February 25, 2009. Defendant Madoff waived service of the Summons on March 16, 2009. I have conferred with counsel for Defendant, who has declined to consent to either an early pre-trial conference or a date for his client's deposition. As a result, we write to request that the Court schedule an early pre-trial conference pursuant to Federal Rule of Civil Procedure 16(a)(1) and Local Civil Rule 16.1(a)(2) in order to set a date for the deposition of Defendant Peter Madoff and to discuss other discovery related matters.

      The Court has broad discretion to control the timing and management of discovery. *See, e.g., Mack Boring & Parts Co. v. Novis Marine, Ltd.*, 2008 U.S. Dist. LEXIS 98479 (D.N.J. Dec. 5, 2008). Where, as here, the request for early discovery is reasonable, the Court should, pursuant to Fed. R. Civ. P. 30(a)(2)(C),, grant Plaintiffs leave to take the deposition of Peter Madoff before the time prescribed in Rule 26(d). *See, e.g., Mack Boring & Parts Co. v. Novis Marine, Ltd.*, 2008 U.S. Dist. LEXIS 98479 (D.N.J. Dec. 5, 2008) (applying reasonableness standard where there was no need to protect the defendants from early discovery because they had been represented by counsel for some time).

NEWARK, NEW JERSEY      RIDGEWOOD, NEW JERSEY      NEW YORK, NEW YORK      DENVER, COLORADO      PHILADELPHIA, PENNSYLVANIA

This securities fraud and breach of fiduciary duty action against Defendant Peter Madoff is based largely upon the undisputed facts underlying the very well-publicized, massive investment fraud committed by Bernard L. Madoff Investment Securities, LLC ("BMIS"). The basic facts of this fraud -- that while BMIS purported to provide investment advisory services, it had been paying "investors with money that wasn't there" for years -- have been admitted by Bernard Madoff in connection with his entry of a guilty plea as to all 11 counts of the criminal complaint against him. Bernard Madoff also agreed to a Partial Judgment on Consent in connection with the SEC's separate charges against him. Specifically, Bernard Madoff has confessed that the investment advisory services purportedly provided by BMIS were a giant Ponzi scheme in violation of, among other things, the 1934 Securities Exchange Act and the rules promulgated thereunder.

The Defendant herein, Peter Madoff, is the brother of Bernard Madoff. He worked with Bernard Madoff for nearly 40 years to establish BMIS as having a self-proclaimed, but false, "unblemished record of value, fair-dealing, and high ethical standards." Most crucial to the claims asserted in this action, Peter Madoff was the chief compliance officer of BMIS who was identified in an SEC form filed by his brother, as a control person of BMIS. . *See* Complaint, Exhibit C at page 20.

In light of these indisputable facts, there is no doubt that the likelihood of success on the merits of Plaintiffs' claims -- particularly those pursuant to section 20(a) of the 1934 Act -- is extremely high. Section 20(a) of the 1934 Act holds controlling persons jointly and severally liable for any damages for which the controlled person is found primarily liable. 15 U.S.C.A. §78(t)(a); *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 311 F.3d 198, 211 (3d Cir. 2002); *see also Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 279 (3d Cir. 1992).

Here, the two main elements of a Section 20(a) claim are conceded. First, Bernard Madoff has admitted an underlying violation of the Exchange Act upon which a claim under Section 20(a) depends, *see In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 588 (D.N.J. 2001). Likewise, Defendant Peter Madoff's role as a control person is expressly acknowledged on the Investment Adviser Registration filed by BMIS and attached as Exhibit C to the Complaint. In addition, in his capacity as chief compliance officer for BMIS, a large part of Defendant Madoff's daily responsibilities were to establish and implement policies and procedures to ensure compliance with all applicable laws and SEC regulations. There can be little doubt that such an officer has the power and obligation to supervise or "control" the day-to-day "policy and decision-making processes" necessary to trigger control person liability. *Copland v. Grumet*, 88 F. Supp. 2d 326, 334 (D.N.J. 1999); *Riggs v. Schappell*, 939 F. Supp. 321, 327 (D.N.J. 1996).

The Complaint particularizes factual allegations showing significant red flags such that anyone, such as Defendant, in the position of chief compliance officer could not possibly have been ignorant of the fraud. Given the magnitude of the fraud, it is virtually impossible for Defendant to have honestly fulfilled his legal obligations to, among other things, regularly verify

the reporting of BMIS's financial condition, establish and implement a program of adequate internal controls and to detect and report any legal or regulatory violations. Defendant's failure to detect or report the fraud was a result of his concealment, reckless disregard or willful blindness. Under any circumstances, the facts alleged here are replete with evidence of Defendant's bad faith and/or negligence.

No prejudice to defendant Madoff would result from requiring him to sit for a deposition prior to the time prescribed by Fed. R. Civ. P. 26(d). Defendant Madoff has had more than ample time to prepare and consult with legal counsel. In fact, Plaintiffs allege that Mr. Madoff was or should have been aware of the underlying facts for a period of years given the obligations associated with his position as chief compliance officer. In any event, he has been on notice of the Ponzi Scheme since -- at the very latest -- December of 2008 when Bernard Madoff confessed to him. Indeed, Mr. Madoff has been represented by very able counsel for many months in connection with the facts underlying this action. There is, therefore, no doubt that Defendant Madoff has had more than ample opportunity to receive the advice of counsel and to evaluate the claims asserted against him.

On the other hand, there is a serious threat of prejudice to Plaintiffs if they are not permitted to proceed with this matter expeditiously. Because the underlying fraudulent scheme is by far the largest ever seen in the history of the United States, Plaintiffs have a significant and legitimate concern that the unprecedented scrutiny of those involved carries with it a very high risk of destruction of evidence, flight, transfer of assets and witness interference. Likely in recognition of some of these very issues in another civil action against him, a court in New York has recently issued an order temporarily restraining Peter Madoff from transferring any assets and requiring him to disclose the location of certain assets. In light of all of the circumstances of this extraordinary case, Plaintiffs are entitled to an early deposition of Defendant to prevent any harm that might result from delay.

Based upon the foregoing, we respectfully request that the Court convene an initial pre-trial conference as soon as possible for the primary purpose of setting a date for Peter Madoff's deposition. Thank you in advance for your consideration of this matter.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Ronald J. Riccio

RJR/msp
cc: Honorable Stanley R. Chesler, U.S.D.J. *(Via Hand Delivery)*
    Michael Griffinger, Esquire *(Via Telefax)*
    Charles Spada, Esquire *(Via Telefax)*