Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Attorneys for Defendant Peter Madoff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG and ELLEN LAUTENBERG,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER MADOFF,<br><br>Defendant. | Civil Action No. 09-00816 (SRC) (MAS)<br><br>**ANSWER OF DEFENDANT PETER MADOFF**<br><br>*DOCUMENT ELECTRONICALLY FILED* |

Defendant Peter Madoff, by his attorneys Lankler Siffert & Wohl LLP and Saiber LLC, hereby answers and asserts defenses, pursuant to Fed. R. Civ. P. 8, to the Complaint of plaintiffs The Lautenberg Foundation, Joshua S. Lautenberg and Ellen Lautenberg ("Plaintiffs") as follows:

1.  Defendant admits that Plaintiffs allege that their claims arise under the statutes cited in paragraph 1 of the Complaint, but denies that there is any basis for those claims.

2.  Defendant denies the allegations in paragraph 2 of the Complaint.

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.  Defendant admits the allegations in paragraph 6 of the Complaint.

7.  Defendant denies the allegations in paragraph 7 of the Complaint, except admits that at various times Bernard L. Madoff Investment Securities LLC ("BLMIS") was a registered broker-dealer and proprietary trading firm, and a registered investment advisory firm, and defendant refers to the public filings with the U.S. Securities and Exchange Commission ("SEC") for the dates of those registrations and admits that at times BLMIS had offices on the 17-19 floors of the building located at 885 Third Avenue, New York, NY.

8.  Defendant denies the allegations in paragraph 8 of the Complaint, except admits that at various times BLMIS provided market-making services and investment advisory services to clients.

9.  Defendant denies the allegations in paragraph 9 of the Complaint and refers to Exhibits A and B annexed to the Complaint for their complete contents.

10.  Defendant denies the allegations in paragraph 10 of the Complaint, except admits BLMIS filed with the SEC a Uniform Application for Investment Adviser Registration on or about January 7, 2008 and refers to the entire filing, including all of its parts, for its complete contents.

11. Defendant denies the allegations in paragraph 11 of the Complaint, except admits that he is an attorney, that he is 63 years old, that he is Bernard L. Madoff's brother, that he worked at BLMIS (or its predecessor sole proprietorship) from in or about June 1969 until December 2008, and refers to the Uniform Application For Investment Adviser Registration that was filed with the SEC on or about January 7, 2008, for its complete contents.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint, except admits that during certain years Defendant was responsible for the day-to-day management of the market-making trading desk at BLMIS.

14. Defendant denies the allegations in paragraph 14 of the Complaint, except admits that at various times he was a senior managing director, and chief compliance officer of BLMIS (or its predecessor sole proprietorship), and that at various times his daughter worked at BLMIS (or its predecessor sole proprietorship) as a compliance attorney.

15. Defendant denies the allegations in the first and second sentences of paragraph 15 of the Complaint. Defendant admits the allegations in the third, fourth and fifth sentences of paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in the first sentence of paragraph 26 of the Complaint, except admits that on or about December 9, 2008, Bernard L. Madoff informed Defendant that there had been requests from clients for redemptions, and that Bernard L. Madoff was unable to meet those obligations. Defendant denies the allegations in the second sentence of paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint, except lacks knowledge or information sufficient to form a belief concerning what Bernard L. Madoff told other BLMIS employees on the day before confessing to the Federal Bureau of Investigation.

29. Defendant admits the allegations in paragraph 29 of the Complaint and refers to the SEC complaint filed against BLMIS and Bernard L. Madoff and the consent order subsequently entered into by the SEC and Bernard L. Madoff for their complete contents.

30. Defendant admits the allegations set forth in paragraph 30 of the Complaint and refers to the criminal complaint filed against Bernard L. Madoff by the United States Attorney's Office for the Southern District of New York for its complete contents.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 34 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 39 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 44 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint and refers to Exhibit B annexed to the Complaint for its complete contents.

47. Defendant denies the allegations in the first sentence of paragraph 47 of the Complaint, and refers to the Uniform Application For Investment Adviser Registration that was filed with the SEC on or about January 7, 2008, for its complete contents. Defendant denies the allegations in the second sentence of paragraph 47, and refers to Exhibit A to the Complaint for its complete contents. Defendant denies the allegations in the third sentence of paragraph 47 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the fourth sentence of paragraph 47 of the Complaint.

48. Defendant denies the allegations in the first sentence of paragraph 48 of the Complaint, except admits that at various times he had direct and supervisory involvement in the day-to-day operations of the market-making and proprietary trading operations of BLMIS. Defendant denies the allegations in the second sentence of paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 49 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. In response to paragraph 55 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 54 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. In response to paragraph 59 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 58 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

63. The Prayer for Relief does not allege facts requiring a response. To the extent, however, a response may be required, Defendant denies any allegations in the Prayer for Relief and denies that there is any basis in fact or in law for the relief sought by the plaintiffs.

64. Defendant denies each and every allegation of the Complaint to the extent not expressly admitted in this Answer.

## DEFENSES

Defendant asserts the following Defenses, reserving the right to assert additional defenses when and if they become appropriate.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent the Plaintiffs incurred losses on investments with BLMIS and Bernard L. Madoff, Plaintiffs' losses were caused by the deliberate fraud and conduct of others, not the conduct of Defendant.

## THIRD DEFENSE

Defendant was not a culpable participant in the underlying fraud of BLMIS and Bernard L. Madoff.

## FOURTH DEFENSE

Defendant owed no duty to Plaintiffs.

## FIFTH DEFENSE

Defendant did not violate any duty that may have been owed to Plaintiffs.

## SIXTH DEFENSE

Defendant reasonably relied on BLMIS's external auditor who purported to perform audits of BLMIS and the investment advisory business run by Bernard L. Madoff.

## SEVENTH DEFENSE

To the extent that Plaintiffs are asserting claims for damages based on false profits invested in Plaintiffs' accounts, Plaintiffs cannot recover such false profits from Defendant.

## EIGHTH DEFENSE

To the extent that Plaintiffs have recovered any of their claimed investment losses from the SIPA Trustee overseeing the claims administration of BLMIS or from other sources, such amounts cannot be claimed as damages recoverable from Defendant.

## NINTH DEFENSE

The damages, if any, sustained by Plaintiffs were proximately caused by persons over whom Defendant had no control and, therefore, Plaintiffs are barred from recovery from Defendant.

## TENTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## ELEVENTH DEFENSE

Plaintiffs did not reasonably rely on any purported misrepresentations or omissions allegedly made by Defendant.

## TWELFTH DEFENSE

Plaintiffs have not suffered any damages as a result of the alleged actions of Defendant.

## THIRTEENTH DEFENSE

The damages caused by Plaintiffs were caused by intervening or superseding acts outside of Defendant's control.

WHEREFORE, Defendant prays for judgment as follows:

1. dismissing with prejudice the Complaint against Defendant in its entirety; and

2. for such other relief as the Court deems just and proper, including, but not limited to, costs, disbursements and reasonable attorneys' fees Defendant incurred defending this action plus interest on any sums awarded.

Respectfully submitted,

**SAIBER LLC**

Attorneys for Defendant Peter Madoff

By: /s/ ***William F. Maderer***
William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

Dated: October 13, 2009

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rule of Civil Procedure 38(b), defendant Peter Madoff hereby demands a trial by jury as to all issues so triable.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for defendant Peter Madoff hereby certifies that the subject matter of this action is the subject matter of an action filed on October 2, 2009, against Defendant by the SIPA Trustee of BLMIS, captioned Adversary Proceeding No. 09-01503, in the United States Bankruptcy Court for the Southern District of New York, and also is the subject matter of various other lawsuits against defendant, to which Plaintiffs are not parties, pending in other jurisdictions.

**SAIBER LLC**

Attorneys for Defendant Peter Madoff

By: ___/s/ *William F. Maderer*___
William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

Dated: October 13, 2009