# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG and ELLEN LAUTENBERG, | |
| Plaintiffs, | **Civil Action No. 09-816 (SRC)** |
| v. | **ORDER AMENDING OPINION** |
| PETER MADOFF, | |
| Defendant. | |

**CHESLER**, District Judge

**IT IS** on this 4th day of November, 2009 **HEREBY ORDERED** that the Opinion filed in this case on September 9, 2009 [docket entry 20], be amended so that the paragraph that begins on page 13 with "The Court notes preliminarily that it need not . . ." shall be stricken and replaced with the following paragraph:

The Court notes preliminarily that it need not, and will not resolve this choice of law issue at this very early stage of the litigation. The Court is bound to apply the choice of law rules of New Jersey, the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). New Jersey applies the "most significant relationship" test to determine which state's substantive law should apply when a tort claim presents a conflict of laws. P.V. v. Camp Jaycee, 197 N.J. 132, 142-43 (2008). This test is a kind of governmental interest test which weighs various factors enumerated in the Restatement (Second) of Conflict of Laws to determine which state has the most significant relationship with the occurrence and the parties. Id. at 142-45. The Third Circuit had taken note of the fact-intensive nature of the previously applicable governmental interest test, Warriner v. Stanton, 475 F.3d 497, 500 (3d Cir. 2007), and the most significant

relationship test is similarly dependent on facts not known to the Court at this juncture in the proceedings at bar. The Court will thus defer its choice of law decision on the issue of fiduciary duty until the factual record is developed enough to allow the Court to apply the various factors involved in deciding which state has the greatest interest in resolving the issue. Harper v. LG Elec. USA, Inc., 595 F.Supp.2d 486, 489 (D.N.J. 2009) (refraining from making choice of law determination on a Rule 12(b)(6) motion to dismiss until development of needed factual record, in reliance on district court's example in Warriner and Third Circuit's holding on appellate review). Accepting the allegations of the Complaint as true, the Court finds that Plaintiffs have alleged facts that support the application of New Jersey law to this issue, at least preliminarily for the purpose of determining whether the Section 10(b) omissions-based claim may withstand the instant Rule 12(b)(6) challenge. Plaintiff The Lautenberg Foundation is a charitable foundation based in New Jersey. As the home state of one of the Plaintiffs, New Jersey has an interest in protecting that litigant's rights and remedying the loss it allegedly sustained through application of its laws regarding fiduciary duty. See Warriner v. Stanton, No. 03-2211 (JBS), 2005 WL 1397015, at *3 (D.N.J. June 14, 2005) (holding that nature of a state's contacts to litigation and parties a critical factor under government interest analysis). The Court concludes that, under the most significant relationship test, the Complaint alleges sufficient facts to permit application of New Jersey law to the question of whether it has been adequately alleged that the parties were in a fiduciary relationship.

   s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge