# McElroy, Deutsch, Mulvaney & Carpenter, LLP
ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

RONALD J. RICCIO
Direct dial: (973) 425-8723
rriccio@mdmc-law.com

January 26, 2010

Hon. Madeline Cox Arleo
United States District Court
District Court of New Jersey
Martin Luther King Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE: *The Lautenberg Foundation, et al v. Peter Madoff*
Civil Action No. 09-816 (SRC)

Dear Judge Arleo:

On behalf of Plaintiffs I request leave to file a motion for sanctions under Rule 37(b) (failure to comply with a court order) and Rule 30(d)(2) (impeding, delaying or frustrating the fair examination of the deponent). The basis of the motion is defendant's non-cooperation at his deposition in violation of Your Honor's November 6, 2009 Order (attached hereto as Exhibit A) compelling his deposition. Under Rule 30(c)(1) a deposition must proceed in the same manner as a trial. Implicit in the Rule is that the witness must be cooperative and make a good faith effort to answer the questions put to him. That did not happen here, despite paragraph 5 of Your Honor's Order compelling defendant's deposition.

By way of background, on November 5, 2009 counsel for the parties appeared before Your Honor for a conference. At the conference I argued that a court-ordered date needed to be set for defendant's deposition in that for many months defendant declined to voluntarily be deposed. Defendant's counsel, in opposition, argued that defendant's deposition should continue to be delayed until defendant had an opportunity to review documents alleged to be in the possession of the U. S. Attorney and/or the SIPA Trustee. According to defendant's counsel, Mr. Madoff's deposition needed to be delayed at least another full year pending review of those documents. Your Honor considered the arguments advanced for and against the request to delay

NEW YORK    PENNSYLVANIA    NEW JERSEY    COLORADO

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Madeline Cox Arleo
January 26, 2010
Page 2

defendant's deposition pending document review and ordered that defendant appear for a deposition on November 12.

On November 12, 2009, defendant appeared for his deposition. A copy of his deposition transcript is attached hereto as Exhibit B. For all intents and purposes, the defendant could have stayed home. At his deposition, defendant invoked the Fifth Amendment on a blanket basis more than 250 times. (Tr. 8). Additionally, defendant was improperly instructed not to answer questions several times during his deposition such as, for example, the direction not to answer the totally appropriate question of whether he understood his "obligations to obey court orders". (Tr. 36).

The reason given by defendant for his invocation of the Fifth Amendment to virtually every question he was asked was the same reason asserted by defendant and rejected by Your Honor at the November 5 conference. Specifically, Mr. Spada, defendant's counsel, stated on the record that, in light of Mr. Madoff's inability to review documents prior to his deposition:

> . . . .our only reasonable alternative is to advise Peter Madoff to exercise his constitutional right to decline to answer the Plaintiff's questions at this time. . . .(Tr.7).
>
> Mr. Riccio: as we understand it now, you are going to be invoking the Fifth Amendment on a blanket basis, is that correct?
>
> Mr. Spada: Until we have access to the documents, he'll be allowed to give you his name and no other information concerning this matter. (Tr. 8).

Mr. Spada's full statement is at pages 4 – 8 of the transcript.

The transcript of the deposition shows, at the outset of the deposition, defendant's counsel made clear the intention to make a blanket invocation of the Fifth Amendment privilege, without regard for the particular questions posed by Plaintiff's counsel. The caselaw is legion that such a blanket invocation of the Fifth Amendment privilege is improper. *See, e.g., United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars & Fifty-Eight Cents*, 938 F.2d 433, 439 (3d Cir. 1991); *Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 596 (3d Cir. 1980); *Interstate Commerce Comm'n v. Gould*, 629 F.2d

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Madeline Cox Arleo
January 26, 2010
Page 3

847, 861 (3d Cir. 1980) (rejecting defendant's blanket Fifth Amendment objection, requiring instead that claim of privilege be made "only for specific documents or categories of documents which he can demonstrate to the court might tend to incriminate him"); *In re U.S. Hoffman Can Corp.*, 373 F.2d 622, 626-27 (3d Cir. 1967) (finding information that "could not possibly be incriminating no matter how broadly the privilege is construed" could not be withheld by blanket invocation of Fifth Amendment privilege); *United States v. Raniere*, 895 F. Supp. 699, 704 (D.N.J. 1995) ("A blanket or general assertion of a Fifth Amendment privilege to resist enforcement of an IRS summons is insufficient as a matter of law.").

Whether the privilege has been properly invoked must be determined one question at a time. The Camelot Group, Ltd. V. Krueger, 486 F. Supp. 1221 (S.D.N.Y. 1980). In addition, efforts to use the Fifth Amendment to delay discovery in a civil action is clearly not permitted. SEC v. Softpoint, Inc., 958 F. Supp. 846 (S.D.N.Y. 1997). Here, defendant (i) arbitrarily asserted the Fifth Amendment across the board, without regard to whether answering the question might tend to incriminate him; and (ii) invoked the Fifth Amendment primarily because he felt discovery should proceed in the sequence he dictated (document review first and depositions second) rather than in the sequence ordered by Your Honor.

Defendant has not met his burden of providing any legal support for the inability to review documents in advance of being deposed as a basis upon which to invoke the Fifth Amendment privilege. That he would prefer to look at documents before giving a deposition is not a proper reason to invoke the Fifth. As the Court indicated at the November 5th conference, a deponent is obligated to testify truthfully based upon his personal knowledge and recollection. Defendant made no attempt to do so. He also made no effort during his deposition to show that he needed to examine any documents in order to answer any of the particular questions put to him. The fact is that defendant did exactly what Your Honor said he could not do but which he argued he could do - - rely on the Fifth Amendment as an excuse not to give a deposition pending his review of documents allegedly not in his possession. This position flaunted Your Honor's Order. Indeed, the below colloquy at the conclusion of his deposition shows the complete absence of any showing that defendant needed to review allegedly unavailable documents at his deposition in order to answer the questions put to him:

1361791-1

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Madeline Cox Arleo
January 26, 2010
Page 4

>BY MR. RICCIO:
>
>Q   Mr. Madoff, do you admit that had you not invoked your Fifth Amendment privilege today, that you have sufficient personal knowledge to answer all the questions that I've posed to you?
>MR. SPADA: Objection to form.
>A   Same answer.
>Q   And the "same answer" is the Fifth Amendment, correct, the "same answer" as what you read earlier?
>A   Exactly, yes.
>Q   And do you admit that you had sufficient personal knowledge to answer all of the questions I've posed to you today and did not need access to any of the documents in the possession of the United States Attorney's office, the SIPC Trustee, or any other person?
>MR. SPADA: Objection to form.
>A   Same answer.
>MR. RICCIO:   I have no further questions at this time.
>MR. SPADA: Thanks. (TR. 92-93)

Not only was no showing made by defendant that he needed to review documents in order to answer the questions put to him at his deposition, but it is also clear that examining documents was not necessary to assist him in properly giving factual information based on his personal knowledge in response to many of the questions posed.  Below are just a few examples of questions as to which the defendant clearly had personal knowledge but as to which he improperly invoked the Fifth Amendment:

>"Where do you live, Mr. Madoff?"  (TR.11);
>"Have you ever been deposed before?"  (TR. 11);
>"Have you read the Complaint in this action?"  (TR. 12);
>"By the way, Shana Madoff is your daughter, correct?"  (TR. 15);
>"Is Mr. Spada your attorney?"  (TR. 15);
>"Are you an attorney?"  (TR. 18);
>"Are you 63 years old?  (TR. 18);
>"Are you Bernard Madoff's brother?"  (TR. 18);

> "Did you allow a knowingly false answer to be filed with the Court in this matter?" (TR. 20); and
>
> "Mr. Madoff, do you understand your obligations to obey court orders?" (TR. 36);

In addition to the foregoing questions, defendant's invocation of the Fifth Amendment to the following benign background questions shows the brazenness of defendant's blanket reliance on the Fifth Amendment as well as his willful contempt for this Court's Order:

> Q   Where did you go to high school?
> A   Same answer.
> Q   Did you go to high school?
> A   Same answer.
> Q   Did you go to grammar school?
> A   Same answer.
> Q   Did you go to college?
> A   Same answer.
> Q   Did you go to law school?
> A   Same answer.
> Q   Did you ever go to school?
> A   Same answer.
> Q   Did you ever have a job in your life?
> A   Same answer.
> Q   When you were a teenager, did you have a job as a lifeguard?
> A   Same answer.
> Q   Did your brother have a job as a lifeguard?
> A   Same answer.
> Q   When was the last time you talked to Bernard Madoff?
> A   Same answer.
> Q   Did you ever talk to him in your entire life?
> A   Same answer.
> Q   Do you need documents to assist you to decide whether or not you can answer the questions as to whether you ever spoke to your brother in your entire life?
>     MR. SPADA: Objection. You can respond
> A   Same answer. (TR 51-53)

Defendant also refused to answer questions about matters he already admitted in his Answer to plaintiff's Complaint. For example, in paragraph 48 of his Answer, defendant admits

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Madeline Cox Arleo
January 26, 2010
Page 6

that "at various times he had direct and supervisory involvement in the day-to-day operations of the market-making and proprietary trading operations of BLMIS." But when asked about paragraph 48 and the admission contained therein, defendant took the Fifth and was instructed not to answer the question. (Tr.32).

Where, as here, the incriminating nature of particular questions is not readily apparent, a defendant has the burden of establishing that the invocation of the privilege is appropriate with respect to each question. *See, e.g., AAOT Foreign Economic Assoc. (VO) Technostroyexport v. Int'l Dev. & Trade Serv., Inc.*, No. 96 CIV. 9056 (JGK), 1998 WL 633668, at *10 (S.D.N.Y. Sept. 15, 1998) (citing *Estate of Fisher v. Comm'r of Internal Revenue*, 905 F.2d 645, 649-50 (2d Cir. 1990)). Here, defendant made no effort to meet his burden but, instead, essentially closed down the deposition as if he had walked out of the room in the same fashion as the Third Circuit ruled was improper conduct in Nat'l Life Ins. Co., supra. Further, once a defendant in a civil case opens the door to a general area of information, as defendant did here in his Answer, the Fifth Amendment privilege as to the details of the general area already disclosed is deemed to be waived. The Camelot Group, LTD, supra.

Based on the foregoing, Plaintiffs respectfully request leave of Court to file a motion for sanctions due to defendant's improper conduct at his deposition and his willful violation of Your Honor's November 5 Order. We intend to argue that defendant's conduct during his deposition warrants the full array of sanctions allowed under Rule 30(d)(2) and Rule 37(b) including contempt, entry of a judgment in favor of Plaintiffs, a preclusion Order as to the subject matter of the questions not answered, and the reimbursement of Plaintiffs' counsel fees and costs.

Pursuant to L. Civ. Rule 37.1, I hereby certify that I have conferred with counsel for defendant in good faith to resolve by agreement the issues raised by this request for leave to file a motion for sanctions. The parties have been unable to reach agreement. The dates I attempted to reach agreement occurred during about a three month period preceding this letter. The method of communication included exchanges of several emails, correspondence and phone conferences. I also forwarded to defendant's counsel a draft of this letter for his review prior to filing it with Your Honor in the hope that the dispute could be amicably resolved.

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Madeline Cox Arleo
January 26, 2010
Page 7

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*Ronald J. Riccio*

Enclosure

1361791-1