LAUTENBERG FOUNDATION, THE et al v. MADOFF
Doc. 39 Att. 1

# EXHIBIT B

Dockets.Justia.com

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION NO. 09-00816 (SRC)(MAS)

THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG AND ELLEN LAUTENBERG,

Plaintiffs

vs

PETER MADOFF,

Defendant

---

DEPOSITION UPON ORAL EXAMINATION OF PETER MADOFF

ORIGINAL

T R A N S C R I P T of the stenographic notes of SUSAN GIOFFRE, a Notary Public and Certified Court Reporter of the State of New Jersey, License No. XI001220, taken at the offices of LANKLER, SIFFERT & WOHL, LLP, 500 Madison Avenue New York, New York, on Thursday, November 12, 2009, commencing at approximately 10:45 a.m.

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

A P E A R A N C E S:

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
gtrif@mdmc-law.com
rriccio@mdmc-law.com
BY: RONALD J. RICCIO, ESQ.
GREG TRIF, ESQ.
STEPHEN M. GREENBERG, ESQ.
Counsel for Plaintiffs

LANKLER, SIFFERT & WOHL, LLP
500 Madison Avenue - 33rd Floor
New York, New York 10110-3398
(212) 921-8399
cpada@lswlaw.com
rrubin@lswlaw.com
BY: CHARLES T. SPADA, ESQ.
JEANNIE R. RUBIN, ESQ.
Counsel for Defendant

I N D E X

| WITNESS NAME | PAGE NO. |
|---|---|
| PETER MADOFF | |
| DIRECT EXAMINATION BY MR. RICCIO | 9 |

E X H I B I T S

| EXHIBIT NO. | DESCRIPTION | PAGE NO. |
|---|---|---|
| P-1 | Complaint | 12 |
| P-2 | Answer of Defendant Peter Madoff | 14 |
| P-3 | Opinion | |
| P-4 | Order Amending Opinion | 38 |
| P-5 | (Documents Re: Lautenberg Family Foundation/Joshua Lautenberg | 38 |
| P-6 | Article by Michael Ocrant, May 2001 | 81 |
| P-7 | Article by Erin Arvedlund, 5/7/01 | 81 |

MR. SPADA: Ron, as I mentioned before we began, I'd like to read a statement into the record.

My name is Charles Spada. I'm counsel for Mr. Madoff, with me is Rosie Rubin.

The Plaintiffs' Complaint alleges that in December 2008, Defendant, Peter Madoff, was told that his brother had committed a massive, decades long, now notorious fraud in the investment advisory at Bernard L. Madoff Investment Securities, LLC.

Upon Bernard Madoff's arrest in December 2008, the FBI and the trustee appointed by the court to liquidate BLMIS under the Securities Investor Protection Act, took over Madoff Securities' premises and seized all Madoff Securities' documents.

Those documents include 40 years' worth of e-mail, correspondence, account statements, financial documents and other documents.

At the time the U.S. Attorney's office for the Southern District of New York launched a wide-ranging investigation of Bernard Madoff's Ponzi fraud, which is still ongoing eleven months later.

This investigation has resulted in the prosecution of Bernard Madoff and two other individuals.

Peter Madoff remains a subject of this investigation.

The U.S. Attorney's office has stated in a recent publicly available court filing that it has secured, "The contents of one-half floor of an office building containing the equivalent of thousands of boxes of documents", concerning the Ponzi scheme, and that's in the Motion for Reconsideration of Bail Conditions in United States vs Frank DePascale.

Peter Madoff has no access to the documents secured by the U.S. Attorney's office.

The complaint here alleges that the Plaintiffs, with whom Peter Madoff had no direct relationship, are among the victims of Bernard Madoff's fraud in the investment advisory business

The heart of the Complaint is that in hindsight, Peter Madoff did not satisfactorily address a complex series of red flags that arose over a period of years concerning Bernard Madoff's investment advisory business and that Peter Madoff was a culpable participant in the fraud in that he, directly or indirectly, endorsed, induced or concealed the securities law violations of Madoff Securities.

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

The Complaint's allegations and Defendant's various defenses are thus extremely fact intensive, potentially depending on the precise circumstances in which each alleged event occurred over a 20-plus year period and Peter Madoff's duties and knowledge at various times during this 20-plus year period.

Even the sharpest of memories could not accurately address these issues without the benefit of reviewing and being refreshed by extensive relevant documents which we will seek to obtain pursuant to the normal discovery process.

Accordingly, we have asserted that in the interest of fairness, accuracy and efficiency, document discovery should proceed before depositions.

Document discovery would enable Peter to refresh his recollection of relevant facts and events in this matter.

Plaintiffs, however, have been unwilling to adjourn Peter's testimony, and the Court has granted Plaintiffs' application to take the Defendant's deposition over our objection and request to stay the deposition until the parties have had an opportunity for document discovery.

In light of all the circumstances

detailed above, our only responsible alternative is to advise Peter Madoff to exercise his constitutional right to decline to answer the Plaintiffs' questions at this time.

In 2001, the U.S. Supreme Court, in a decision in Ohio vs. Reiner, noted that the Fifth Amendment's basic function is to protect innocent men who otherwise might be ensnared by ambiguous circumstances.

An innocent man could find no more ambiguous and treacherous circumstances than these.

MR. RICCIO: Just in response briefly, a few points.

First, the argument that counsel has just advanced, in what amounts to a self-serving statement, was presented to Judge Arleo.

The argument was rejected, an Order has been entered, and Mr. Madoff is here today pursuant to a court order.

Additionally, the --

MR. SPADA: Ron, just to clarify that.

We do not have the court order yet, but both sides, it's understood we're not disputing, we're operating under that the Court has ordered that this deposition take place.

MR. RICCIO: Yes. Additionally, we do not agree with the characterization of the allegations in this Complaint against Mr. Madoff.

They are significantly different than Plaintiffs' view of things.

We would refer to our Complaint and to Judge Chesler's Opinion denying the Defendant's Motion to Dismiss in substantial parts.

Whether the Fifth Amendment is properly invoked will depend on a question-by-question analysis of the question and the answer.

As we understand it now, you're going to be invoking the Fifth Amendment on a blanket basis, is that correct?

MR. SPADA: Until we have access to the documents, he'll be allowed to give you his name and no other information concerning this matter.

MR. GREENBERG: Could we have two seconds?

MR. SPADA: Sure. We're going off the record?

MR. GREENBERG: Yes.

(Discussion off the record.)

PETER MADOFF,

called as a witness, having been first duly sworn according to law, testifies as follows:

DIRECT EXAMINATION BY MR. RICCIO:

Q Mr. Madoff, my name is Ronald Riccio.

With me today at this deposition to my left is Greg Trif, to his left is Stephen Greenberg.

We are counsel for Plaintiffs in a lawsuit, The Lautenberg Foundation vs Peter Madoff.

You are Peter Madoff, are you not?

A Yes.

Q And you are the Defendant in this action, are you not?

A Yes.

Q Now, you've been administered an oath to tell the truth. The oath that you have been administered is the same oath as you would take if you were called to testify at a trial in this matter.

All of your answers and all of my questions are being stenographically transcribed by a court reporter.

The reason we're doing that is so that

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

there is a record of what happens here today.

If at any point in time you don't understand a question that I ask, then please ask me to repeat it or rephrase it, and I will, otherwise I'm going to assume that you understood the question and gave an answer knowingly understanding the question that I asked.

Do you understand that?

A Yes.

Q You also need to verbalize all of your answers so that, you know, a nod, for example, cannot be transcribed because it's not audible.

Do you understand that?

A Yes.

Q From time to time during the course of this deposition, your lawyer may make an objection to a question that I ask.

You should allow him to make his objection, and then unless he directs you not to answer, you are required to do so.

Do you understand that?

A Yes.

Q Is there any reason why, because of your health, you are unable to testify today?

A No.

Q Where do you live, Mr. Madoff?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q What's the basis for your assertion of that?

MR. SPADA: The basis is on advice of counsel.

Q Are you in fear of a criminal prosecution?

MR. SPADA: I refuse to allow the witness to answer that because it may result in the disclosure of attorney/client privilege.

Q Are you the target of a grand jury investigation?

MR. SPADA: Same objection, and I refuse -- as we stated in our statement, we've been informed he is the subject of the investigation.

Q Have you ever been deposed before?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness

against myself.

Q Have you ever been a defendant in a civil case?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Are you currently a defendant in any case other than this action?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Have you read the Complaint in this action?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. RICCIO: Would you mark that as P-1?

(Complaint is received and marked as Plaintiffs' Exhibit 1 for Identification.)

Q Mr. Madoff, P-1 for Identification is a copy of the Complaint in this matter, Lautenberg vs Peter Madoff.

I'm going to show you P-1 and ask you to take a look at it and tell me when you've examined it.

(Witness reviewing exhibit.)

Q Have you had an opportunity to look at the Complaint?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Do you feel that you are risking self-incrimination because thirty-seconds ago you leafed through P-1?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. SPADA: Are you asking that he sit here and review the whole Complaint?

MR. RICCIO: No. I asked him to examine

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

it, and he did.

Q Have you ever seen P-1 before today?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Have you discussed the Complaint in this action with anyone other than your lawyers?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Is Shana Madoff your wife?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. RICCIO: Can we mark this as P-2 for Identification?

(Answer of Defendant Peter Madoff is received and marked as Plaintiffs' Exhibit 2 for Identification.)

Q By the way, Shana Madoff is your daughter, correct?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Take a look at P-2 for Identification which is the Answer filed by your lawyers to the Complaint in this action, and please take your time and go through it, okay?

(Witness reviewing exhibit.)

Q And am I correct that this answer was filed on your behalf by your attorney, Mr. Spada?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Is Mr. Spada your attorney?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Did you authorize Mr. Spada to file this Complaint?

MR. SPADA: Objection, calls for attorney/client privilege, and I instruct the witness not to answer.

MR. RICCIO: Let me correct my question to which you objected.

I meant to say "Answer."

Q Did you authorize Mr. Spada to file this Answer on your behalf?

MR. SPADA: Same objection, and I instruct the witness not to answer.

Q Did you review the Answer before it was filed?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Have you ever read the Answer?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Did Mr. Spada file this Answer without showing it to you?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Take a look at paragraph 11 of the Answer, please.

MR. SPADA: I don't think we have it.

(Handing.)

Q Do you have paragraph 11 in front of you?

(Witness reviewing exhibit.)

Q Do you want me to repeat my question?

Do you have paragraph 11 in front of you?

A Yes.

Q Have you read it?

A Yes.

Q Is it accurate?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

against myself.

Q Paragraph 11 states that you're an attorney. Are you an attorney?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Are you 63 years old?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Are you Bernard Madoff's brother?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Did you work at BLMIS from June of 1969 until December 2008?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States

Constitution not to be compelled to be a witness against myself.

Q Are there any documents in the possession of the SIPC Trustee or United States Attorney that you would need to look at in order to determine how old you are?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Are there any documents in the possession of the United States Attorney or the SIPC Trustee that you would need to look at to determine whether you are Bernard Madoff's brother?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Do you deny that between June of 1969 until December 2008 that you worked at BLMIS?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States

Constitution not to be compelled to be a witness against myself.

Q Did you allow a knowingly false answer to be filed with the Court in this matter?

MR. SPADA: Objection.

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Take a look at paragraph 13. Would you read that, please?

(Witness reviewing exhibit.)

Q Have you read it?

A Yes.

Q Would you read it into the record?

MR. SPADA: I'm going to object to having the witness read the document into the record.

MR. RICCIO: Why?

MR. SPADA: I don't understand. You've marked the exhibit.

I'm not going to allow the witness to sit here and read documents when he's asserting his right until he has access to documents.

MR. RICCIO: It's one sentence.

MR. SPADA: Okay, I'm objecting.

Q You can read it into the record.

MR. SPADA: I object and instruct the witness not to read the document into the record. The document is already in the record.

MR. RICCIO: So what's the basis for the direction?

MR. SPADA: The basis is upon advice of counsel he is asserting his rights not to respond to your questions -- not to answer your questions.

We're not going to go through an exercise where you pull out excerpts from documents and ask the witness to read them into the record to try to create the appearance that he's giving some sort of testimony on it.

The document is already in the record. Whatever document you want to enter into the record, you're free to do that, but this is not going to be an exercise in having him read documents into the record.

MR. RICCIO: What I want to understand is, is he not reading it into the record because he's taking the Fifth or because you're directing him not to answer?

MR. SPADA: I'm directing him not to

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Madoff - Direct

22

answer.

MR. RICCIO: And you're directing him not to answer on what basis?

MR. SPADA: The document is already in the record and I don't want you to be able to create the false appearance that you're getting some form of testimony about him when it's clear he's asserting his rights until we get access to the documents.

MR. RICCIO: Our position is that that is not a basis for instructing the witness not to answer.

MR. SPADA: Understood.

BY MR. RICCIO:

Q Well, Mr. Madoff, since you haven't read paragraph 13 into the record, I will.

It says, Defendant admits the allegations in paragraph 13 of the Complaint.

I'm sorry.

"Defendant denies the allegations in paragraph 13 of the Complaint, except admits that during certain years Defendant was responsible for the day-to-day management of the market-making trading desk at BLMIS."

Did I correctly read that statement in

23

the record?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. SPADA: And I'm going to give a belated objection to asking the witness whether you've read something correctly into the record.

Q Were you responsible, during your years of work at BLMIS, for the day-to-day management of the market-making trading desk at BLMIS?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Take a look at paragraph 14 and read that to yourself.

(Witness reviewing exhibit.)

Q Have you read it?

A Yes.

Q Do you understand it?

A Upon the advice of my counsel, I respectfully decline to answer based on my right

24

under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Is there anything in Paragraph 14 that is not true?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q And am I correct that, according to paragraph 14, at various times you were a senior managing director and chief compliance officer of BLMIS?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q And am I correct that at various times your daughter Shana also worked at BLMIS?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness

25

against myself.

Q And am I correct that Shana, at various times, was a compliance attorney at BLMIS?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. RICCIO: Just so that the record is clear, by listening to these invocations of the Fifth Amendment, it's not to be construed as an agreement that the Fifth Amendment has been properly invoked by the witness.

We have a standing objection to his invocation of the Fifth Amendment rather than to object every time he does it.

MR. SPADA: Sure.

MR. RICCIO: Is that understood?

MR. SPADA: Sure. We agree that you're not agreeing to his invocation by necessarily not objecting each time.

MR. RICCIO: Yes. And that we reserve the right to object to his invocation for every invocation that he invokes during the course of this deposition.

7 (Pages 22 to 25)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

26

MR. SPADA: Understood.

BY MR. RICCIO:

Q Would you take a look at P-1, which is the Complaint?

(Witness reviewing exhibit.)

Q Do you have it in front of you?

Look at paragraph 15 of the Complaint and just read it to yourself silently so that you're familiar with it.

(Witness reviewing exhibit.)

Q Have you read it?

A Yes.

Q Okay. Did you understand it?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Now, take a look at P-2, which is your Answer to the Complaint in this matter, and look at paragraph 15 of P-2.

Do you have that in front of you?

A Yes.

Q Have you read it?

27

A Yes.

Q Do you understand it?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Now, paragraph 15 of your Answer admits the allegations in the third, fourth, and fifth sentences of paragraph 15 of the Complaint.

Do you see that?

MR. SPADA: Does he see it in the document?

MR. RICCIO: Yes.

A Yes.

Q Okay. And the third, fourth, and fifth sentences of paragraph 15 of the Complaint begin with the words "Not only was he an attorney..."

Do you see that in the Complaint?

A Yes.

Q And am I correct that you have served as vice chairman of the NASD?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States

28

Constitution not to be compelled to be a witness against myself.

Q Am I correct that you are or have been a member of the NASD Board of Governors?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q What do the letters "NASD" stand for?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Isn't it true that you were the chairman of the New York Region of the NASD?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Isn't it true that in paragraph 15 of your Answer you admitted that you were the chairman of the New York Region of the NASD?

29

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Is your answer in paragraph 15 a lie?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Do you know why your lawyer, who filed the Answer on your behalf, admitted the third, fourth, and fifth sentences of paragraph 15?

MR. SPADA: Objection, and I instruct the witness not to answer to the extent it would reveal attorney/client privilege.

Q Without revealing any attorney/client communication, do you have an understanding why your attorney filed this Answer admitting the third, fourth, and fifth sentences?

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness

8 (Pages 26 to 29)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

against myself.
Q Are there any documents that your attorney referred to -- strike that.
You heard your attorney's opening statement, didn't you?
A Yes.
Q And you heard him talk about the fact that there are documents in the possession of the United States Attorney's office and the SIPC Trustee, correct?
A Yes.
Q And you're concerned that those documents should be reviewed by you before you give testimony today, correct?
A Yes.
Q And you had access to those documents before you left the employ of BLMIS, did you not?
A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.
Q At some point in time after your brother confessed to the Ponzi scheme, you entered the offices of BLMIS and sought to remove some belongings

from that office, isn't that true?
MR. SPADA: Objection to form.
You can respond.
A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.
Q And isn't it true that when you tried to remove some belongings from the office, that you were stopped by the FBI from doing so?
MR. SPADA: Objection to form.
A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.
Q Do you have in your possession any documents that were prepared in the ordinary course of the business of BMIS -- or BLMIS?
A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. SPADA: And belated objection to the form of the question.
Q Take a look at paragraph 48 of your Answer of P-2.
MR. SPADA: Forty-eight?
MR. RICCIO: Yes.
Q Please read it to yourself.
(Witness reviewing exhibit.)
Q Have you read it?
A Yes.
Q Do you understand it?
A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.
Q Paragraph 48 states in relevant part, and I'm quoting, "He had direct and supervisory involvement in the day-to-day operations of the market-making and proprietary trading operations of BLMIS."
Mr. Madoff, did I correctly read those words from paragraph 48 of your Answer?
MR. SPADA: Can we have it read back?
And your question is, did you read what

the Answer says?
MR. RICCIO: Correctly.
MR. SPADA: Correctly. I'm going to object and instruct the witness not to answer.
MR. RICCIO: What's the basis for your --
MR. SPADA: Are you asking did you read what words it says on the page correctly, that those are the exact words --
MR. RICCIO: Right.
MR. SPADA: -- that it says on that page?
MR. RICCIO: Correct.
MR. SPADA: Okay. You can answer that.
Can we have it read -- read the question back or the part being quoted?
(Question read back.)
MR. SPADA: And we understand the question to be, are those the exact words of that portion on the page?
MR. RICCIO: This is the third time, yes.
A Yes.
Q Are those words an accurate description of your involvement at BLMIS as an employee?

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

34

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

MR. RICCIO: So the record is clear, the paragraphs of the Answer that the witness was just questioned about, in our view, opens the door for our ability to question him more specifically about the subject matter of those areas, mainly, his 40 years of employment, as reflected in the Answer to paragraph 11, at BLMIS, as well as his direct and supervisory involvement at that firm.

So, therefore, it's our position specifically that this is an improper invocation of the Fifth Amendment. It's a violation of the Court's order, it's a waiver of the Fifth Amendment, and we reserve our right to move for sanctions.

MR. SPADA: And we would object to that characterization and further state that in our conversation -- first of all, it's clearly not a waiver of the Fifth Amendment.

And secondly, you know that because in all of our discussions you've wanted to take this deposition to force him to assert the Fifth

35

Amendment.

So to now state that there's some sort of waiver is not only inaccurate, but I think it's disingenuous.

MR. RICCIO: So the record is clear, this deposition wasn't taken to force him to take the Fifth Amendment. It was taken to get him to provide answer to the questions I'm asking.

You decided, as his attorney, that you would recommend his invocation of the Fifth Amendment, which is what he's doing, but you cannot suggest that by us taking this deposition it was with the agreement that he would invoke his Fifth Amendment rights.

MR. SPADA: The discussion in front of the Magistrate in which we objected to having him sit for a deposition without the documents was that if he is forced to do so, he will assert his rights.

There was no assertion for you -- by you in front of the Magistrate that he in any way already waived those rights.

So to now be arguing that there was some sort of waiver is belated and I think disingenuous and it's not supported by the law.

36

BY MR. RICCIO:

Q Mr. Madoff, do you understand your obligations to obey court orders?

MR. SPADA: I'm going to instruct the witness not to answer.

We don't even have a court order in front of us, so to vaguely ask him does he understand legal obligations to obey court orders is not a proper question and I'm not going to let him answer.

MR. RICCIO: Just so the record is clear, the Rules of Civil Procedure are pretty specific about what you can direct the witness not to answer, and you've had two or three directions not to answer which are not anywhere, to my knowledge supported by the rules.

You can certainly make your objection, you can spell it out on the record, but it's not a basis for directing him not to answer.

So when we move, and we're obviously going to have to move before the Court for sanctions for disobeying the Court's order, you know, among other things, it's not just the frivolous invocation of the Fifth Amendment, but it's, in addition, the instructions not to answer which are not anywhere supported by the rules.

37

MR. SPADA: Well, since there's not a question pending, now is a good time to take a break.

MR. RICCIO: Okay, fine.

(Recess.)

MR. RICCIO: We're resuming after a ten-minute recess.

In order to expedite this process, it's evident to me that the witness will be taking the Fifth Amendment on essentially every question that I ask.

So I would have no objection, and rather than having him read from the preprinted form that he has, that he simply say "Fifth."

Is that acceptable, Charlie?

MR. SPADA: Either "Fifth Amendment" or "same answer."

MR. RICCIO: Or "same answer," whatever what --

MR. SPADA: Why don't we go with "same answer" if he's invoking the Fifth?

And understood that you're not going to say "same answer" if you've answered "Yes" or "No" to a question.

"Same answer" will refer to the statement "Upon the advice of my counsel, I

10 (Pages 34 to 37)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to a witness against myself."

MR. GREENBERG: Off the record.

(Discussion off the record.)

MR. RICCIO: P-3 for Identification is a copy of Judge Chesler's Opinion.

And then, if you can, mark that one as P-4.

(Opinion is received and marked as Plaintiffs' Exhibit 3 for Identification.)

(Order Amending Opinion is received and marked as Plaintiffs' Exhibit 4 for Identification.)

BY MR. RICCIO:

Q P-4 for Identification is Judge Chesler's November 4, 2009 Order amending his Opinion.

Mr. Madoff, take a look at Exhibits 3 and 4, and I represent to you that they are Judge Chesler's Opinion and Order amending his Opinion.

My question to you is: Have you seen P-3 before today?

(Witness reviewing exhibit.)

MR. SPADA: I also just object to the question to the extent it would reveal attorney/client privilege.

I instruct you not to answer.

MR. RICCIO: Charlie, you can't instruct him not to answer. He can answer by invoking the Fifth Amendment.

MR. SPADA: If it's on something other than counsel showed him, is that your question?

MR. RICCIO: Yes, other than something counsel showed you, yes.

MR. SPADA: You can answer.

A Upon the advice of my counsel, I respectfully decline to answer based on my right under the Fifth Amendment to the United States Constitution not to be compelled to be a witness against myself.

Q Now, we have stipulated that from this point forward, if you intend to invoke your Fifth Amendment privilege, to just say "same answer" to the one you just gave.

Is that understood?

A Yes.

Q Okay. Please turn to page 18 of the Court's Opinion.

A Exhibit 3?

Q Yes.

(Witness reviewing exhibit.)

Q And look at the second paragraph of the Court's Opinion at page 18.

I'm going to read into the record the sentence from the Opinion that I'll have a question about.

The sentence reads, "As discussed by the Court above, the various indicia of wrongdoing and fraud alleged in the Complaint paired with Peter Madoff's responsibilities and role at BMIS constitute strong circumstantial evidence of recklessness by Defendant in his omissions regarding this information."

My question is: Do you dispute Judge Chesler's finding that I just read to you?

MR. SPADA: I'm going to object to the question to the extent it calls for a legal conclusion. I will let the witness respond.

A Same answer.

Q If you turn to page 19 of the Court's Opinion, eight lines from the top, I'm going to read into the record a sentence and ask you whether or not you dispute the accuracy of the Court's finding.

"These allegations give rise to the strong inference that one charged with the responsibility for directing company policies, knowing its financial situation and ensuring legal compliance was aware of the investment advisory operations or would at the very least be reckless in failing to find out."

Do you dispute that finding?

MR. SPADA: I'm going to object to asking the witness for a legal conclusion and also object to any line of questioning based on the Opinion that is trying to trick the witness into somehow waiving his Fifth Amendment rights today, which upon the advice of counsel he is clearly invoking until we get access to the documents.

You can respond.

A Same answer.

Q Mr. Madoff, are you invoking your Fifth Amendment rights provisionally?

MR. SPADA: I'm going to object to form and also object to the extent that he's invoking his rights, as we've stated and he stated, upon the advice of counsel, and I'm going to object to him revealing the substance of that advice.

Q Are you reserving the right to -- strike

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

that.

Are you reserving the right to reverse the position you're taking today?

MR. SPADA: I am going to object to that.

Again, it calls for the advice of counsel, and I'm not going to allow the witness to answer.

Q Mr. Madoff, do you deny having actual knowledge of the Ponzi scheme referred into the Complaint in this matter?

A Same answer.

Q Do you deny that for a period of at least 20 years, you had actual knowledge of the Ponzi scheme referred into the Complaint in this matter?

A Same answer.

Q Do you deny knowingly defrauding the plaintiffs in this matter, to their great loss and detriment, for the entire time that they were BMIS customers?

A Same answer.

Q Do you deny having made material affirmative misrepresentations to the plaintiffs in this matter for the entire time that they were BMIS customers?

A Same answer.

Q Do you deny omitting to disclose material facts to the plaintiffs in this matter, to their great loss and detriment, for the entire time that they were BMIS customers?

A Same answer.

Q Do you deny having a malicious intent to harm the plaintiffs for the entire time that they were BMIS customers?

A Same answer.

Q Do you deny substantially assisting your brother Bernard in stealing money from the plaintiffs during the entire time that they were BMIS customers?

MR. SPADA: Objection to form.

You can respond.

A Same answer.

Q Do you deny being culpably involved and participating in the Ponzi scheme to defraud the plaintiffs?

MR. SPADA: Objection to form.

You can respond.

A Same answer.

Q Do you deny personally stealing more than $60 million from BMIS investors as a result of the Ponzi scheme referred to in the Complaint?

MR. SPADA: Objection to form. You can respond.

A Same answer.

Q Do you deny that Plaintiffs relied upon your integrity, your trust, your knowledge, your skill and training in make investments in BMIS?

MR. SPADA: Objection to form.

You can respond.

A Same answer.

Q Do you deny that Plaintiffs relied upon your ethics in making their investment in BMIS?

MR. SPADA: Objection to form.

You can answer.

A Same answer.

Q What are your ethics as a businessman?

MR. SPADA: Objection to form.

You can respond.

A Same answer.

Q Do you believe you have ethics?

MR. SPADA: Objection to form.

You can respond.

A Same answer.

Q Do you -- strike that.

Do you deny that you had a fiduciary relationship between yourself personally and

Plaintiffs?

A Same answer.

Q Did you deny that because you had a fiduciary relationship directly with Plaintiffs, that you owed them duties of care and loyalty?

A Same answer.

Q Do you deny that during the entire time Plaintiffs were investors at BMIS, that you breached your duty of loyalty to them?

A Same answer.

Q Do you deny that during the entire period of time that Plaintiffs were customers at BMIS, that you were grossly negligent in protecting their investment?

A Same answer.

Q Do you deny that for the period of time that Plaintiffs were customers in BMIS, that you were negligent in protecting their investments?

A Same answer.

Q Do you deny attempting to secretly remove documents from BMIS' offices after law enforcement personnel ordered the offices locked down?

MR. SPADA: Objection to form.

You can respond.

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

A Same answer.
Q Did you have a conversation with your brother in December 2008 about redemption of -- strike that.
Do you deny that in January of 2008, that you traveled to Switzerland with your brother Bernard -- strike that.
Do you deny that in 2004, you took a ski trip with your brother Bernard to discuss continuation of the Ponzi scheme?
MR. SPADA: Objection to form.
You can respond.
A Same answer.
Q Did you take a ski trip with your brother in 2004 to Switzerland?
A Same answer.
Q Do you deny that on January 1, 2008, that you and other members of your family, at a restaurant in Palm Beach, discussed and formulated a plan for the continuation of the Ponzi scheme?
A Same answer.
Q Do you deny having -- strike that.
Have you ever been to a restaurant by the name of "Bistro Chez Jean Pierre" in Palm Beach?
A Same answer.

Q Mr. Madoff, if I asked you questions about your history of any prior depositions, is it your intention to invoke the Fifth Amendment?
A Same answer.
MR. RICCIO: Can we have a stipulation that if asked questions about his history of prior depositions, that as to all of those questions he will invoke the Fifth Amendment?
MR. SPADA: That would certainly be our advice, and I think he's already stated that earlier on the record.
MR. RICCIO: Do I need to go through the questions?
MR. SPADA: You do not.
MR. RICCIO: So we are operating, then, on the premise that any questions pertaining to his history of prior depositions will be answered by him invoking the Fifth Amendment?
MR. SPADA: That would be my advice.
And would you follow my advice on that?
THE WITNESS: Yes.

BY MR. RICCIO:
Q If asked questions about your history of having given testimony in court cases, am I correct

that you will be invoking your Fifth Amendment privilege with respect to all of those questions?
A Yes.
Q With respect to your preparation for depositions -- strike that.
With respect to your preparation for this deposition, am I correct that you will be invoking your Fifth Amendment privilege with respect to every question asked about your preparation?
MR. SPADA: I would object also to the extent it calls for attorney/client privilege, which he's not obligated to reveal.
A Yes.
Q With respect to any other cases in which you are a party, whether they be civil, criminal, quasi-criminal or regulatory, am I correct that your answer to any questions regarding the subject matter of cases in which you are a party, that you will invoke your Fifth Amendment privilege with respect to every such question?
MR. SPADA: Objection to form.
You can respond.
A Yes.
Q Other than your lawyers, have you discussed this lawsuit with any other person?

A Same answer.
Q Have you discussed this lawsuit with any representatives of the United States Attorney's office?
A Same answer.
Q Are you the subject of a grand jury investigation?
MR. SPADA: I'm going to object to the extent it would call for attorney/client privilege.
And as I stated on the record, defense counsel has been informed by the U.S. Attorney's office for the Southern District of New York that he is a subject of their investigation.
MR. RICCIO: Is he a target of the investigation, I'm asking the witness.
MR. SPADA: To the extent it would call for the disclosure of attorney/client privilege, I would instruct you not to answer.
Q Without divulging any communication that your attorney may have given to you about your status as a target of a criminal investigation, is it your understanding that you are a target of a criminal investigation?
A Same answer.
Q Are you in fear of criminal prosecution?

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Madoff Direct

50

A Same answer.

MR. SPADA: And objection to the extent it would call for the disclosure of attorney/client privilege.

Q Are there any documents that are in the possession of the United States Attorney's office or the SIPC Trustee that you believe will assist you to answer the questions that I'm asking of you without invocation of the Fifth Amendment privilege?

MR. SPADA: I'm going to object to the question.

As we've clearly stated before the Magistrate and today, it's our position we are entitled to the BLMIS documents before the witness has to respond to whether documents would -- whether he would testify about such matters.

MR. RICCIO: So am I correct in understanding that that's the basis for the invocation of the Fifth Amendment?

MR. SPADA: Among other things, yes.

MR. RICCIO: What are the other things?

MR. SPADA: Can I have the question read back?

(Question read back.)

A Same answer.

51

Q Have you had any conversations with anyone from the SEC regarding this case?

A Same answer.

Q Is your son-in-law an employee of the SEC?

A Same answer.

Q Is your son-in-law a former employee of the SEC?

A Same answer.

Q Have you had any conversations with the SIPC Trustee regarding the subject matter of this action?

A Same answer.

Q Now, Mr. Madoff, I'm going to ask you about your personal background.

First, how old are you?

MR. SPADA: Asked and answered.

You can respond.

A Same answer.

Q Where did you go to high school?

A Same answer.

Q Did you go to high school?

A Same answer.

Q Did you go to grammar school?

A Same answer.

52

Q Did you go to college?

A Same answer.

Q Did you go to law school?

A Same answer.

Q Did you ever go to school?

A Same answer.

Q Did you ever have a job in your life?

A Same answer.

Q When you were a teenager, did you have a job as a lifeguard?

A Same answer.

Q Did your brother have a job as a lifeguard?

A Same answer.

Q When was the last time you talked to Bernard Madoff?

A Same answer.

Q Did you ever talk to him in your entire life?

A Same answer.

Q Do you need documents to assist you to decide whether or not you can answer the question as to whether you ever spoke to your brother in your entire life?

MR. SPADA: Objection. You can respond.

53

A Same answer.

Q Is it fair to say that any questions I ask about any past employment will result in an invocation of your Fifth Amendment privilege?

A Same answer, yes.

Q Mr. Madoff, I have a series of questions for you regarding your involvement with various industry groups such as the NASD, the NASDAQ, the FINRA, the Securities Traders Association of New York, the Depository Trust & Clearing Corp., the Securities Industry Financial Markets Association, and am I correct that if I ask you any questions about any of those groups that you will invoke your Fifth Amendment privilege with respect to each and every such question?

A Yes.

Q Why?

MR. SPADA: Objection, calls for legal advice and I instruct the witness not to answer.

Q Do you remember -- is there something wrong with your memory?

MR. SPADA: Objection.

Q Do you recall -- I'll strike the question.

Do you recall at the outset of this

14 (Pages 50 to 53)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

deposition I asked you if you had a mental or health problem that prevented you from giving testimony today, and I think you said "No"?

MR. SPADA: He responded to that.

Q You responded to that.

So what I'm asking you is: With respect to the organizations such as NASDAQ, N-A-S-D-A-Q, is there anything wrong with your memory for you to determine whether or not you ever held a position with that group?

MR. SPADA: I'm going to object to that question. He's been advised not to answer. He's accepting that advice.

It's not appropriate to ask him other than what you've asked him up front about his memory.

MR. RICCIO: Well, is it a direction not to answer or an invocation of the Fifth?

MR. SPADA: Well, he's already answered it, is there anything wrong with his memory today that can keep him from testifying.

MR. RICCIO: So the answer is --

MR. SPADA: The answer is there's nothing wrong with his memory. He responded.

BY MR. RICCIO:

Q So you don't have a memory lapse with respect to your involvement with NASDAQ, do you?

MR. SPADA: Objection to form.

A Same answer.

Q And am I correct that no -- strike that.

Am I correct that you do not need documents to refresh your recollection as to whether or not you were formally involved with NASDAQ?

MR. SPADA: Objection to form.

A Same answer.

Q Am I correct that you don't need documents to refresh your recollection as to whether or not you have previously given depositions?

MR. SPADA: Objection to form.

A Same answer.

Q Am I correct that you do not need documents to refresh your recollection as to whether or not you ever testified in another court proceeding?

MR. SPADA: Objection to form.

A Same answer.

Q Am I correct that you do not need documents to refresh your recollection as to whether or not you -- as to what you did to prepare for this

deposition?

MR. SPADA: Objection to form, and it's an inappropriate question and calls for legal advice.

A Same answer.

Q Am I correct that you do not need documents to refresh your recollection as to whether or not you were ever a party in a prior litigation?

A Same answer.

Q Am I correct that you do not need documents to refresh your recollection as to whether or not you had conversations with the following persons or entities: The United States Attorney's office, the SEC, or the SIPC Trustee?

MR. SPADA: Objection to form.

A Same answer.

Q Am I correct that you do not need documents to refresh your recollection as to whether you ever went to school in your entire life?

MR. SPADA: Objection to form.

A Same answer.

Q Am I correct that you do not need documents to refresh your recollection as to whether or not you ever had a job in your entire life?

MR. SPADA: Objection to form.

A Same answer.

Q Do you hold any professional licenses?

A Same answer.

Q Am I correct that you will invoke the Fifth Amendment with respect to any questions I might have regarding professional licenses you may hold, such as a license as an attorney, a Series 1 License, a Series 7 License, or a Series 55 License or other professional licenses?

MR. SPADA: Objection to form.

A Same answer.

Q Have you authored any publications?

A Same answer.

Q Do you need documents to refresh your recollection as to whether or not you authored anything?

MR. SPADA: Objection to form.

A Same answer.

Q Have you ever written anything in your entire life?

MR. SPADA: Objection to form.

A Same answer.

Q Have you ever given a lecture in your life?

A Same answer.

MR. SPADA: Objection to form.

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Madoff Direct

58

Q Have you ever gotten an award in your life?

MR. SPADA: Objection to form.

A Same answer.

Q Have you ever received an honor?

MR. SPADA: Objection to form.

A Same answer.

Q Have you ever served as a member of any board of directors?

MR. SPADA: Objection to form.

A Same answer.

Q Now, according to your Answer, you worked at BMIS for about 40 years, is that correct?

A Same answer.

Q So would it be fair to say that having worked at a place for about 40 years, that you would have an understanding of the basic structure of the enterprise at which you were working?

MR. SPADA: Objection to form.

A Same answer.

Q And is BMIS an LLC?

MR. SPADA: Objection to form.

A Same answer.

Q Who owns BMIS?

A Same answer.

59

Q Are you a remember of BMIS?

MR. SPADA: Objection to form.

A Same answer.

Q Is BMIS an LLC?

A Same answer.

Q Your Answer says that BMIS had offices on the 17-19 floors of a building located at 885 Third Avenue in New York City, is that correct?

A Same answer.

Q Is it correct that that's what your Answer says? Look at paragraph 7.

A Which document are you talking about?

Q This will be P-2.

(Witness reviewing exhibit.)

MR. SPADA: Which paragraph?

MR. RICCIO: The seventh.

MR. SPADA: You're asking him -- what's the question?

MR. RICCIO: Can we have it back?

(Record read.)

A Same answer.

(Court reporter clarification.)

MR. SPADA: Anywhere on the record where you've heard "BLMIS," "BMIS" or "Madoff Securities", I think both parties understand refers to Bernard L.

60

Madoff Securities.

MR. RICCIO: Bernard L. Madoff Investment Securities.

MR. SPADA: Investment Securities, right.

MR. RICCIO: We're using the terms interchangeably.

BY MR. RICCIO:

Q So am I correct that if I were to ask you questions about the structure of BLMIS, and by "structure" I mean the form of the entity, the owners of the entity, the various functions of the entity, the employees of the entity, the business of the entity, that you would invoke the Fifth Amendment with respect to all of those areas?

MR. SPADA: Objection to form. You can respond.

A Same answer.

Q "Same answer" meaning you will invoke the Fifth Amendment as to all of those areas, correct?

A Yes.

Q There was a Mr. DePascale who worked at BLMIS. Do you recognize that name?

61

A Same answer.

Q Have you ever seen that person in your life?

A Same answer.

Q Did you ever speak to him?

A Same answer.

Q Do you know where he is now?

A Same answer.

Q Where is your brother now?

A Same answer.

MR. SPADA: I'll note for the record that's a matter of public record where Bernard L. Madoff is.

MR. RICCIO: That's why I raise it because how can he invoke the Fifth Amendment with respect to something that's a matter of public record?

MR. SPADA: It's matter of public record. If the witness is invoking his rights, that's his right to do so.

And to sit here and get into an argument, then you're going to argue whether he waived his rights or not.

MR. RICCIO: No, I don't want to get into an argument, but the Fifth Amendment, like all

16 (Pages 58 to 61)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Madoff, Peter

62

constitutional rights, is not absolute, is not absolute.

And there's no such thing as a blanket invocation of the Fifth Amendment, which is what we're experiencing here today.

It's inappropriate.

MR. SPADA: He's responding to each of your questions.

And if you're saying things wouldn't be a waiver then, you know, you can tell me which questions you want to ask and agree it wouldn't be a waiver of his rights, and then he can make his decision.

Q Well, it's not waiving your right if you tell me whether or not you know Mr. DePascale.

MR. SPADA: I'm going to object and instruct the witness not to answer.

You know, you're trying to trick the witness with a question like that.

MR. RICCIO: Charlie, you know what, I'm not trying to trick the witness.

I'm trying to take a deposition that the Court has allowed us to take.

The questions I'm asking are not mystifying. They're very open questions. I'm

63

honestly asking them in good faith. This is not an effort to trick the witness.

What the consequences are, the consequences are.

MR. SPADA: That's correct.

MR. RICCIO: He will determine what those consequences are, not me.

Can we take a five-minute break?

MR. SPADA: Sure.

(Recess.)

(Documents Re: Lautenberg Family Foundation/Joshua Lautenberg are received and marked as Plaintiffs' Exhibit 5 for Identification.)

BY MR. RICCIO:

Q Mr. Madoff, take a look at Plaintiffs' Exhibit P-5 which are --

A I don't have it yet.

Q I'm going to show it to you.

-- which are documents related to the Lautenberg Family Foundation and Joshua Lautenberg.

Would you take a look at those, please?

MR. SPADA: For the record, this is Plaintiffs' Exhibit 5.

(Witness reviewing exhibit.)

64

Q Have you looked at the documents?

A Yes.

Q Do you recognize those documents as being documents prepared by BLMIS?

A Same answer.

Q Can we agree that your brother has admitted that for a period of time of 20 years, during the operation of a Ponzi scheme by BLMIS, that no trades were done for any customer?

A Same answer.

Q Can we agree that during a period of 20 years that BLMIS operated a Ponzi scheme and you were a senior managing director and chief of compliance for that firm?

MR. SPADA: Objection to form.

You can respond.

A Same answer.

Q Do you deny that all of the statements issued to the Plaintiffs by BLMIS were mailed to the Plaintiffs in Cliffside Park, New Jersey?

A Same answer.

Q Do you deny that you went to the State of New Jersey in your capacity as an employee of BLMIS?

A Same answer.

65

Q Do you deny that BLMIS advertised in New Jersey?

A Same answer.

Q Do you deny that BLMIS had regular and continuous contacts with the State of New Jersey?

A Same answer.

MR. SPADA: I'm just going to note for the record, going back to one of your earlier questions about these being mailed, Plaintiffs' Exhibit 5 being mailed to the Plaintiffs, two of the pages, the last two pages of Plaintiffs' Exhibit 5, indicate that they're being mailed to Frank R. Lautenberg, who is not listed as a Plaintiff in the case.

Q Is what your lawyer just said correct?

MR. SPADA: Is it correct that that is what Plaintiffs' Exhibit 5 says?

MR. RICCIO: No. I'm asking the witness whether he agrees with what you just said because you're not the witness, he's the witness.

MR. SPADA: I'm just correcting what was a mischaracterization on the record about who it says it was mailed to.

MR. RICCIO: Well, he can correct that.

MR. SPADA: You're asking is that what

17 (Pages 62 to 65)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

this document says?

MR. RICCIO: I'm asking the witness a question.

With all due respect, I'm not asking you to give the answer. I'm asking the witness to give the answer.

MR. SPADA: And your question is what?

MR. RICCIO: Can you read it back?

(The following question is read back: "Do you deny that all of the statements issued to the Plaintiffs by BLMIS were mailed to the Plaintiffs in Cliffside Park, New Jersey?)"

MR. SPADA: Objection, you can respond.

A Same answer.

Q Do you deny that BLMIS had a significant number of investors who were domiciled in New Jersey?

A Same answer.

Q Do you deny that BLMIS had a significant business interest in New Jersey?

A Same answer.

Q Do you deny that BLMIS submitted false and fraudulent records to investors of BLMIS domiciled in New Jersey?

A Same answer.

MR. SPADA: Can we go off the record a second?

MR. RICCIO: Yes.

(Discussion off the record.)

MR. RICCIO: By stipulation, we're going to redact from Exhibit P-5 confidential information such as the taxpayer identification number that's listed on these statements.

MR. SPADA: I would propose, I guess, rather than redact it, that, you know, it's anticipated we'll get a Confidentiality Order and that we request that that get confidential treatment.

We can agree, as is stipulated, after the deposition for treatment of that material.

MR. RICCIO: Well, we're still working on a Confidentiality Order, but for the purposes of today, P-5 is considered to be a confidential document at least as it relates to the taxpayer identification number.

BY MR. RICCIO:

Q Am I correct that the investment advisory arm of BLMIS was located on the 17th floor of the firm's offices?

A Same answer.

Q If I ask you any questions about the activities on the 17th floor of BLMIS, am I correct that you will invoke your Fifth Amendment privilege?

A Yes.

Q Did you ever visit, at any time in your entire life, the 17th floor of the office building occupied by BLMIS during the course of your employment there?

A Same answer.

Q Was BLMIS registered as an investment advisor?

A Same answer.

MR. RICCIO: Can I see the Complaint, please? I guess it's P-1.

(Handing.)

Q Take a look at Exhibit A to P-1. Would you do that, please?

(Witness reviewing exhibit.)

Q What is that document?

A Same answer.

Q Did you prepare Exhibit A to P-1?

A Same answer.

Q Does Exhibit A to P-1 contain any statements by you?

A Same answer.

Q Did you intend Exhibit A to P-1 to be a promotional piece utilized by BLMIS?

MR. SPADA: Objection to form.

A Same answer.

Q Did you intend Exhibit A to P-1 to be a materially false and misleading statement to be relied upon by Plaintiffs?

MR. SPADA: Objection to form.

A Same answer.

Q Did you intend for Exhibit A to P-1 to contain material omissions of fact for the purpose of deceiving Plaintiffs to invest in BLMIS?

MR. SPADA: Objection to form.

A Same answer.

Q Take a look at Exhibit B to P-1.

(Witness reviewing exhibit.)

Q Have you ever seen that document before?

A Same answer.

MR. RICCIO: For the record, Exhibit B is a copy of the Complaint filed against Bernard Madoff on December 11, 2008.

Q Take a look at P-2, which is the Answer to the Complaint, your Answer to this Complaint, specifically paragraph 26.

Do you have that, paragraph 26?

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

70

(Witness reviewing exhibit.)
Q Okay. Do you have that paragraph in front of you?
A Yes.
Q And I'm going to read a portion of that paragraph.
"On or about December 9, 2008, Bernard L. Madoff informed Defendant that there had been requests from clients for redemptions, and that Bernard L. Madoff was unable to meet those obligations."
Is that a correct statement of what your brother said to you on or about December 9, 2008?
A Same answer.
Q Did you talk to your brother on December 9, 2008 about redemptions?
A Same answer.
Q Am I correct that you were not surprised when your brother confessed to operating a Ponzi scheme?
A Same answer.
Q And am I correct that the reason you were not surprised that your brother confessed to operating a Ponzi scheme is because you knew all about it?

71

A Same answer.
Q Take a look at Exhibit C to P-1 which, for the record, is a Form ADV.
(Witness reviewing exhibit.)
Q Have you had a chance to go through the document?
A Yes.
Q Have you ever seen the document before?
A Same answer.
Q Am I correct that you prepared the document?
A Same answer.
MR. SPADA: And just for clarification, by "same answer" he's invoking his rights under the Fifth Amendment on the advice of counsel.
MR. RICCIO: He doesn't mean "Yes"?
MR. SPADA: Correct.
Q Am I correct that you prepared this document?
A Same answer.
Q Am I correct that you do not deny that you prepared this document?
A Same answer.
Q Am I correct that this document lists you as a control person of BLMIS?

72

A Same answer.
Q Am I correct that you were, in fact, a control person of BLMIS?
A Same answer.
Q Am I correct that this document lists you as a director of trading/chief compliance officer?
A Same answer.
Q And am I correct that that is an accurate description of your job at BLMIS from June of 1969 through December of 2008?
A Same answer.
Q And am I correct that you do not deny -- strike that.
Who was the accountant for BLMIS?
A Same answer.
Q Did you ever hear of a person by the name of David Freighling, F-r-e-i-g-h-l-i-n-g?
A Same answer.
Q Am I correct that you knew that David Freighling was the accountant for BLMIS?
A Same answer.
Q Am I correct that Mr. Freighling has pleaded guilty to perpetrating a fraud?
A Same answer.

73

Q Am I correct that Mr. Freighling had his offices in a strip mall?
A Same answer.
Q Am I correct that for the period of time that Mr. Freighling was the accountant for BLMIS, that you worked with him in providing him with financial information about BLMIS?
A Same answer.
Q Am I correct that the audits performed by David Freighling were fraudulent?
A Same answer.
Q Am I correct that when Mr. Freighling prepared fraudulent audits, you knew those audits were fraudulent?
A Same answer.
Q And is it fair to say that if I ask you any further questions about Mr. Freighling or the accounting functions performed by him, you will invoke your Fifth Amendment privilege?
A Yes.
Q Do you understand that every time you invoke your Fifth Amendment privilege here today that it allows for the Court to make an adverse inference against your interest in this litigation?
MR. SPADA: I'm going to object to the

19 (Pages 70 to 73)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

form of the question to the extent it calls for legal advice or legal discussions between witness and counsel and is not an appropriate question.
I direct you not to answer.
Q Mr. Madoff, you do not deny -- strike that.
Do you deny that you were solely responsible for the management and policies of BLMIS during the course of your employment there?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you do not deny that you verified the financial condition of BLMIS on a regular basis?
A Same answer.
Q Am I correct that BLMIS maintained two sets of books?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you knew that BLMIS maintained two sets of books?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that the reason BLMIS maintained two sets of books was to defraud the

investors and the regulators?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that in your employment at BLMIS that you did not establish a compliance program of internal controls?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that the reason you did not establish a compliance program of internal controls was so that the Ponzi scheme would go undetected?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you did not implement, even if you established a compliance program of internal controls?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you did not monitor a compliance program of internal controls even if you had established one?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you did not enforce a compliance program of internal controls even if you

had established one?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you did absolutely nothing to prevent -- strike that.
Am I correct that you did absolutely nothing to detect any violations of the securities laws at BLMIS during the course of your entire employment at that firm?
MR. SPADA: Objection to form.
A Same answer.
Q Are you aware that the SEC promulgated a report of an investigation into the failure of the SEC to uncover the Ponzi scheme at BLMIS?
A Same answer.
MR. SPADA: Could we go off the record one second?
MR. RICCIO: Yes.
(Discussion off the record.)
(Recess.)

BY MR. RICCIO:
Q Am I correct that in 1992, a complaint was made regarding the business practices of BLMIS?
MR. SPADA: Objection to form.

A Same answer.
Q Am I correct that the SEC suspected that BLMIS, in 1992, was operating a Ponzi scheme?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you and your brother intentionally concealed from the SEC information that would allow them to have uncovered the Ponzi scheme in 1992?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that in May of 2000, in March of 2001, and in October of 2005, that a person named Harry Markopolos, M-a-r-k-o-p-o-l-o-s, complained to the SEC that BLMIS was the world's largest hedge fund -- strike that.
Strike the whole question.
Do you know a person named Harry Markopolos?
A Same answer.
Q Am I correct that in May 2000, March 2001, and October 2005, Mr. Markopolos made a complaint -- made complaints to the SEC about the lawfulness of the business operations of BLMIS?
A Same answer.

78

Q Am I correct that in his complaints he detailed approximately 30 red flags indicating that BLMIS was operating a Ponzi scheme?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you were aware of Mr. Markopolos' complaints?
A Same answer.
Q Am I correct that you, in conjunction with your brother, intentionally hid from the SEC evidence that would have uncovered the Ponzi scheme at the time of Mr. Markopolos' complaints?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you were aware of the 30 red flags identified by Mr. Markopolos?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you consciously avoided doing anything about those red flags?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that in May of 2003, a hedge fund manager complained to the SEC about the business practices of BLMIS?

79

MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you were aware of that complaint?
A Same answer.
Q Am I correct that you intentionally hid from the SEC evidence that would have caused the SEC, in May of 2003, to uncover the BLMIS Ponzi scheme?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that there were, according to the SEC's investigation of itself, as many as six separate complaints filed with the SEC about BLMIS and its business practices?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that had you not knowingly cooperated with your brother in concealing the information from the SEC, that as early as 1992 the SEC would have discovered that BLMIS was a massive Ponzi scheme?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you, by virtue of your control of BLMIS, perpetuated the Ponzi scheme for at

80

least 20 years?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you perpetuated the scheme knowingly, willfully, and wantonly?
MR. SPADA: Objection to form.
A Same answer.
Q Did you ever hear of a firm by the name of Avellino, A-v-e-l-l-i-n-o, and Bienes, B-i-e-n-e-s?
A Same answer.
Q Am I correct that BLMIS, through yourself and your brother, used Avellino & Bienes to defraud customers?
MR. SPADA: Objection to form.
A Same answer.
Q Mr. Madoff, take a look at Exhibit D to the Complaint.
MR. SPADA: That's the document that's entitled "The World's Largest Hedge Fund is a Fraud" dated November 7, 2005?
MR. RICCIO: That's it.
(Witness reviewing exhibit.)
Q Am I correct, Mr. Madoff, that the investors in BLMIS personally relied on you to

81

operate BLMIS in an honest and ethical, law-abiding manner?
MR. SPADA: Objection to form.
A Same answer.
Q And am I correct that you, in your capacity as a control person of BLMIS, breached that reliance on you by the investors because you did not operate BLMIS in an honest, ethical, law-abiding manner?
MR. SPADA: Objection to form.
A Same answer.
(Article by Michael Ocrant, May 2001, is received and marked as Plaintiffs' Exhibit 6 for Identification.)
(Article by Erin Arvedlund, 5/7/01, is received and marked as Plaintiffs' Exhibit 7 for Identification.)
Q Take a look at Exhibit D to the Complaint.
That's a document that was filed with the SEC by Mr. Markopolos, to my understanding.
MR. SPADA: I'll object to the characterization. It is what it is.
MR. RICCIO: Can't we stipulate that that's an accurate statement of what the document is?

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

82

MR. SPADA: I don't know that he filed it with the SEC.
MR. RICCIO: Sent it.
MR. SPADA: Submit, maybe.
MR. RICCIO: Sent to it to the SEC.
MR. SPADA: I mean, I don't know that to be a fact, but you can...
Q Do you recognize the document, Mr. Madoff?
A Same answer.
Q Am I correct that you were aware of Mr. Markopolos' complaint to the SEC as reflected in Exhibit D to the Complaint?
A Same answer.
Q Am I correct that you knowingly ignored Mr. Markopolos' complaint?
A Same answer.
Q Am I correct that the reason you knowingly ignored Mr. Markopolos' complaint is because you knew that BLMIS was operating a Ponzi scheme?
A Same answer.
Q And am I correct that you knew that Mr. Markopolos was correct in the allegations he was making to the SEC?

83

MR. SPADA: Objection to form.
A Same answer.
Q Take a look at P-6 and P-7.
MR. SPADA: Has the court reporter marked these?
MR. RICCIO: Yes, they've been marked.
(Witness reviewing exhibits.)
Q All right. You've taken a look at Exhibits P-6 and P-7, correct?
A Yes.
Q And am I correct that P-6 is an article written by Michael Ocrant, O-c-r-a-n-t?
MR. SPADA: Objection to form.
A Same answer.
Q And this was published in May of 2001?
MR. SPADA: Objection to form.
A Same answer.
Q And P-7 is an article written by Erin Arvedlund, A-r-v-e-d-l-u-n-d?
MR. SPADA: Objection to form.
A Same answer.
Q And this was written, am I correct, on May 7, 2001?
MR. SPADA: Objection to form.
A Same answer.

84

Q You saw both P-6 and P-7 at or about the time they appeared in public print, did you not?
A Same answer.
Q And am I correct that the suggestions and observations contained in P-6 and P-7 about the integrity and the honestness and the law -- strike that -- about the integrity, honesty and law-abiding nature of BLMIS were accurate?
MR. SPADA: Objection to form.
A Same answer.
Q And am I correct that you discussed both of these articles with your brother Bernard?
MR. SPADA: Objection to form.
A Same answer.
Q And am I correct that the reason you discussed them with your brother Bernard was because it concerned you that the Ponzi scheme was going to be detected?
MR. SPADA: Objection to form.
A Same answer.
Q And, in fact, both you and your brother Bernard took steps to make sure that the information contained in these articles, P-6 and P-7, did not uncover the Ponzi scheme?
MR. SPADA: Objection to form.

85

A Same answer.
Q Mr. Madoff, do you deny that it was your responsibility to file reports with the SEC regarding the business practices of BLMIS?
A Same answer.
Q And am I correct that you knowingly and intentionally filed false documents with the SEC regarding BLMIS' business practices?
A Same answer.
Q And am I correct that you knowingly and intentionally filed false documents with the SEC in order to materially mislead the SEC and the public regarding the financial condition and business operations of BLMIS?
A Same answer.
Q Am I correct that you knowingly and intentionally cooperated with David Freighling, BLMIS' accountant, in submitting materially false and misleading information to the SEC?
MR. SPADA: Objection to form.
A Same answer.
Q Based on your knowledge, training, and experience, have you ever heard of the term "internal controls"?
A Same answer.

22 (Pages 82 to 85)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

86

Q Am I correct that while you were employed by BLMIS in your capacity as head of compliance and as a control person, that you never established any internal controls or internal compliance programs at BLMIS?
A Same answer.
Q Have you ever heard of the term "internal risk management controls"?
A Same answer.
Q Am I correct that during the course of your employment at BLMIS and in your capacity as head of the compliance and as a control person, that you never instituted any internal risk management controls at BLMIS?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that in your capacity as head of compliance and as a control person of BLMIS, that you did not communicate at any time with department managers on a daily basis, on a monthly basis, or on a yearly basis to ensure that proper compliance procedures were being followed?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that BLMIS never had an audit committee?

87

MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that the reason there was no audit committee was to make sure that the Ponzi scheme was not uncovered?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that BLMIS never had an investment advisory manual?
MR. SPADA: Objection to form.
A Same answer.
Q And am I correct that the reason BLMIS never had an investment advisory manual was to conceal the Ponzi scheme?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that BLMIS was reviewed in 2007 pursuant to the Investment Advisory Act?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that in connection with the 2007 annual review of BLMIS under the Investment Advisory Act, that you provided materially false and misleading statements to the reviewers?

88

MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that BLMIS did not have an anti-money laundering compliance program?
A Same answer.
Q Am I correct that the reason that BLMIS did not have an anti-money laundering compliance program was in order to conceal the Ponzi scheme?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that BLMIS, with the cooperation of yourself and your brother, engaged in money laundering?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that the money laundering involved BLMIS affiliates in Europe?
MR. SPADA: Objection to form.
A Same answer.
Q Take a look at the Complaint again, P-1.
(Witness reviewing exhibit.)
Q Would you take a look at paragraph 32 -- well, strike that -- paragraphs 31 through and including 35 -- through and including 34 of P-1?
(Witness reviewing exhibit.)

89

A Yes.
Q Am I correct that every allegation contained in paragraphs 31 through and including 34 of the Complaint, P-1, is true and correct in every respect?
A Same answer.
Q Am I correct that every allegation contained in P-1, from the beginning of the Complaint to the end of the Complaint, is true and correct in every material respect?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you admit the allegations contained in P-1?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that the denials in your Answer, which is P-2, are not true and correct?
MR. SPADA: Objection to form.
A Same answer.
Q Did you have an account at BLMIS in your own name?
A Same answer.
Q Am I correct that during the period of time that you had an account at BLMIS, that you

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

Madoff Direct

90

redeemed from your investment over $16 million?
A Same answer.
Q Am I correct that in May of 2002 you redeemed nearly $6 million?
A Same answer.
Q Am I correct that you redeemed approximately $6.9 million between April 2003 and May of 2005?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that you redeemed over $3 million between September 2005 and April 2006?
MR. SPADA: Objection to form.
A Same answer.
Q Am I correct that the total amount of your investments in these accounts, which produced over $16 million in returns, was $32,000?
MR. SPADA: Objection to form.
A Same answer.
Q Do you consider an investment of $32,000 which produces a $16 million return a good investment?
MR. SPADA: Objection to form.
A Same answer.
Q Did you know that the $16 million that

91

you received from your investment at BLMIS came from other BLMIS investors?
MR. SPADA: Objection to form.
A Same answer.
Q Did you know that some of the BLMIS investors whose money you were taking as a redemption were charities?
MR. SPADA: Objection to form.
A Same answer.
Q And hospitals?
MR. SPADA: Objection to form.
A Same answer.
Q And pensions?
MR. SPADA: Objection to form.
A Same answer.
Q Do you regret having taken that money?
MR. SPADA: Objection to form.
A Same answer.
Q Do you now know that the money that you took was, in fact, money that belonged to charities, pensions, hospitals, and the like?
MR. SPADA: Objection to form.
A Same answer.
Q Do you know that your brother admitted that fact?

92

MR. SPADA: Objection.
A Same answer.
Q Have you offered to return any of that money?
MR. SPADA: Objection to form.
A Same answer.
MR. RICCIO: Do you want to just give us five minutes?
MR. SPADA: Sure.
(Recess.)
MR. RICCIO: Okay, just a few more questions.

BY MR. RICCIO:
Q Mr. Madoff, do you admit that had you not invoked your Fifth Amendment privilege today, that you have sufficient personal knowledge to answer all the questions that I've posed to you?
MR. SPADA: Objection to form.
A Same answer.
Q And the "same answer" is the Fifth Amendment, correct, the "same answer" as what you read earlier?
A Exactly, yes.
Q And do you admit that you had sufficient

93

personal knowledge to answer all of the questions I've posed to you today and did not need access to any of the documents in the possession of the United States Attorney's office, the SIPC Trustee, or any other person?
MR. SPADA: Objection to form.
A Same answer.
MR. RICCIO: I have no further questions at this time.
MR. SPADA: Thanks.
(Deposition concluded 1:40 p.m.)
(Exhibits retained by court reporter.)

24 (Pages 90 to 93)

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

CERTIFICATE

I CERTIFY that the foregoing is a true and accurate transcript of the testimony as taken by and before me stenographically at the time and place aforementioned.

I FURTHER CERTIFY that I am neither attorney for nor counsel to any of the parties; parties of any of the attorneys in this action; and that I am not financially interested in the outcome of this case.

______________________________

SUSAN GIOFFRE, CCR
License No. XI001220
Notary Public of the State of New Jersey

My Commission Expires:
March 30, 2010

I have read the foregoing transcript and certify that it is a true and accurate transcript of my testimony in the above-captioned matter.

______________________________

PETER MADOFF

Subscribed and sworn to before me this ____ day of _____, 2009

______________________________

A Notary Public

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

C E R T I F I C A T E

I CERTIFY that the foregoing is a true and accurate transcript of the testimony as taken by and before me stenographically at the time and place aforementioned.

I FURTHER CERTIFY that I am neither attorney for nor counsel to any of the parties; parties of any of the attorneys in this action; and that I am not financially interested in the outcome of this case.

SUSAN GIOFFRE, CCR
License No.. XI001220

My Commission Expires:
March 30, 2010

Rizman
Rappaport
Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

I have read the foregoing transcript and certify that it is a true and accurate transcript of my testimony in the above-captioned matter.

_______________________________
PETER MADOFF

Subscribed and sworn to before me this ____ day of _____, 2009

_______________________________
A Notary Public

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

# WORD INDEX

96

A
ability 34:9
able 22:5
about 22:7 30:7 34:8,9 36:12 40:8 46:3 47:2,6 47:24 48:9 49:20 50:16 51:15 53:3 53:13 54:15 58:13,16 59:12 60:11 65:9,22 68:1 70:7,13,16 70:25 73:7,17 77:23 78:20,24 79:13 84:1,5,7
above 7:1 40:10
above-captioned 95:5
absolute 62:1,2
absolutely 76:4,6
acceptable 37:14
accepting 54:13
access 5:11 8:15 20:24 22:8 30:16 41:15 93:2
according 9:3 24:11 58:12 79:11
Accordingly 6:13
account 4:17 89:21 89:25
accountant 72:15 72:21 73:5 85:18
accounting 73:18
accounts 90:16
accuracy 6:14 40:25
accurate 17:21 33:24 72:10 81:25 84:8 94:5 95:4
accurately 6:9
Act 4:14 87:19,24
action 1:2 9:16 12:10,17 14:9 15:10 51:12 94:14
activities 68:2
actual 42:9,14
addition 36:23
Additionally 7:20 8:1
address 5:19 6:9
adjourn 6:20
administered 9:18 9:20
admit 89:13 92:15 92:25
admits 22:17,21 27:8
admitted 28:24 29:13 64:7 91:24
admitting 29:20
ADV 71:3
advanced 7:15
adverse 73:23
advertised 65:1
advice 11:2,9,22 12:4,11,18 13:10 13:18 14:3,10,16 15:3,15,21 16:15 16:21 17:3,22 18:4,10,16,23 19:7,16,23 20:6 21:8 23:2,13,24 24:6,15,22 25:4 26:15 27:3,23 28:5,11,18 29:1 29:7,22 30:18 31:4,13,21 32:12 34:1 37:25 39:13 41:14,23,24 42:6 47:10,19,20 53:19 54:13 56:3 71:15 74:2
advise 7:2
advised 54:12
advisor 68:11
advisory 4:9 5:16 5:21 41:5 67:23 87:10,14,19,24
affiliates 88:17
affirmative 42:23
aforementioned 94:7
after 30:23 37:5 45:21 67:13
again 42:6 88:20
against 8:3 11:6 12:1,8,15,22 13:14,22 14:7,14 14:20 15:7,19,25 16:19,25 17:7 18:1,8,14,20 19:2,11,20 20:2 20:10 23:6,17 24:3,10,19 25:1 25:8 26:19 27:7 28:2,9,15,22 29:5,11 30:1,22 31:8,17,25 32:16 34:5 38:3 39:17 69:20 73:24
ago 13:16
agree 8:2 25:19 62:11 64:6,11
67:13
agreeing 25:20
agreement 25:11 35:13
agrees 65:19
allegation 89:2,7
allegations 6:1 8:3 22:18,20 27:9 41:1 82:24 89:14
alleged 6:4 40:11
alleges 4:6 5:13
allow 10:18 11:13 20:3,22 42:7 77:8
allowed 8:16 62:23
allows 73:23
already 21:5,16 22:4 35:20 47:10 54:18
alternative 7:1
ambiguous 7:8,11
amending 3:18 38:13,18,22
Amendment 8:9 8:13 11:4,24 12:6,13,20 13:12 13:20 14:5,12,18 15:5,17,23 16:17 16:23 17:5,24 18:6,12,18,25 19:9,18,25 20:8 23:4,15 24:1,8 24:17,24 25:6,11 25:12,15 26:17 27:5,25 28:7,13 28:20 29:3,9,24 30:20 31:6,15,23 32:14 34:3,16,17 34:22 35:1,7,11 35:14 36:23 37:9 37:15 38:2 39:7 39:15,20 41:13 41:19 47:3,8,18 48:1,8,19 50:9 50:19 53:4,14 57:4 60:15,21 61:15,25 62:4 68:3 71:15 73:19 73:22 92:16,22
Amendment's 7:7
among 5:15 36:21 50:20
amount 90:15
amounts 7:15
analysis 8:11
annual 87:23
another 55:19
answer 3:16 7:3 8:11 10:6,20 11:3,14,23 12:5 12:12,19 13:11 13:19 14:4,11,17 14:23 15:4,9,13 15:16,22 16:5,8 16:10,12,13,16 16:20,22 17:1,4 17:9,23 18:5,11 18:17,24 19:8,17 19:24 20:3,7 21:10,24 22:1,3 22:11 23:3,14,25 24:7,16,23 25:5 26:16,21 27:4,8 27:24 28:6,12,19 28:24 29:2,6,8 29:13,16,20,23 30:19 31:5,14,22 32:4,13,23 33:1 33:4,14 34:2,7 34:11 35:8 36:5 36:9,13,14,18,24 37:16,17,20,22 37:24 38:1 39:4 39:6,6,12,14,20 40:21 41:17 42:8 42:12,16,21 43:1 43:6,10,16,22 44:3,9,13,14,18 44:22 45:2,6,10 45:15,19 46:1,13 46:16,21,25 47:4 48:17 49:1,5,18 49:24 50:1,8,25 51:3,6,9,13,19 51:21,23,25 52:2 52:4,6,8,11,14 52:17,20,22 53:1 53:5,19 54:12,17 54:21,22 55:5,11 55:16,22 56:4,8 56:15,20,25 57:2 57:10,12,17,21 57:24 58:4,7,11 58:12,14,20,23 58:25 59:3,5,6,9 59:11,21 60:19 60:20 61:1,4,6,8 61:10 62:17 64:5 64:10,17,21,25 65:3,6 66:5,6,15 66:18,21,25 67:25 68:9,12,20 68:22,25 69:4,9 69:14,18,22,23 70:14,17,21 71:1 71:9,12,14,20,23 72:1,4,8,12,16 72:19,22,25 73:3 73:8,11,15 74:4 74:11,15,19,23 75:3,8,13,18,23 76:3,11,15 77:1 77:5,11,20,25 78:5,8,14,18,22 79:2,5,10,16,23 80:3,7,11,16 81:4,11 82:10,14 82:17,22 83:2,14 83:17,21,25 84:3 84:10,14,20 85:1 85:5,9,15,21,25 86:6,9,16,24 87:3,8,12,17,21 88:2,5,10,15,19 89:6,12,16,18,20 89:23 90:2,5,10 90:14,19,24 91:4 91:9,12,15,18,23 92:2,6,17,20,21 92:22 93:1,7
answered 37:22 47:17 51:17 54:18
answers 9:22 10:11
anticipated 67:11
anti-money 88:4,7
anyone 14:9 51:2
anything 24:4 54:8 54:19 57:15,18 78:20
anywhere 36:14 36:24 59:23
appearance 21:14 22:6
appeared 84:2
application 6:21
appointed 4:12
appropriate 54:14 74:3
approximately 1:22 78:2 90:7
April 90:7,12
areas 34:10 60:16 60:21
argue 61:22
arguing 35:22
argument 7:14,17 61:22,25
Arleo 7:16
arm 67:23
arose 5:19
arrest 4:11
article 3:21,23

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

97

81:12,15 83:11 83:18
**articles** 84:12,23
**Arvedlund** 3:23 81:15 83:19
**asked** 10:7 13:25 47:1,6,24 48:9 51:17 54:1,15
**asking** 13:23 23:8 33:7 35:8 41:10 49:15 50:8 54:6 59:17 62:24 63:1 65:18,25 66:2,4 66:5
**assert** 34:25 35:18
**asserted** 6:13
**asserting** 20:23 21:9 22:7
**assertion** 11:7 35:19
**assist** 50:7 52:21
**assisting** 43:11
**Association** 53:9 53:11
**assume** 10:5
**attempting** 45:20
**attorney** 15:14,20 18:3,3 19:5,13 25:3 27:18 29:20 30:3 35:9 49:20 57:6 94:12
**attorneys** 94:14
**attorney's** 4:19 5:3 5:12 30:4,9 49:3 49:11 50:6 56:12 93:4
**attorney/client** 11:15 16:4 29:17 29:18 39:3 48:11 49:9,17 50:3
**audible** 10:12
**audit** 87:1,5
**audits** 73:9,13,13
**authored** 57:11,14
**authorize** 16:1,9
**available** 5:4
**Avellino** 80:9,13
**Avenue** 1:20 2:3 2:10 59:8
**avoided** 78:20
**award** 58:1
**aware** 41:5 76:12 78:6,15 79:3 82:11
**A-r-v-e-d-l-u-n-d** 83:19
**A-v-e-l-l-i-n-o** 80:9
**a.m** 1:22

**B**

**B** 3:12 69:15,19
**back** 32:24 33:16 33:17 50:23,24 59:19 65:8 66:8 66:9
**background** 51:15
**Bail** 5:9
**based** 11:3,23 12:5 12:12,19 13:11 13:19 14:4,11,17 15:4,16,22 16:16 16:22 17:4,23 18:5,11,17,24 19:8,17,24 20:7 23:3,14,25 24:7 24:16,23 25:5 26:16 27:4,24 28:6,12,19 29:2 29:8,23 30:19 31:5,14,22 32:13 34:2 38:1 39:14 41:11 85:22
**basic** 7:7 58:17
**basis** 8:13 11:7,9 21:6,8 22:3,10 33:5 36:18 50:18 74:14 86:20,21 86:21
**Beach** 46:19,24
**before** 4:1 6:15 11:21 14:2 16:13 30:13,17 36:20 38:24 50:12,14 69:17 71:8 94:6 95:17
**began** 4:2
**begin** 27:17
**beginning** 89:8
**behalf** 15:14 16:10 29:13
**being** 6:10 9:23 33:16 43:17 64:4 65:9,10,12 86:22
**belated** 23:8 32:1 35:23
**believe** 44:19 50:7
**belonged** 91:20
**belongings** 30:25 31:10
**benefit** 6:9
**Bernard** 4:10,11 4:21,24 5:15,20 18:15 19:15 43:12 46:7,9 52:16 59:25 60:2 61:12 69:20 70:7 70:10 84:12,16 84:22
**between** 19:21 44:25 74:2 90:7 90:12
**Bienes** 80:9,13
**Bistro** 46:24
**blanket** 8:13 62:3
**BLMIS** 4:13 18:21 19:22 22:24 23:11,12 24:14 24:21 25:3 30:17 30:25 31:20 32:21 33:25 34:12 50:14 59:24 60:11,25 64:4,8,12,19,24 65:1,4 66:11,16 66:19,22,23 67:23 68:2,7,10 69:2,12 71:25 72:3,10,15,21 73:5,7 74:8,13 74:16,20,24 75:5 76:8,14,24 77:3 77:15,24 78:3,25 79:8,13,20,25 80:12,25 81:1,6 81:8 82:20 84:8 85:4,8,14,18 86:2,5,11,14,18 86:25 87:9,13,18 87:23 88:3,6,11 88:17 89:21,25 91:1,2,5
**BMIS** 31:20 40:12 42:19,24 43:5,9 43:13,24 44:6,11 45:8,13,17,21 58:13,21,24 59:1 59:4,6,24
**board** 28:4 58:9
**books** 74:17,21,25
**both** 7:23 59:25 84:1,11,21
**Box** 2:4
**boxes** 5:7
**breached** 45:8 81:6
**break** 37:2 63:8
**briefly** 7:12
**brother** 4:8 18:15 19:15 30:23 43:12 46:3,6,9 46:15 52:12,23 61:9 64:6 70:13 70:15,19,23 77:6 78:10 79:18 80:13 84:12,16 84:21 88:12 91:24
**building** 5:6 59:7 68:6
**business** 5:16,21 31:20 60:14 66:20 76:24 77:24 78:25 79:14 85:4,8,13
**businessman** 44:15
**B-i-e-n-e-s** 80:10

**C**

**C** 1:16 2:1 71:2 94:1,1
**call** 49:9,16 50:3
**called** 9:2,21
**calls** 16:3 40:19 42:6 48:11 53:18 56:3 74:1
**came** 91:1
**capacity** 64:23 81:6 86:2,11,17
**care** 45:5
**CARPENTER** 2:3
**case** 12:3,10 51:2 65:14 94:15
**cases** 47:25 48:14 48:18
**caused** 79:7
**CCR** 94:18
**certain** 22:22
**certainly** 36:16 47:9
**Certified** 1:18
**certify** 94:4,12 95:4
**chairman** 27:22 28:16,24
**chance** 71:5
**characterization** 8:2 34:20 81:23
**charged** 41:2
**charities** 91:7,20
**Charles** 2:13 4:4
**Charlie** 37:14 39:5 62:20
**Chesler's** 8:7 38:8 38:18,22 40:17
**Chez** 46:24
**chief** 24:13 64:13
**circumstances** 6:4 6:25 7:9,11
**circumstantial** 40:13
**City** 59:8
**civil** 1:2 12:3 36:11 48:15
**clarification** 59:22 71:13
**clarify** 7:21
**clear** 22:7 25:10 34:6 35:5 36:11
**Clearing** 53:10
**clearly** 34:21 41:14 50:12
**clients** 70:9
**Cliffside** 64:20 66:12
**college** 52:1
**commencing** 1:22
**Commission** 94:20
**committed** 4:8
**committee** 87:1,5
**communicate** 86:19
**communication** 29:19 49:19
**company** 41:3
**compelled** 11:5,25 12:7,14,21 13:13 13:21 14:6,13,19 15:6,18,24 16:18 16:24 17:6,25 18:7,13,19 19:1 19:10,19 20:1,9 23:5,16 24:2,9 24:18,25 25:7 26:18 27:6 28:1 28:8,14,21 29:4 29:10,25 30:21 31:7,16,24 32:15 34:4 38:3 39:16
**complained** 77:15 78:24
**complaint** 3:15 4:6 5:13,17 8:3,6 12:16,24 13:2,9 13:24 14:8 15:10 16:2 22:18,21 26:5,8,21 27:10 27:17,19 40:11 42:11,15 43:25 68:13 69:20,23 69:23 76:23 77:23 79:4 80:18 81:19 82:12,13 82:16,19 88:20 89:4,8,9
**complaints** 77:23 78:1,7,12 79:13
**Complaint's** 6:1
**complex** 5:19
**compliance** 24:13

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

98

25:3 41:5 64:14 72:6 75:5,10,15 75:20,25 86:3,5 86:12,18,22 88:4 88:7
**conceal** 87:15 88:8
**concealed** 5:24 77:7
**concealing** 79:18
**concerned** 30:12 84:17
**concerning** 5:7,20 8:17
**concluded** 93:11
**conclusion** 40:20 41:10
**condition** 74:13 85:13
**Conditions** 5:9
**confessed** 30:24 70:19,23
**confidential** 67:6 67:12,17
**Confidentiality** 67:11,16
**conjunction** 78:9
**connection** 87:22
**consciously** 78:19
**consequences** 63:3 63:4,7
**consider** 90:20
**considered** 67:17
**constitute** 40:12
**Constitution** 11:5 11:25 12:7,14,21 13:13,21 14:6,13 14:19 15:6,18,24 16:18,24 17:6,25 18:7,13,19 19:1 19:10,19 20:1,9 23:5,16 24:2,9 24:18,25 25:7 26:18 27:6 28:1 28:8,14,21 29:4 29:10,25 30:21 31:7,16,24 32:15 34:4 38:3 39:16
**constitutional** 7:2 62:1
**construed** 25:11
**contacts** 65:5
**contain** 68:23 69:11
**contained** 84:5,23 89:3,8,14
**containing** 5:6
**contents** 5:5
**continuation** 46:10 46:20
**continuous** 65:5
**control** 71:25 72:3 79:25 81:6 86:3 86:12,18
**controls** 75:6,10 75:16,20,25 85:24 86:4,8,14
**conversation** 34:21 46:2
**conversations** 51:1 51:10 56:11
**cooperated** 79:18 85:17
**cooperation** 88:12
**copy** 13:2 38:8 69:20
**Corp** 53:10
**correct** 8:14 15:2 15:13 16:6 24:11 24:20 25:2 27:21 28:3 30:10,14 33:13 47:25 48:7 48:16 50:17 53:12 55:6,7,12 55:17,23 56:5,9 56:16,21 57:3 58:13 59:8,10 60:10,22 63:5 65:15,16,24 67:22 68:2 70:12 70:18,22 71:10 71:17,18,21,24 72:2,5,9,13,20 72:23 73:1,4,9 73:12 74:12,16 74:20,24 75:4,9 75:14,19,24 76:4 76:6,23 77:2,6 77:12,21 78:1,6 78:9,15,19,23 79:3,6,11,17,24 80:4,12,24 81:5 82:11,15,18,23 82:24 83:9,11,22 84:4,11,15 85:6 85:10,16 86:1,10 86:17,25 87:4,9 87:13,18,22 88:3 88:6,11,16 89:2 89:4,7,9,13,17 89:18,24 90:3,6 90:11,15 92:22
**correcting** 65:21
**correctly** 22:25 23:9 32:22 33:2 33:3,8
**correspondence** 4:17
**counsel** 2:8,14 4:4 7:14 9:11 11:2 11:10,22 12:4,11 12:18 13:10,18 14:3,10,16 15:3 15:15,21 16:15 16:21 17:3,22 18:4,10,16,23 19:7,16,23 20:6 21:9 23:2,13,24 24:6,15,22 25:4 26:15 27:3,23 28:5,11,18 29:1 29:7,22 30:18 31:4,13,21 32:12 34:1 37:25 39:9 39:11,13 41:14 41:23 42:7 49:11 71:15 74:3 94:13
**course** 10:15 25:24 31:19 68:7 74:9 76:8 86:10
**court** 1:1,18 4:13 5:4 6:20 7:5,19 7:22,24 9:24 20:4 36:3,6,8,20 40:10 47:25 55:19 59:22 62:23 73:23 83:4 93:12
**Court's** 34:16 36:21 39:25 40:5 40:22,25
**cpada@lswlaw.c...** 2:12
**create** 21:14 22:5
**criminal** 11:11 48:15 49:21,22 49:25
**culpable** 5:22
**culpably** 43:17
**currently** 12:9
**customer** 64:9
**customers** 42:20 42:25 43:5,9,13 45:12,17 80:14

**D**

**D** 3:1 9:1 80:17 81:18 82:13
**daily** 86:20
**dated** 80:21
**daughter** 15:2 24:21
**David** 72:18,20 73:10 85:17
**day** 95:18
**day-to-day** 22:23 23:11 32:19
**decades** 4:8
**deceiving** 69:12
**December** 4:7,12 18:22 19:22 46:3 69:21 70:7,13,16 72:11
**decide** 52:22
**decided** 35:9
**decision** 7:6 62:13
**decline** 7:3 11:3,23 12:5,12,19 13:11 13:19 14:4,11,17 15:4,16,22 16:16 16:22 17:4,23 18:5,11,17,24 19:8,17,24 20:7 23:3,14,25 24:7 24:16,23 25:5 26:16 27:4,24 28:6,12,19 29:2 29:8,23 30:19 31:5,14,22 32:13 34:2 38:1 39:14
**defendant** 1:12 2:14 3:16 4:7 9:15 12:2,9 14:23 22:17,20 22:22 40:14 70:8
**Defendant's** 6:2,22 8:7
**defense** 49:10
**defenses** 6:2
**defraud** 43:18 74:25 80:14
**defrauding** 42:17
**denials** 89:17
**denies** 22:20
**deny** 19:21 42:9,13 42:17,22 43:2,7 43:11,17,23 44:4 44:10,24 45:3,7 45:11,16,20 46:5 46:8,17,22 64:18 64:22 65:1,4 66:10,16,19,22 71:21 72:13 74:5 74:7,12 85:2
**denying** 8:7
**department** 86:20
**DePascale** 5:10 60:24 62:15
**depend** 8:10
**depending** 6:3
**deposed** 11:21
**deposition** 1:5 6:22,23 7:25 9:9 10:16 25:25 34:25 35:6,12,17 48:7 54:1 56:1 62:22 67:14 93:11
**depositions** 6:15 47:2,7,17 48:5 55:14
**Depository** 53:10
**description** 3:13 33:24 72:10
**desk** 22:24 23:12
**detailed** 7:1 78:2
**detect** 76:7
**detected** 84:18
**determine** 19:6,14 54:9 63:6
**detriment** 42:19 43:4
**DEUTSCH** 2:3
**different** 8:4
**direct** 3:7 5:14 9:6 32:18 34:12 36:12 74:4
**directing** 21:23,25 22:2 36:18 41:3
**direction** 21:7 54:16
**directions** 36:13
**directly** 5:23 45:4
**director** 24:13 64:13 72:6
**directors** 58:9
**directs** 10:19
**disclose** 43:2
**disclosure** 11:15 49:17 50:3
**discovered** 79:20
**discovery** 6:12,15 6:16,24
**discuss** 46:9
**discussed** 14:8 40:9 46:19 48:25 49:2 84:11,16
**discussion** 8:23 35:15 38:6 67:4 76:19
**discussions** 34:24 74:2
**disingenuous** 35:4 35:23
**Dismiss** 8:8
**disobeying** 36:21
**dispute** 40:16,25 41:8
**disputing** 7:23
**District** 1:1,1 4:20 49:12

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters
66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

divulging 49:19
document 6:15,16 6:24 20:18 21:4 21:5,16,17 22:4 27:13 59:12 66:1 67:18 68:19 69:17 71:6,8,11 71:19,22,24 72:5 80:19 81:20,25 82:8
documents 3:19 4:15,16,18,18 5:7,12 6:11 8:16 19:3,12 20:23,24 21:12,19 22:8 30:2,8,13,16 31:19 35:17 41:15 45:21 50:5 50:14,15 52:21 55:8,13,18,24 56:6,10,17,22 57:13 63:11,20 64:1,3,4 85:7,11 93:3
doing 9:25 31:11 35:11 78:20
domiciled 66:17,24
done 64:9
door 34:8
down 45:23
due 66:4
duly 9:3
during 6:6 10:15 22:22 23:10 25:24 43:13 45:7 45:11 64:8,11 68:7 74:9 76:8 86:10 89:24
duties 6:5 45:5
duty 45:9

E

E 2:1,1 3:1,12 9:1 9:1 94:1,1
each 6:4 25:21 53:14 62:7
earlier 47:10 65:8 92:23
early 79:19
efficiency 6:14
effort 63:2
eight 40:23
Either 37:15
eleven 4:22
ELLEN 1:6
employ 30:17
employed 86:2
employee 33:25
employees 51:4,7 64:23 employees 60:14
employment 34:11 53:3 68:8 74:9 75:4 76:9 86:11
enable 6:16
end 89:9
endorsed 5:23
enforce 75:24
enforcement 45:22
engaged 88:12
ensnared 7:8
ensure 86:21
ensuring 41:4
enter 21:17
entered 7:18 30:24
enterprise 58:18
entire 42:19,24 43:4,8,13 45:7 45:11 52:18,24 56:18,23 57:19 68:6 76:8
entities 56:12
entitled 50:14 80:20
entity 60:12,13,13 60:14,15
equivalent 5:6
Erin 3:23 81:15 83:18
ESQ 2:6,7,7,13,13
essentially 37:9
establish 75:5,10
established 75:15 75:21 76:1 86:4
ethical 81:1,8
ethics 44:11,15,19
Europe 88:17
even 6:8 36:6 75:15,20,25
event 6:4
events 6:18
ever 11:21 12:2 14:2 16:20 46:23 52:5,7,18,23 54:9 55:19 56:7 56:18,23 57:18 57:22 58:1,5,8 61:2,5 68:5 69:17 71:8 72:17 80:8 85:23 86:7
every 25:16,23 37:9 48:9,20 53:15 73:21 89:2 89:4,7,10
evidence 40:13 78:11 79:7
evident 37:8
exact 33:9,19
Exactly 92:24
EXAMINATION 1:5 3:7 9:6
examine 13:25
examined 13:5
example 10:11
except 22:21
excerpts 21:12
exercise 7:2 21:12 21:19
exhibit 3:13 12:25 13:7 14:24 15:12 17:14 20:13,21 23:20 26:6,11 32:8 38:12,14,25 40:1,3 59:14 63:13,17,24,25 65:10,11,17 67:6 68:16,18,21,23 69:1,5,10,15,16 69:19 70:1 71:2 71:4 80:17,23 81:13,16,18 82:13 88:21,25
exhibits 38:20 83:7 83:9 93:12
expedite 37:7
experience 85:23
experiencing 62:5
Expires 94:20
extensive 6:10
extent 29:16 39:2 40:19 41:21 48:11 49:9,16 50:2 74:1
extremely 6:2
e-mail 4:17

F

F 9:1,1 94:1
fact 6:2 30:7 69:11 72:2 82:7 84:21 91:20,25
facts 6:17 43:3
failing 41:7
failure 76:13
fair 53:2 58:15 73:16
fairness 6:14
faith 63:1
false 20:3 22:6 66:22 69:6 85:7 85:11,18 87:24
familiar 26:10
family 3:20 46:18 63:11,21
FBI 4:12 31:11
fear 11:11 49:25
feel 13:15
few 7:13 92:11
fiduciary 44:24 45:4
fifth 7:6 8:9,13 11:4,24 12:6,13 12:20 13:12,20 14:5,12,18 15:5 15:17,23 16:17 16:23 17:5,24 18:6,12,18,25 19:9,18,25 20:8 21:23 23:4,15 24:1,8,17,24 25:6,10,12,15 26:17 27:5,9,16 27:25 28:7,13,20 29:3,9,14,21,24 30:20 31:6,15,23 32:14 34:3,16,17 34:22,25 35:7,10 35:13 36:23 37:9 37:13,15,20 38:2 39:7,15,19 41:13 41:18 47:3,8,18 48:1,8,19 50:9 50:19 53:4,14 54:17 57:4 60:15 60:21 61:15,25 62:4 68:3 71:15 73:19,22 92:16 92:21
file 16:1,9 17:1 85:3
filed 15:9,14 16:14 20:4 29:12,20 69:20 79:13 81:20 82:1 85:7 85:11
filing 5:4
financial 4:18 41:4 53:11 73:7 74:13 85:13
financially 94:15
find 7:10 41:7
finding 40:17,25 41:8
fine 37:3
FINRA 53:9
firm 34:13 64:14 76:9 80:8
firm's 67:24
first 7:14 9:2 34:21 51:16
five 92:8
five-minute 63:8
flags 5:19 78:2,16 78:20
floor 2:10 5:5 67:23 68:2,6
floors 59:7
follow 47:20
followed 86:22
following 56:11 66:9
follows 9:4
force 34:25 35:6
forced 35:18
foregoing 94:4 95:3
form 22:6 31:2,12 32:2 37:12 41:20 43:14,20 44:1,7 44:12,16,20 45:24 46:11 48:21 55:4,10,15 55:21 56:2,14,19 56:24 57:9,16,20 57:25 58:3,6,10 58:19,22 59:2 60:12,17 64:15 69:3,8,13 71:3 74:1,10,18,22 75:2,7,12,17,22 76:2,10,25 77:4 77:10 78:4,13,17 78:21 79:1,9,15 79:22 80:2,6,15 81:3,10 83:1,13 83:16,20,24 84:9 84:13,19,25 85:20 86:15,23 87:2,7,11,16,20 88:1,9,14,18 89:11,15,19 90:9 90:13,18,23 91:3 91:8,11,14,17,22 92:5,19 93:6
formally 55:9
former 51:7
formulated 46:19
Forty-eight 32:5
forward 39:19
Foundation 1:5 9:12 63:21
Foundation/Jos... 3:20 63:12
fourth 27:9,16 29:14,21
Frank 5:10 65:12
fraud 4:9,22 5:16 5:22 40:11 72:24 80:20
fraudulent 66:23 73:10,13,14

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

free 21:18
Freighling 72:18 72:21,23 73:1,5 73:10,12,17 85:17
frivolous 36:22
from 10:15 18:21 21:12 31:1,10,11 32:23 37:12 39:18 40:7,23 43:12,24 45:21 51:2 54:2,20 67:6 70:9 72:10 77:7 78:10 79:7 79:19 89:8 90:1 91:1,1
front 17:12,16 26:7,23 35:15,20 36:7 54:15 70:3
function 7:7
functions 60:13 73:18
fund 77:16 78:24 80:20
further 34:20 73:17 93:8 94:12
F-r-e-i-g-h-l-i-n-g 72:18

G

gave 10:6 39:21
getting 22:6
GIOFFRE 1:17 94:18
give 8:16 23:7 30:13 41:1 66:5 66:5 92:7
given 47:25 49:20 55:14 57:22
giving 21:14 54:2
go 15:11 21:11 37:19 47:12 51:20,22,24 52:1 52:3,5 67:1 71:5 75:11 76:16
going 8:12,20 10:5 13:4 20:17,22 21:11,18 23:7 33:3 36:4,9,20 37:21 40:6,18,23 41:9,20,23 42:4 42:7 49:8 50:10 51:14 54:11 61:22 62:16 63:19 65:7,8 67:5 70:5 73:25 84:17
good 37:2 63:1
90:21
gotten 58:1
Governors 28:4
grammar 51:24
grand 11:16 49:6
granted 6:21
great 42:18 43:4
Greenberg 2:7 8:18,22 9:10 38:5
Greg 2:7 9:10
grossly 45:13
group 54:10
groups 53:8,13
gtrif@mdmc-la... 2:5
guess 67:9 68:14
guilty 72:24

H

H 3:12
Handing 17:11 68:15
happens 10:1
harm 43:8
Harry 77:14,18
having 9:2 20:18 21:19 35:16 37:12 42:9,22 43:7 46:22 47:25 58:15 91:16
head 86:2,11,18
health 10:24 54:1
hear 72:17 80:8
heard 30:4,7 59:24 85:23 86:7
heart 5:17
hedge 77:16 78:24 80:20
held 54:9
he'll 8:16
hid 78:10 79:6
high 51:20,22
him 10:18 13:25 21:19,23,25 22:2 22:7 30:7 34:9 34:25 35:6,7,16 36:7,9,18 37:12 39:6,9 41:23 47:17 52:18 54:14,15,20 59:17 61:5 73:6 73:6,18
hindsight 5:18
history 47:2,6,17 47:24
hold 57:1,5
honest 81:1,8
honestly 63:1
honestness 84:6
honesty 84:7
honor 58:5
hospitals 91:10,21

I

identification 12:25 13:1 14:22 14:25 15:8 38:7 38:12,14,17 63:13 67:7,19 81:14,17
identified 78:16
ignored 82:15,19
implement 75:14
improper 34:15
inaccurate 35:3
inappropriate 56:3 62:6
include 4:16
including 88:24,24 89:3
indicate 65:12
indicating 78:2
indicia 40:10
indirectly 5:23
individuals 4:25
induced 5:23
industry 53:8,11
inference 41:2 73:23
information 8:17 40:15 67:6 73:7 77:7 79:19 84:22 85:19
informed 11:19 49:11 70:8
innocent 7:7,10
instituted 86:13
instruct 16:4,12 21:3 29:15 33:4 36:4 39:4,5 49:18 53:19 62:17
instructing 22:10
instructions 36:24
integrity 44:5 84:6 84:7
intend 39:19 69:1 69:5,10
intensive 6:3
intent 43:7
intention 47:3
intentionally 77:7 78:10 79:6 85:7 85:11,17
interchangeably 60:7
interest 6:14 66:20 73:24
interested 94:15
internal 75:6,10 75:16,20,25 85:23 86:4,4,8 86:13
invest 69:12
investigation 4:21 4:23 5:2 11:17 11:20 49:7,13,15 49:21,23 76:13 79:12
investment 4:9,10 5:16,21 41:5 44:11 45:14 60:3 60:4 67:22 68:10 87:10,14,19,23 90:1,20,22 91:1
investments 44:6 45:18 90:16
Investor 4:14
investors 43:24 45:8 66:17,23 75:1 80:25 81:7 91:2,6
invocation 25:15 25:20,23,24 34:15 35:10 36:22 50:9,19 53:4 54:17 62:4
invocations 25:10
invoke 35:13 39:19 47:3,8 48:19 53:13 57:3 60:15 60:20 61:15 68:3 73:19,22
invoked 8:10 25:12 92:16
invokes 25:24
invoking 8:13 37:20 39:6 41:15 41:18,21 47:18 48:1,8 61:19 71:14
involved 43:17 55:9 88:17
involvement 32:19 33:25 34:13 53:7 55:3
issued 64:19 66:11
issues 6:9

J

J 2:6
January 46:5,17
Jean 46:24
JEANNIE 2:13
Jersey 1:1,18 2:4 64:20,23 65:2,5 66:13,17,20,24 94:19
job 52:7,10,12 56:23 72:10
Joshua 1:5 63:21
Judge 7:16 8:7 38:8,17,21 40:16
June 18:21 19:21 72:10
jury 11:16 49:6
just 7:12,15,21 25:9 26:9 34:7 36:10,22 39:1,20 39:21 40:17 65:7 65:15,19,21 71:13 92:7,11

K

keep 54:20
Kemble 2:3
knew 70:24 72:20 73:13 74:20 82:20,23
know 10:11 29:12 34:23 36:21 61:7 62:10,15,18,20 67:10 77:18 82:1 82:6 90:25 91:5 91:19,24
knowing 41:4
knowingly 10:6 20:3 42:17 79:17 80:5 82:15,19 85:6,10,16
knowledge 6:6 36:14 42:10,14 44:5 85:22 92:17 93:1

L

L 4:10 59:25 60:2 61:12 70:8,10
LANKLER 1:20 2:10
lapse 55:2
largest 77:16 80:20
last 52:15 65:11
later 4:22
launched 4:20
laundering 88:4,7 88:13,16
Lautenberg 1:5,5 1:6 3:19,20 9:12 13:2 63:11,12,21

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

101

63:21 65:13
**law** 5:24 9:3 35:24 45:21 52:3 84:6
**lawfulness** 77:24
**laws** 76:8
**lawsuit** 9:12 48:25 49:2
**lawyer** 10:16 29:12 65:15
**lawyers** 14:9 15:9 48:24
**law-abiding** 81:1,8 84:7
**leafed** 13:17
**least** 41:6 42:14 67:18 80:1
**lecture** 57:22
**left** 9:10,10 30:17
**legal** 36:8 40:19 41:4,10 53:18 56:3 74:1,2
**let** 16:6 36:9 40:20
**letters** 28:10
**license** 1:19 57:6,6 57:7,7 94:18
**licenses** 57:1,5,8
**lie** 29:6
**life** 52:7,19,24 56:18,23 57:19 57:23 58:2 61:3 68:6
**lifeguard** 52:10,13
**light** 6:25
**like** 4:2 61:25 62:19 91:21
**line** 41:11
**lines** 40:23
**liquidate** 4:13
**listed** 65:13 67:8
**listening** 25:10
**lists** 71:24 72:5
**litigation** 56:7 73:24
**live** 11:1
**LLC** 4:10 58:21 59:4
**LLP** 1:20 2:3,10
**located** 59:7 67:23
**locked** 45:22
**long** 4:9
**look** 13:5,8 15:8 17:8 19:5,14 20:11 23:18 26:4 26:8,20,21 32:3 38:20 40:4 59:11 63:16,22 68:16 69:15,22 71:2 80:17 81:18 83:3
83:8 88:20,22
**looked** 64:1
**loss** 42:18 43:4
**loyalty** 45:5,9

**M**

**M** 2:7 9:1
**made** 42:22 76:24 77:22,23
**Madison** 1:20 2:10
**Madoff** 1:6,10 3:5 3:16 4:5,7,10,14 4:15,24 5:1,11 5:14,18,21,24 7:2,18 8:3 9:8,12 9:13 11:1 13:1,3 14:15,23 15:1 22:15 32:22 36:2 38:20 41:18 42:9 47:1 51:14 52:16 53:6 59:24 60:1 60:2 61:13 63:16 69:21 70:8,10 74:5 80:17,24 82:9 85:2 92:15 95:10
**Madoff's** 4:11,21 5:16,20 6:5 18:15 19:15 40:12
**Magistrate** 35:16 35:20 50:13
**mailed** 64:19 65:9 65:10,12,23 66:12
**mainly** 34:10
**maintained** 74:16 74:21,25
**make** 10:16,18 36:16 44:6 62:12 73:23 84:22 87:5
**making** 44:11 82:25
**malicious** 43:7
**mall** 73:2
**man** 7:10
**management** 22:23 23:11 74:8 86:8,13
**manager** 78:24
**managers** 86:20
**managing** 24:13 64:13
**manner** 81:2,9
**manual** 87:10,14
**many** 79:12
**March** 77:13,22 94:21
**mark** 12:23 14:21 38:9
**marked** 12:24 14:24 20:21 38:11,14 63:12 81:13,16 83:5,6
**Markets** 53:11
**market-making** 22:23 23:12 32:20
**Markopolos** 77:14 77:19,22 78:7,12 78:16 81:21 82:12,16,19,24
**MAS** 1:2
**massive** 4:8 79:20
**material** 42:22 43:3 67:14 69:11 89:10
**materially** 69:6 85:12,18 87:24
**matter** 6:18 8:17 9:21 13:2 20:4 26:21 34:10 42:11,15,18,24 43:3 48:17 51:11 61:12,16,18 95:6
**matters** 50:16
**may** 3:22 10:16 11:14 49:20 57:5 77:12,21 78:23 79:8 81:12 83:15 83:23 90:3,7
**maybe** 82:4
**McELROY** 2:3
**mean** 60:12 71:16 82:6
**meaning** 60:20
**meant** 16:8
**meet** 70:10
**member** 28:4 58:8
**members** 46:18
**memories** 6:8
**memory** 53:21 54:8,15,19,23 55:2
**men** 7:7
**mental** 54:1
**mentioned** 4:1
**Michael** 3:21 81:12 83:12
**might** 7:8 57:4
**million** 43:24 90:1 90:4,7,12,17,21 90:25
**minutes** 92:8
**mischaracterizat...** 65:22
**mislead** 85:12
**misleading** 69:6 85:19 87:25
**misrepresentatio...** 42:23
**money** 43:12 88:13 88:16 91:6,16,19 91:20 92:4
**monitor** 75:19
**monthly** 86:20
**months** 4:22
**more** 7:10 34:9 43:23 92:11
**Morristown** 2:4
**Motion** 5:8 8:8
**Mount** 2:3
**move** 34:18 36:19 36:20
**MULVANEY** 2:3
**myself** 11:6 12:1,8 12:15,22 13:14 13:22 14:7,14,20 15:7,19,25 16:19 16:25 17:7 18:1 18:8,14,20 19:2 19:11,20 20:2,10 23:6,17 24:3,10 24:19 25:1,8 26:19 27:7 28:2 28:9,15,22 29:5 29:11 30:1,22 31:8,17,25 32:16 34:5 38:4 39:17
**mystifying** 62:25
**M-a-r-k-o-p-o-l-...** 77:14

**N**

**N** 1:16 2:1 3:1
**name** 3:3 4:4 8:16 9:8 46:24 60:25 72:18 80:8 89:22
**named** 77:14,18
**NASD** 27:22 28:4 28:10,17,25 53:8
**NASDAQ** 53:8 54:7 55:3,9
**nature** 84:8
**nearly** 90:4
**necessarily** 25:20
**need** 10:10 19:5,14 47:12 52:21 55:7 55:12,17,23 56:5 56:9,16,21 57:13 93:2
**negligent** 45:13,18
**neither** 94:12
**never** 86:3,13,25
87:9,14
**New** 1:1,18,21,21 2:4,11,11 4:20 28:17,25 49:12 53:9 59:8 64:20 64:23 65:1,5 66:13,17,20,24 94:19
**nod** 10:11
**normal** 6:12
**Notary** 1:17 94:19 95:24
**note** 61:11 65:7
**noted** 7:6
**notes** 1:17
**nothing** 54:23 76:5 76:7
**notorious** 4:9
**November** 1:21 38:18 80:21
**number** 66:17 67:7 67:19
**N-A-S-D-A-Q** 54:7

**O**

**O** 9:1
**oath** 9:18,19,20
**obey** 36:3,8
**object** 20:17 21:3 25:16,23 33:4 34:19 39:1 40:18 41:9,11,20,21,23 42:4 48:10 49:8 50:10 54:11 62:16 73:25 81:22
**objected** 16:7 35:16
**objecting** 21:1 25:21
**objection** 6:22 10:16,19 11:18 16:3,11 20:5 23:8 25:14 29:15 31:2,12 32:1 36:16 37:11 43:14,20 44:1,7 44:12,16,20 45:24 46:11 48:21 50:2 52:25 53:18,22 55:4,10 55:15,21 56:2,14 56:19,24 57:9,16 57:20,25 58:3,6 58:10,19,22 59:2 60:17 64:15 66:14 69:3,8,13 74:10,18,22 75:2

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

102

75:7,12,17,22 76:2,10,25 77:4 77:10 78:4,13,17 78:21 79:1,9,15 79:22 80:2,6,15 81:3,10 83:1,13 83:16,20,24 84:9 84:13,19,25 85:20 86:15,23 87:2,7,11,16,20 88:1,9,14,18 89:11,15,19 90:9 90:13,18,23 91:3 91:8,11,14,17,22 92:1,5,19 93:6
**obligated** 48:12
**obligations** 36:3,8 70:11
**observations** 84:5
**obtain** 6:11
**obviously** 36:19
**occupied** 68:7
**occurred** 6:4
**Ocrant** 3:21 81:12 83:12
**October** 77:13,22
**off** 8:20,23 38:5,6 67:1,4 76:16,19
**offered** 92:3
**office** 4:19 5:3,6,12 30:9 31:1,10 49:4,12 50:6 56:13 68:6 93:4
**officer** 24:13 72:7
**offices** 1:19 30:25 45:21,22 59:6 67:24 73:2
**Ohio** 7:6
**okay** 15:11 21:1 26:14 27:16 33:14 37:3 39:24 70:2 92:11
**old** 18:9 19:6 51:16
**omissions** 40:14 69:11
**omitting** 43:2
**one** 20:25 38:9 39:21 41:2 65:8 75:21 76:1,17
**one-half** 5:5
**ongoing** 4:22
**only** 7:1 27:18 35:3
**open** 62:25
**opening** 30:4
**opens** 34:8
**operate** 81:1,8
**operated** 64:12
**operating** 7:24 47:15 70:19,24 77:3 78:3 82:20
**operation** 64:8
**operations** 32:19 32:20 41:6 77:24 85:14
**Opinion** 3:17,18 8:7 38:8,11,13 38:19,22,22 39:25 40:5,7,23 41:12
**opportunity** 6:24 13:8
**ORAL** 1:5
**order** 3:18 7:17,19 7:22 19:5 34:17 36:6,21 37:7 38:13,18,22 67:11,16 85:12 88:8
**ordered** 7:24 45:22
**orders** 36:3,8
**ordinary** 31:19
**organizations** 54:7
**other** 4:18,24 8:17 12:10 14:9 36:22 39:8,10 46:18 48:14,24,25 50:20,21 54:14 57:7 91:2 93:5
**otherwise** 7:8 10:4
**out** 21:12 36:17 41:7
**outcome** 94:15
**outset** 53:25
**over** 4:14 5:19 6:5 6:22 90:1,11,17
**owed** 45:5
**own** 89:22
**owners** 60:12
**owns** 58:24
**O-c-r-a-n-t** 83:12

P

**P** 1:16 2:1 9:1
**page** 3:3,13 33:8 33:12,20 39:24 40:5,22
**pages** 65:11,11
**paired** 40:11
**Palm** 46:19,24
**paragraph** 17:8,12 17:16 18:2 20:11 22:16,18,21 23:18 24:4,12 26:8,22 27:8,10 27:17 28:23 29:6 29:14 32:3,17,23 34:12 40:4 59:11 59:15 69:24,25 70:2,6 88:22
**paragraphs** 34:7 88:23 89:3
**Park** 64:20 66:13
**part** 32:17 33:16
**participant** 5:22
**participating** 43:18
**parties** 6:23 59:25 94:13,13
**parts** 8:8
**party** 48:15,18 56:7
**past** 53:3
**pending** 37:2
**pensions** 91:13,21
**performed** 73:9,18
**period** 5:20 6:5,7 42:13 45:12,16 64:7,11 73:4 89:24
**perpetrating** 72:24
**perpetuated** 79:25 80:4
**person** 48:25 61:2 71:25 72:3,17 77:13,18 81:6 86:3,12,18 93:5
**personal** 51:15 92:17 93:1
**personally** 43:23 44:25 80:25
**personnel** 45:22
**persons** 56:12
**pertaining** 47:16
**Peter** 1:6,10 3:5,16 4:7 5:1,11,14,18 5:21 6:5,16 7:2 9:12,13 13:3 14:23 40:11 95:10
**Peter's** 6:20
**piece** 69:2
**Pierre** 46:24
**place** 7:25 58:16 94:6
**Plaintiff** 65:13
**plaintiffs** 1:7 2:8 4:6 5:14 6:19,21 7:3 8:5 9:11 12:25 14:24 38:12,14 42:18 42:23 43:3,8,12 43:19 44:4,10 45:1,4,8,12,17 63:13,16,24 64:19,20 65:9,10 65:11,17 66:11 66:12 69:7,12 81:13,16
**plan** 46:20
**pleaded** 72:24
**please** 10:3 15:10 17:9 20:12 32:7 39:24 63:22 68:14,17
**point** 10:2 30:23 39:19
**points** 7:13
**policies** 41:3 74:8
**Ponzi** 4:21 5:8 30:24 42:10,14 43:18,25 46:10 46:20 64:8,12 70:19,24 75:11 76:14 77:3,8 78:3,11 79:8,21 79:25 82:20 84:17,24 87:5,15 88:8
**portion** 33:20 70:5
**posed** 92:18 93:2
**position** 22:9 34:14 42:3 50:13 54:9
**possession** 19:4,13 30:8 31:18 50:6 93:3
**potentially** 6:3
**practices** 76:24 78:25 79:14 85:4 85:8
**precise** 6:3
**premise** 47:16
**premises** 4:15
**preparation** 48:4,6 48:9
**prepare** 55:25 68:21
**prepared** 31:19 64:4 71:10,18,22 73:13
**preprinted** 37:12
**presented** 7:16
**pretty** 36:11
**prevent** 76:5
**prevented** 54:2
**previously** 55:14
**print** 84:2
**prior** 47:2,6,17 56:7
**privilege** 11:15 16:4 29:17 39:3 39:20 48:2,8,11 48:19 49:9,17 50:4,9 53:4,14 68:3 73:19,22 92:16
**problem** 54:2
**Procedure** 36:11
**procedures** 86:22
**proceed** 6:15
**proceeding** 55:20
**process** 6:12 37:7
**produced** 90:16
**produces** 90:21
**professional** 57:1 57:5,8
**program** 75:5,10 75:15,20,25 88:4 88:8
**programs** 86:5
**promotional** 69:2
**promulgated** 76:12
**proper** 36:9 86:21
**properly** 8:9 25:12
**propose** 67:9
**proprietary** 32:20
**prosecution** 4:24 11:12 49:25
**protect** 7:7
**protecting** 45:13 45:18
**Protection** 4:14
**provide** 35:7
**provided** 87:24
**providing** 73:6
**provisionally** 41:19
**public** 1:17 61:12 61:16,18 84:2 85:12 94:19 95:24
**publications** 57:11
**publicly** 5:4
**published** 83:15
**pull** 21:12
**purpose** 69:11
**purposes** 67:16
**pursuant** 6:12 7:18 87:19
**P-1** 3:15 12:23 13:1,4,17 14:2 26:4 68:14,16,21 68:23 69:1,5,10 69:15 71:2 88:20 88:24 89:4,8,14
**P-2** 3:16 14:21

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

103

15:8 26:20,22 32:4 59:13 69:22 89:18
**P-3** 3:17 38:7,24
**P-4** 3:18 38:10,17
**P-5** 3:19 63:17 67:6,17
**P-6** 3:21 83:3,9,11 84:1,5,23
**P-7** 3:23 83:3,9,18 84:1,5,23
**p.m** 93:11
**P.O** 2:4

**Q**

**quasi-criminal** 48:16
**question** 8:11 10:3 10:5,7,17 16:6 17:15 32:2,25 33:15,17,19 34:9 36:9 37:2,9,23 38:23 39:2,9 40:7,16,19 48:9 48:20 50:11,22 50:24 52:22 53:15,24 54:12 56:3 59:18 62:19 66:3,7,9 74:1,3 77:17
**questioned** 34:8
**questioning** 41:11
**questions** 7:3 9:23 21:10,10 35:8 47:1,6,7,13,16 47:24 48:2,17 50:8 53:2,6,12 57:4 60:11 62:8 62:11,24,25 65:9 68:1 73:17 92:12 92:18 93:1,8
**question-by-que...** 8:10
**quoted** 33:16
**quoting** 32:18

**R**

**R** 1:16,16 2:1,13 9:1 65:12 94:1
**raise** 61:14
**rather** 25:15 37:11 67:10
**Re** 3:19 63:11
**read** 4:2 12:16 16:20 17:19 20:12,14,16,18 20:23 21:2,4,13 21:19 22:15,25 23:9,18,21 26:9 26:12,25 32:7,9 32:22,24,25 33:7 33:15,15,17 37:12 40:6,17,23 50:22,24 59:20 66:8,9 70:5 92:23 95:3
**reading** 21:22
**reads** 40:9
**reason** 9:25 10:23 70:22 74:24 75:9 82:18 84:15 87:4 87:13 88:6
**recall** 53:23,25
**received** 12:24 14:24 38:11,13 58:5 63:12 81:13 81:16 91:1
**recent** 5:4
**recess** 37:4,6 63:10 76:20 92:10
**reckless** 41:6
**recklessness** 40:13
**recognize** 60:25 64:3 82:8
**recollection** 6:17 55:8,13,18,24 56:6,10,17,22 57:14
**recommend** 35:10
**Reconsideration** 5:9
**record** 4:3 8:21,23 10:1 20:16,18 21:2,4,5,13,16 21:17,20,22 22:5 22:16 23:1,9 25:9 34:6 35:5 36:10,17 38:5,6 40:6,24 47:11 49:10 59:20,23 61:11,12,17,19 63:23 65:8,22 67:1,4 69:19 71:3 76:16,19
**records** 66:23
**red** 5:19 78:2,16 78:20
**redact** 67:6,10
**redeemed** 90:1,4,6 90:11
**redemption** 46:3 91:6
**redemptions** 70:9 70:16
**refer** 8:6 37:24
**referred** 30:3 42:10,15 43:25
**refers** 59:25
**reflected** 34:11 82:12
**refresh** 6:17 55:8 55:13,18,24 56:6 56:10,17,22 57:13
**refreshed** 6:10
**refuse** 11:13,18
**regarding** 40:14 48:17 51:2,11 53:7 57:5 76:24 85:3,8,13
**Region** 28:17,25
**registered** 68:10
**regret** 91:16
**regular** 65:4 74:14
**regulators** 75:1
**regulatory** 48:16
**Reiner** 7:6
**rejected** 7:17
**related** 63:20
**relates** 67:18
**relationship** 5:15 44:25 45:4
**relevant** 6:11,17 32:17
**reliance** 81:7
**relied** 44:4,10 69:7 80:25
**remains** 5:1
**remember** 53:20 59:1
**remove** 30:25 31:10 45:21
**repeat** 10:4 17:15
**rephrase** 10:4
**report** 76:13
**reporter** 1:18 9:24 59:22 83:4 93:12
**reports** 85:3
**represent** 38:21
**representatives** 49:3
**request** 6:22 67:12
**requests** 70:9
**required** 10:20
**reserve** 25:22 34:18
**reserving** 41:25 42:2
**respect** 48:2,4,6,8 48:14,19 53:14 54:6 55:3 57:4 60:16 61:16 66:4 89:5,10
**respectfully** 11:3 11:23 12:5,12,19 13:11,19 14:4,11 14:17 15:4,16,22 16:16,22 17:4,23 18:5,11,17,24 19:8,17,24 20:7 23:3,14,25 24:7 24:16,23 25:5 26:16 27:4,24 28:6,12,19 29:2 29:8,23 30:19 31:5,14,22 32:13 34:2 38:1 39:14
**respond** 21:9 31:3 40:20 41:16 43:15,21 44:2,8 44:17,21 45:25 46:12 48:22 50:15 51:18 52:25 60:18 64:16 66:14
**responded** 54:4,5 54:23
**responding** 62:7
**response** 7:12
**responsibilities** 40:12
**responsibility** 41:3 85:3
**responsible** 7:1 22:22 23:10 74:8
**restaurant** 46:19 46:23
**result** 11:14 43:24 53:3
**resulted** 4:23
**resuming** 37:5
**retained** 93:12
**return** 90:21 92:3
**returns** 90:17
**reveal** 29:17 39:2 48:12
**revealing** 29:18 41:24
**reverse** 42:2
**review** 13:24 16:13 87:23
**reviewed** 30:13 87:18
**reviewers** 87:25
**reviewing** 6:10 13:7 15:12 17:14 20:13 23:20 26:6 26:11 32:8 38:25 40:3 59:14 63:25 68:18 69:16 70:1 71:4 80:23 83:7 88:21,25
**Riccio** 2:6 3:7 7:12 8:1 9:6,8 12:23 13:25 14:21 16:6 20:19,25 21:6,21 22:2,9,14 25:9 25:18,22 26:3 27:14 32:6 33:2 33:5,10,13,21 34:6 35:5 36:1 36:10 37:3,5,17 38:7,16 39:5,10 47:5,12,15,23 49:14 50:17,21 54:16,21 55:1 59:16,19 60:2,6 60:9 61:14,24 62:20 63:6,15 65:18,24 66:2,8 67:3,5,15,21 68:13 69:19 71:16 76:18,22 80:22 81:24 82:3 82:5 83:6 92:7 92:11,14 93:8
**right** 7:3 11:3,23 12:5,12,19 13:11 13:19 14:4,11,17 15:4,16,22 16:16 16:22 17:4,23 18:5,11,17,24 19:8,17,24 20:7 20:24 23:3,14,25 24:7,16,23 25:5 25:23 26:16 27:4 27:24 28:6,12,19 29:2,8,23 30:19 31:5,14,22 32:13 33:10 34:2,18 38:1 39:14 41:25 42:2 60:5 61:20 62:14 83:8
**rights** 21:9 22:8 35:14,18,21 41:13,19,22 61:19,23 62:1,12 71:14
**rise** 41:1
**risk** 86:8,13
**risking** 13:15
**role** 40:12
**Ron** 4:1 7:21
**Ronald** 2:6 9:8
**Rosie** 4:5
**rriccio@mdmc-l...** 2:6
**rrubin@lswlaw....** 2:12
**Rubin** 2:13 4:5

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

104

rules 36:11,15,25

S

S 1:5,16 2:1 3:12
same 9:20 11:18 16:11 37:16,17 37:19,22,24 39:20 40:21 41:17 42:12,16 42:21 43:1,6,10 43:16,22 44:3,9 44:14,18,22 45:2 45:6,10,15,19 46:1,13,16,21,25 47:4 49:1,5,24 50:1,25 51:3,6,9 51:13,19,21,23 51:25 52:2,4,6,8 52:11,14,17,20 53:1,5 55:5,11 55:16,22 56:4,8 56:15,20,25 57:2 57:10,12,17,21 57:24 58:4,7,11 58:14,20,23,25 59:3,5,9,21 60:19,20 61:1,4 61:6,8,10 64:5 64:10,17,21,25 65:3,6 66:15,18 66:21,25 67:25 68:9,12,20,22,25 69:4,9,14,18 70:14,17,21 71:1 71:9,12,14,20,23 72:1,4,8,12,16 72:19,22,25 73:3 73:8,11,15 74:11 74:15,19,23 75:3 75:8,13,18,23 76:3,11,15 77:1 77:5,11,20,25 78:5,8,14,18,22 79:2,5,10,16,23 80:3,7,11,16 81:4,11 82:10,14 82:17,22 83:2,14 83:17,21,25 84:3 84:10,14,20 85:1 85:5,9,15,21,25 86:6,9,16,24 87:3,8,12,17,21 88:2,5,10,15,19 89:6,12,16,20,23 90:2,5,10,14,19 90:24 91:4,9,12 91:15,18,23 92:2 92:6,20,21,22 93:7
sanctions 34:18 36:20
satisfactorily 5:18
saw 84:1
saying 62:9
says 22:17 33:1,8 33:11 59:6,11 65:17,22 66:1
scheme 5:8 30:24 42:10,15 43:18 43:25 46:10,20 64:8,12 70:20,24 75:11 76:14 77:3 77:8 78:3,11 79:8,21,25 80:5 82:21 84:17,24 87:6,15 88:8
school 51:20,22,24 52:3,5 56:18
SEC 51:2,5,8 56:13 76:12,14 77:2,7,15,23 78:10,24 79:7,7 79:13,19,20 81:21 82:2,5,12 82:25 85:3,7,11 85:12,19
second 40:4 67:2 76:17
secondly 34:23
seconds 8:19
secretly 45:20
secured 5:5,12
securities 4:10,13 4:14,15 5:24,25 53:9,11 59:24 60:1,3,4 76:7
SEC's 79:12
see 27:11,12,19 68:13
seek 6:11
seen 14:2 38:23 61:2 69:17 71:8
seized 4:15
self-incrimination 13:16
self-serving 7:15
senior 24:12 64:13
Sent 82:3,5
sentence 20:25 40:7,9,24
sentences 27:10,17 29:14,21
separate 79:13
September 90:12
series 5:19 53:6 57:6,7,7
served 27:21 58:8
sets 74:17,21,25
seventh 59:16
Shana 14:15 15:1 24:21 25:2
sharpest 6:8
show 13:4 63:19
showed 39:9,11
showing 17:2
sides 7:23
SIFFERT 1:20 2:10
significant 66:16 66:19
significantly 8:4
silently 26:9
simply 37:13
since 22:15 37:1
SIPC 19:4,13 30:9 50:7 51:11 56:13 93:4
sit 13:23 20:23 35:16 61:21
situation 41:4
six 79:12
ski 46:8,14
skill 44:6
solely 74:7
some 21:14 22:6 30:23,25 31:10 35:2,22 91:5
somehow 41:13
something 23:9 39:8,10 53:20 61:16
son-in-law 51:4,7
sorry 22:19
sort 21:15 35:2,23
sought 30:25
Southern 4:20 49:12
Spada 2:13 4:1,4 7:21 8:15,20 11:9,13,18 13:23 15:14,20 16:1,3 16:9,11 17:1,10 20:5,17,20 21:1 21:3,8,25 22:4 22:12 23:7 25:17 25:19 26:1 27:12 29:15 31:2,12 32:1,5,24 33:3,7 33:11,14,18 34:19 35:15 36:4 37:1,15,19 39:1 39:8,12 40:18 41:9,20 42:4 43:14,20 44:1,7 44:12,16,20 45:24 46:11 47:9 47:14,19 48:10 48:21 49:8,16 50:2,10,20,22 51:17 52:25 53:18,22 54:4,11 54:18,22 55:4,10 55:15,21 56:2,14 56:19,24 57:9,16 57:20,25 58:3,6 58:10,19,22 59:2 59:15,17,23 60:4 60:17 61:11,18 62:7,16 63:5,9 63:23 64:15 65:7 65:16,21,25 66:7 66:14 67:1,9 69:3,8,13 71:13 71:17 73:25 74:10,18,22 75:2 75:7,12,17,22 76:2,10,16,25 77:4,10 78:4,13 78:17,21 79:1,9 79:15,22 80:2,6 80:15,19 81:3,10 81:22 82:1,4,6 83:1,4,13,16,20 83:24 84:9,13,19 84:25 85:20 86:15,23 87:2,7 87:11,16,20 88:1 88:9,14,18 89:11 89:15,19 90:9,13 90:18,23 91:3,8 91:11,14,17,22 92:1,5,9,19 93:6 93:10
speak 61:5
specific 36:12
specifically 34:9 34:15 69:24
spell 36:17
spoke 52:23
SRC 1:2
stand 28:10
standing 25:14
state 1:18 34:20 35:2 64:22 65:5 94:19
stated 5:3 11:19 41:22,22 47:10 49:10 50:12
statement 4:2 7:16 11:19 22:25 30:5 37:25 69:6 70:12 81:25
statements 4:17 64:18 66:10 67:8 68:24 87:25
states 1:1 5:9 11:4 11:24 12:6,13,20 13:12,20 14:5,12 14:18 15:5,17,23 16:17,23 17:5,24 18:2,6,12,18,25 19:4,9,13,18,25 20:8 23:4,15 24:1,8,17,24 25:6 26:17 27:5 27:25 28:7,13,20 29:3,9,24 30:9 30:20 31:6,15,23 32:14,17 34:3 38:2 39:15 49:3 50:6 56:12 93:4
status 49:20
stay 6:23
stealing 43:12,23
stenographic 1:16
stenographically 9:23 94:6
Stephen 2:7 9:10
steps 84:22
still 4:22 67:15
stipulate 81:24
stipulated 39:18 67:13
stipulation 47:5 67:5
stopped 31:11
strike 30:3 41:25 44:23 46:4,7,22 48:5 53:23 55:6 72:14 74:5 76:5 77:16,17 84:6 88:23
strip 73:2
strong 40:13 41:2
structure 58:17 60:11,12
subject 5:1 11:20 34:10 48:17 49:6 49:13 51:11
Submit 82:4
submitted 66:22
submitting 85:18
Subscribed 95:17
substance 41:24
substantial 8:8
substantially 43:11
sufficient 92:17,25
suggest 35:12
suggestions 84:4

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

supervisory 32:18 34:13
supported 35:24 36:15,25
Supreme 7:5
sure 8:20 25:17,19 63:9 84:22 87:5 92:9
surprised 70:18,23
SUSAN 1:17 94:18
suspected 77:2
Switzerland 46:6 46:15
sworn 9:3 95:17

T

T 1:16,16 2:13 3:12 9:1 94:1,1
take 6:21 7:25 9:20 13:5 15:8 15:10 17:8 20:11 23:18 26:4,20 32:3 34:24 35:6 37:2 38:20 46:14 62:22,23 63:8,16 63:22 68:16 69:15,22 71:2 80:17 81:18 83:3 88:20,22
taken 1:19 35:6,7 83:8 91:16 94:5
taking 21:23 35:12 37:8 42:3 91:6
talk 30:7 52:18 70:15
talked 52:15
talking 59:12
target 11:16 49:14 49:21,22
taxpayer 67:7,18
teenager 52:9
tell 9:19 13:5 62:10,15
ten-minute 37:6
term 85:23 86:7
terms 60:6
testified 55:19
testifies 9:4
testify 9:21 10:24 50:16
testifying 54:20
testimony 6:20 21:15 22:7 30:14 47:25 54:2 94:5 95:5
Thanks 93:10
their 42:18 43:4 44:11 45:14,18 49:13
thing 62:3
things 8:5 36:22 50:20,21 62:9
think 17:10 35:3 35:23 47:10 54:3 59:25
third 27:9,16 29:13,20 33:21 59:8
thirty-seconds 13:16
thousands 5:7
three 36:13
through 13:17 15:11 21:11 47:12 71:5 72:11 80:12 88:23,24 89:3
Thursday 1:21
time 4:19 7:4 10:2 10:15,15 15:10 25:16,21 30:23 33:21 37:2 42:19 42:24 43:4,8,13 45:7,12,16 52:15 64:7 68:5 73:4 73:21 78:12 84:2 86:19 89:25 93:9 94:6
times 6:6 24:12,20 25:3
today 7:18 9:9 10:1,24 14:2 30:14 38:24 41:13 42:3 50:13 54:3,19 62:5 67:17 73:22 92:16 93:2
told 4:7
top 40:23
total 90:15
Traders 53:9
trades 64:9
trading 22:24 23:12 32:20
trading/chief 72:6
training 44:6 85:22
transcribed 9:23 10:12
transcript 94:5 95:3,5
traveled 46:6
treacherous 7:11
treatment 67:12 67:14
trial 9:21
trick 41:12 62:18 62:21 63:2
tried 31:9
Trif 2:7 9:10
trip 46:9,14
true 24:5 28:16,23 31:1,9 89:4,9,18 94:4 95:4
trust 44:5 53:10
trustee 4:12 19:4 19:14 30:9 50:7 51:11 56:13 93:4
truth 9:19
try 21:14
trying 41:12 62:18 62:21,22
turn 39:24 40:22
two 4:24 8:18 36:13 65:10,11 74:16,21,25

U

unable 10:24 70:10
uncover 76:14 79:8 84:24
uncovered 77:8 78:11 87:6
under 4:13 7:24 11:4,24 12:6,13 12:20 13:12,20 14:5,12,18 15:5 15:17,23 16:17 16:23 17:5,24 18:6,12,18,25 19:9,18,25 20:8 23:4,15 24:1,8 24:17,24 25:6 26:17 27:5,25 28:7,13,20 29:3 29:9,24 30:20 31:6,15,23 32:14 34:3 38:2 39:15 71:14 87:23
understand 8:12 10:3,8,13,21 20:20 21:21 23:23 26:14 27:2 32:11 33:18 36:2 36:7 59:25 73:21
understanding 10:6 29:19 49:22 50:18 58:17 81:21
understood 7:23 10:5 22:12 25:18 26:1 37:21 39:22
undetected 75:11
United 1:1 5:9 11:4,24 12:6,13 12:20 13:12,20 14:5,12,18 15:5 15:17,23 16:17 16:23 17:5,24 18:6,12,18,25 19:4,9,13,18,25 20:8 23:4,15 24:1,8,17,24 25:6 26:17 27:5 27:25 28:7,13,20 29:3,9,24 30:9 30:20 31:6,15,23 32:14 34:3 38:2 39:15 49:3 50:6 56:12 93:3
unless 10:19
until 6:23 8:15 18:22 19:22 20:24 22:8 41:15
unwilling 6:20
used 80:13
using 60:6
utilized 69:2
U.S 4:19 5:3,12 7:5 49:11

V

vaguely 36:7
various 6:2,6 24:12,20 25:2 40:10 53:7 60:13
verbalize 10:10
verified 74:13
very 41:6 62:25
vice 27:22
victims 5:15
view 8:5 34:8
violation 34:16
violations 5:24 76:7
virtue 79:24
visit 68:5
vs 1:9 5:10 7:6 9:12 13:2

W

waived 35:21 61:23
waiver 34:17,22 35:3,23 62:10,12
waiving 41:13 62:14
want 17:15 21:17 21:21 22:5 61:24 62:11 92:7
wanted 34:24
wantonly 80:5
wasn't 35:6
way 15:1 35:20
well 22:15 34:12 37:1 54:16,18 62:14 65:24 67:15 88:23
went 56:18 64:22
were 9:21 23:10 24:12 28:16,24 31:10,19 42:19 42:24 43:5,9,13 45:8,12,13,17,17 52:9 55:9 56:7 58:18 60:10 64:9 64:13,19 66:11 66:17 70:18,23 72:2 73:10,14 74:7 78:6,15 79:3,11 82:11 84:8 86:1,22 91:6,7
we'll 67:11
we're 7:23,24 8:20 9:25 21:11 36:19 37:5 60:6 62:5 67:5,15
we've 11:19 41:22 50:12
while 86:1
whole 13:24 77:17
wide-ranging 4:21
wife 14:15
willfully 80:5
witness 3:3 9:2 11:5,14,25 12:7 12:14,21 13:7,13 13:21 14:6,13,19 15:6,12,18,24 16:4,12,18,24 17:6,14,25 18:7 18:13,19 19:1,10 19:19 20:1,9,13 20:18,22 21:4,13 22:10 23:5,8,16 23:20 24:2,9,18 24:25 25:7,13 26:6,11,18 27:6 28:1,8,14,21 29:4,10,16,25 30:21 31:7,16,24 32:8,15 33:4 34:4,7 36:5,12 37:8 38:3,25 39:16 40:3,20 41:10,12 42:7 47:21 49:15 50:14 53:19

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com

106

59:14 61:19 62:17,19,21 63:2 63:25 65:18,20 65:20 66:2,5 68:18 69:16 70:1 71:4 74:2 80:23 83:7 88:21,25
**WOHL** 1:20 2:10
**words** 27:18 32:23 33:8,9,19,24
**work** 18:21 23:11
**worked** 19:22 24:21 58:13,16 60:24 73:6
**working** 58:18 67:15
**world's** 77:15 80:20
**worth** 4:16
**wouldn't** 62:9,11
**written** 57:18 83:12,18,22
**wrong** 53:21 54:8 54:19,23
**wrongdoing** 40:10

X

**X** 3:1,12
**XI001220** 1:19 94:18

Y

**year** 6:5,7
**yearly** 86:21
**years** 4:16 5:20 18:9 22:22 23:10 34:10 42:14 58:13,16 64:7,12 80:1
**York** 1:21,21 2:11 2:11 4:20 28:17 28:25 49:12 53:10 59:8

$

**$16** 90:1,17,21,25
**$3** 90:12
**$32,000** 90:17,20
**$6** 90:4
**$6.9** 90:7
**$60** 43:24

0

**07962-2075** 2:4
**09-00816** 1:2

1

**1** 12:25 46:17 57:6
**1:40** 93:11
**10:45** 1:22
**10110-3398** 2:11
**11** 17:8,12,16 18:2 34:12 69:21
**12** 1:21 3:15
**13** 20:11 22:16,18 22:21
**1300** 2:3
**14** 3:16 23:18 24:4 24:12
**15** 26:8,22 27:8,10 27:17 28:23 29:6 29:14
**17th** 67:23 68:2,6
**17-19** 59:7
**18** 39:24 40:5
**19** 40:22
**1969** 18:21 19:21 72:11
**1992** 76:23 77:3,9 79:19

2

**2** 14:24
**20** 42:14 64:7,12 80:1
**20-plus** 6:5,6
**2000** 77:12,21
**2001** 3:22 7:5 77:13,22 81:12 83:15,23
**2002** 90:3
**2003** 78:23 79:8 90:7
**2004** 46:8,15
**2005** 77:13,22 80:21 90:8,12
**2006** 90:12
**2007** 87:19,23
**2008** 4:7,12 18:22 19:22 46:3,5,17 69:21 70:7,13,16 72:11
**2009** 1:21 38:18 95:18
**2010** 94:21
**2075** 2:4
**212** 2:11
**26** 69:24,25

3

**3** 38:12,20 40:1
**30** 78:2,16 94:21
**31** 88:23 89:3
**32** 88:22
**33rd** 2:10
**34** 88:24 89:3
**35** 88:24
**38** 3:18,20

4

**4** 38:14,18,21
**40** 4:16 34:10 58:13,16
**48** 32:3,17,23

5

**5** 63:13,24 65:10 65:11,17
**5/7/01** 3:24 81:15
**500** 1:20 2:10
**55** 57:7

6

**6** 81:13
**63** 18:9

7

**7** 57:7 59:11 80:21 81:16 83:23

8

**81** 3:22,24
**885** 59:8

9

**9** 3:7 70:7,13,16
**921-8399** 2:11
**973** 2:5
**993-8100** 2:5

Rizman Rappaport Dillon&Rose, LLC
Certified Court Reporters

66 W. Mt. Pleasant Avenue
Livingston, NJ 07039
(973) 992-7650 Fax (973) 992-0666
1-888-444-DEPS
E-mail: reporters@rrdrcsr.com