UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG and ELLEN LAUTENBERG, <br><br> Plaintiffs, <br><br> -against- <br><br> PETER MADOFF, <br><br> Defendants. | ECF Case <br><br> Civil Action No.: 09-00816 (SRC) (MAS) <br><br> **DECLARATION OF ELLEN LAUTENBERG** |

I, Ellen Lautenberg, being duly sworn, hereby depose and say:

1. I am a plaintiff in this action. I respectfully submit this declaration in support of plaintiffs' motion for summary judgment.

2. Attached hereto as Exhibit A is a true and correct copy of the May 22, 2009 Notice of Trustee's Determination of Claim that I received from the Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC ("BMIS"). This report accurately reflects the amount of money I deposited into my account at BMIS less any withdrawals.

3. In addition, since that date, I received a $500,000 payment from the Trustee.

4. Consequently, my losses are at least $100,000.

I declare under the penalty of perjury the foregoing is true and correct to my best information and belief.

Date: March 8, 2010

Ellen Lautenberg

# EXHIBIT A



# BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

DECEMBER 11, 2008[1]

## NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

May 22, 2009

Ellen Lautenberg
10 Woody Lane
West Port, CT 06880

Dear Ms. Lautenberg:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1L0210 designated as Claim Number 004511:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $600,000.00, which is the amount of money you deposited with BLMIS for the purchase of securities less the withdrawals from your account as outlined in Table 1.

---

[1] Section 78lll(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78lll(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

300011596.1

| - TABLE 1 - | |
|---|---|
| **DEPOSITS** | |
| DATE | AMOUNT |
| 8/27/2003 | $600,000.00 |
| 11/8/2005 | $20,000.00 |
| Total deposits: | $620,000.00 |
| **WITHDRAWALS** | |
| DATE | AMOUNT |
| 12/6/2005 | $20,000.00 |
| Total withdrawals: | $20,000.00 |
| Total deposits less withdrawals: | $600,000.00 |

Your ALLOWED CLAIM of $600,000.00 will be satisfied in the following manner:

The enclosed PARTIAL ASSIGNMENT AND RELEASE must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized PARTIAL ASSIGNMENT AND RELEASE, the Trustee will make a partial satisfaction of your ALLOWED CLAIM by sending you a check in the amount of $500,000.00, with the funds being advanced by Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA. The remainder of your claim - $100,000.00 - will remain as a claim against the fund of customer property.

It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

> The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

Id. at 634.

It is not known at this time when the Trustee will be filing such allocation and distribution motion.

300011596_1

**PLEASE TAKE NOTICE:** If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you **MUST** file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within **THIRTY DAYS** after May 22, 2009, the date on which the Trustee mailed this notice.

**PLEASE TAKE FURTHER NOTICE:** If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

> Clerk of the United States Bankruptcy Court for
> the Southern District of New York
> One Bowling Green
> New York, New York 10004

> and

> Irving H. Picard, Trustee
> c/o Baker & Hostetler LLP
> 45 Rockefeller Plaza
> New York, New York 10011

_____
Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

CC: Michael Griffinger
   Gibbons P.C.
   One Gateway Center
   Newark, NJ 07102

300011596.1