UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG and ELLEN LAUTENBERG, | Civil Action No.: 09-00816 (SRC) (MCA) |
| Plaintiffs, | *Document electronically filed.* |
| -against- | **DECLARATION OF ELEANOR RIGOLOSI** |
| PETER MADOFF, | |
| Defendants. | |

I, Eleanor Rigolosi, being duly sworn, hereby depose and say:

1.     I am the assistant secretary for the Lautenberg Foundation ("Foundation"), a plaintiff in this action, and am authorized to submit this declaration on its behalf in support of plaintiffs' motion for summary judgment.

2.     Attached hereto as Exhibit A is a true and correct copy of the September 24, 2009 Notice of Trustee's Determination of Claim that the Foundation received from the Trustee for the Liquidation of the Business of Bernard L. Madoff Investment Securities LLC ("BMIS"). This report accurately reflects the amount of money the Foundation deposited into its account at BMIS less any withdrawals.

3.     In addition, since that date, the Foundation received a $400,000 payment from the Trustee.

4.     Consequently, the Foundation's losses are at least $5,922,000.

# EXHIBIT A

I declare under the penalty of perjury the foregoing is true and correct to my best information and belief.

Date: March 10, 2010

Eleanor Rigolosi



## BERNARD L. MADOFF INVESTMENT SECURITIES LLC

In Liquidation

### DECEMBER 11, 2008[1]

### NOTICE OF TRUSTEE'S DETERMINATION OF CLAIM

September 24, 2009

The Lautenberg Foundation
P.O. Box 960
Cliffside Park, NJ 07010

Dear The Lautenberg Foundation:

### PLEASE READ THIS NOTICE CAREFULLY.

The liquidation of the business of BERNARD L. MADOFF INVESTMENT SECURITIES LLC ("BLMIS") is being conducted by Irving H. Picard, Trustee under the Securities Investor Protection Act, 15 U.S.C. § 78aaa et seq. ("SIPA"), pursuant to an order entered on December 15, 2008 by the United States District Court for the Southern District of New York.

The Trustee has made the following determination regarding your claim on BLMIS Account No. 1L0192 designated as Claim Number 004698:

Your claim for securities is **DENIED**. No securities were ever purchased for your account.

Your claim is **ALLOWED** for $6,422,000.00 which was the balance in your BLMIS Account on the Filing Date based on the amount of money you deposited with BLMIS for the purchase of securities, <u>less</u> subsequent withdrawals, as outlined in Table 1, <u>plus</u> the preferential $100,000.00 as discussed below.

---

1 Section 78*lll*(7)(B) of SIPA states that the filing date is "the date on which an application for a protective decree is filed under 78eee(a)(3)," except where the debtor is the subject of a proceeding pending before a United States court "in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced." Section 78*lll*(7)(B). Thus, even though the Application for a protective decree was filed on December 15, 2008, the Filing Date in this action is on December 11, 2008.

| Table 1 | | |
|---|---|---|
| **DEPOSITS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 3/29/2001 | CHECK WIRE | $747,000.00 |
| 3/30/2001 | CHECK WIRE | $778,000.00 |
| 4/2/2001 | CHECK WIRE | $530,000.00 |
| 4/3/2001 | CHECK WIRE | $626,000.00 |
| 4/5/2001 | CHECK WIRE | $549,000.00 |
| 4/5/2001 | CHECK WIRE | $442,000.00 |
| 4/11/2001 | CHECK WIRE | $600,000.00 |
| 4/11/2001 | CHECK WIRE | $550,000.00 |
| 4/18/2001 | CHECK WIRE | $1,000,000.00 |
| 2/15/2002 | CHECK WIRE | $500,000.00 |
| 4/26/2002 | CHECK WIRE | $1,000,000.00 |
| **Total Deposits:** | | $7,322,000.00 |
| **WITHDRAWALS** | | |
| **DATE** | **TRANSACTION DESCRIPTION** | **AMOUNT** |
| 10/12/2005 | CHECK | ($150,000.00) |
| 9/7/2006 | CHECK WIRE | ($500,000.00) |
| 3/29/2007 | CHECK | ($50,000.00) |
| 3/19/2008 | CHECK | ($100,000.00) |
| 11/3/2008 | CHECK | ($200,000.00) |
| **Total Withdrawals:** | | ($1,000,000.00) |
| **Total deposits less withdrawals:** | | $6,322,000.00 |

As discussed on September 15, 2009, by my legal counsel, Tom Wearsch, and Michael Griffinger of Gibbons P.C., counsel to The Lautenberg Foundation, the last withdrawal from your BLMIS Account was made within 90 days of the Filing Date and is therefore a preferential transfer which is recoverable by the Trustee under 11 U.S.C. §§547(b) and 550(a). Mr. Griffinger agreed with Mr. Wearsch that to facilitate the prompt partial satisfaction of your allowed claim, the Trustee was authorized to deduct the preferential payment of $100,000.00 from his initial payment to you.

Accordingly, your **ALLOWED CLAIM** of $6,422,000.00 will be satisfied in the following manner:

The enclosed **PARTIAL RELEASE AND ASSIGNMENT** must be executed, notarized and returned in the envelope provided herewith. Upon receipt of the executed and notarized **PARTIAL RELEASE AND ASSIGNMENT**, the Trustee will make a partial satisfaction of your **ALLOWED**

2

CLAIM by sending you a check in the amount of $400,000.00 - the $500,000.00 advanced by the Securities Investor Protection Corporation pursuant to section 78fff-3(a)(1) of SIPA, less the repayment of the preferential $100,000.00. In addition, you will be entitled to receive an additional distribution based upon your ALLOWED CLAIM from the fund of customer property, if any.

   The manner of this allowance and partial satisfaction of your ALLOWED CLAIM shall be in final settlement of any preference action the Trustee may have otherwise brought against you.

   It is the Trustee's intent, pursuant to SIPA, to submit a Motion for an order of the Bankruptcy Court to allocate assets he has collected and will collect between the fund of customer property and the general estate and to distribute customer property *pro rata* among allowed claimants, such as you. In a decision in this case, Rosenman Family, LLC v. Picard, 401 B.R. 629, 634 (Bankr. S.D.N.Y. 2009), the Bankruptcy Court stated:

>    The customer estate is a fund consisting of customer property and is limited exclusively to satisfying customer claims. In re Adler Coleman Clearing Corp. (Adler Coleman II), 216 B.R. 719, 722 (Bankr. S.D.N.Y. 1998) ("A SIPA trustee, distributes 'customer property' exclusively among the debtor's customers...."); see also 15 U.S.C. § 78*lll*(4). Accordingly, Customers, as defined by SIPA § 78*lll*(2), enjoy a preferred status and are afforded special protections under SIPA. See New Times Securities, 463 F.3d at 127; Adler Coleman, 195 B.R. at 269."

   Id. at 634.

   It is not known at this time when the Trustee will be filing such allocation and distribution motion.

   Should a final and unappealable court order determine that the Trustee is incorrect in his interpretation of "net equity" and its corresponding application to the determination of customer claims, the Trustee will be bound by that order and will apply it retroactively to all previously determined customer claims in accordance with the Court's order. Nothing in this Notice of Trustee's Determination of Claim shall be construed as a waiver of any rights or claims held by you in having your customer claim re-determined in accordance with any such Court order.

PLEASE TAKE NOTICE: If you disagree with this determination and desire a hearing before Bankruptcy Judge Burton R. Lifland, you MUST file your written opposition, setting forth the grounds for your disagreement, referencing Bankruptcy Case No. 08-1789 (BRL) and attaching copies of any documents in support of your position, with the United States Bankruptcy Court **and** the Trustee within THIRTY DAYS after Thursday, September 24, 2009, the date on which the Trustee mailed this notice.

PLEASE TAKE FURTHER NOTICE: If you do not properly and timely file a written opposition, the Trustee's determination with respect to your claim will be deemed confirmed by the Court and binding on you.

3

**PLEASE TAKE FURTHER NOTICE:** If you properly and timely file a written opposition, a hearing date for this controversy will be obtained by the Trustee and you will be notified of that hearing date. Your failure to appear personally or through counsel at such hearing will result in the Trustee's determination with respect to your claim being confirmed by the Court and binding on you.

**PLEASE TAKE FURTHER NOTICE:** You must mail your opposition, if any, in accordance with the above procedure, to each of the following addresses:

Clerk of the United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, New York 10004

and

Irving H. Picard, Trustee
c/o Baker & Hostetler LLP
45 Rockefeller Plaza
New York, New York 10011

Irving H. Picard

Trustee for the Liquidation of the Business of
Bernard L. Madoff Investment Securities LLC

cc:     Michael Griffinger
        Gibbons P.C.
        One Gateway Center
        Newark, NJ 07102

4