# EXHIBIT A

CERTIFICATE OF INCORPORATION

of

THE FRANK R. AND LOIS LAUTENBERG FOUNDATION

(A Delaware Non-Stock Corporation)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON
ATTORNEYS AND COUNSELLORS AT LAW
575 MADISON AVENUE
NEW YORK, N.Y. 10022
MU 8-5600

CERTIFICATE OF INCORPORATION

of

THE FRANK R. AND LOIS LAUTENBERG FOUNDATION
(A Delaware Non-Stock Corporation)

I, the undersigned, in order to form a non-profit non-stock corporation for the purposes hereinafter stated, under and pursuant to the provisions of the General Corporation Law of the State of Delaware, being Chapter I of Title 8 of the Revised Code of 1953, as amended by Chapter 50 of the Laws of 1967, and Acts supplemental thereto, do hereby certify as follows:

1.   NAME.

The name of the Corporation (the "Corporation") is:

THE FRANK R. AND LOIS LAUTENBERG FOUNDATION

2.   REGISTERED OFFICE AND AGENT.

The registered office of the Corporation is No. 129 South State Street, City of Dover, County of Kent, State of Delaware. The name of its registered agent is United States Corporation Company, whose address is 129 South State Street, in said City.

3.   PURPOSES AND POWERS.

3.1.   The objects and purposes of the Corporation shall be exclusively charitable, educational and scientific

within the meaning of section 501(c)(3) of the United States Internal Revenue Code of 1954, as the same may be amended from time to time.

Accordingly, the Corporation's powers shall be limited to the following:

3.1.1.  To make grants to organizations (i) which are exempt from income tax under section 501(c)(3) of the United States Internal Revenue Code of 1954, or (ii) contributions which are deductible under section 170(c)(1) of such Code, as such sections and such Code may be amended;

3.1.2.  To receive and maintain funds and apply the income and principal thereof to the objects and purposes set forth in section 3.1; and, to that end, to take and receive, by bequest, devise, gift or benefit of trust, any property, real or personal, tangible or intangible, wheresoever located;

3.1.3.  To exercise its rights, powers and privileges by holding meetings of its members and Board of Directors, by keeping its books, by employing personnel, and by establishing one or more offices, branches, subdivisions and agencies, in any part of the United States of America; and,

3.1.4.  To do everything and anything reasonably and lawfully necessary, proper, suitable or convenient to achieve the objects and purposes set forth in section 3.1, provided, however, that the Corporation may not exercise any power, either express or implied, in such a manner as to disqualify the Corporation from exemption from income tax under section 501(c)(3) of the United States Internal Revenue Code of 1954, as the same may be amended;

3.2.1.  It is the intention of the Corporation at all times to qualify and remain qualified as exempt from income tax under section 501(c)(3) of the United States Internal Revenue Code of 1954, as the same may be amended.  Accordingly:

3.2.2.  The Corporation shall not be conducted or operated for profit, and no part of the net earnings of the Corporation shall inure to the benefit of any Member or individual; nor shall any of such net earnings nor any of the property or assets of the Corporation be used other than for the objects and purposes of the Corporation as set forth in section 3.1;

3.2.3.  No substantial part of the activities of the Corporation shall consist of carrying on propaganda, or otherwise attempting to influence legislation; nor shall the Corporation participate in, or intervene in (by the

publishing or distributing of statements or otherwise), any political campaign on behalf of any candidate for public office;

3.2.4.   In the event of a liquidation, dissolution, termination or winding up of the Corporation (whether voluntary, involuntary or by operation of law), none of the property or assets of the Corporation shall be made available in any way to any individual, corporation, or other organization, except to corporations or other organizations located in the United States which qualify as exempt from income tax under section 501(c)(3) of the United States Internal Revenue Code of 1954, as the same may be amended.

4.   INCORPORATOR.

4.1.   The name and mailing address of the incorporator is:

| Name | Address |
|------|---------|
| Alan N. Cohen | 575 Madison Avenue New York, N.Y. 10022 |

4.2.   The powers of the incorporator are to terminate upon the filing of this Certificate of Incorporation in the manner required by the General Corporation Law of Delaware.

5.   DIRECTORS.

5.1.   The names and addresses of the persons who are to serve as Directors until the first annual meeting of the Members are as follows:

| Name | Address |
| --- | --- |
| Frank R. Lautenberg | 36 Stonebridge Road<br>Montclair, New Jersey |
| Lois Lautenberg | 36 Stonebridge Road<br>Montclair, New Jersey |
| Alan N. Cohen | 77 Myrtle Avenue<br>Montclair, New Jersey |

5.2.   The affairs of the Corporation shall be managed, and all powers of the Corporation shall be exercised, by the Board of Directors, except as otherwise provided by law.

5.3.   The powers of the Board of Directors, unless otherwise specified in the By-laws, shall include the power to borrow money and give security in the name of the Corporation without limit as to amount, but only in furtherance of the stated objects and purposes of the Corporation; and to authorize any and all donations, gifts, contributions and awards which the Corporation is authorized to make.

5.4.   The Board of Directors may, by resolution passed by a majority of the whole Board, designate one or more committees, each committee to consist of two or more of the Directors of the Corporation.   The Board may designate one or more Directors as alternate members of any committee,

who may replace any absent or disqualified member at any meeting of the committee. Any such committee, to the extent provided in the resolution, shall have and may exercise the powers of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

5.5. The Corporation shall not have authority to issue any capital stock.

5.6. The number of directors which shall constitue the whole Board shall be fixed by the By-laws, but in no case shall the number be less than three.

5.7. Election of Directors, their term of office, quorum and voting requirements, classes of Directors, and filling of vacancies shall be as provided by the By-laws.

6. BY-LAWS.

6.1. The Corporation shall adopt By-laws, which shall set forth the procedures for the election of Members and Directors of the Corporation, and may contain such other provisions for the regulation of the affairs of the Corporation as from time to time shall be deemed advisable. Such By-laws, to the extent permitted by law and this Certificate of Incorporation, are to be adopted in the first instance by the persons

named in section 5.1 to serve as Directors, and thereafter the
Board of Directors may from time to time make, amend, or repeal
By-laws; provided, that any By-law made, amended or repealed
by the Board of Directors may be amended or repealed, and any
By-laws may be made, by the Members.

6.2.  The Members of the Corporation, shall, in
the first instance, be elected by the persons named in section
5.1 to serve as Directors; thereafter, the admission of all
other persons to membership in the Corporation, the conditions
of membership, the rights and obligations of Members and the
classification of Members, if any, shall be as provided in
the By-laws.

6.3.  The private property of the Members, Di-
rectors and officers of the Corporation shall not be subject
to the payment of corporate debts to any extent whatsoever.

IN WITNESS WHEREOF, I have signed and acknowledged
this Certificate of Incorporation this 7th day of December,
1967.

Alan N. Cohen
575 Madison Avenue
New York, N.Y. 10022

STATE OF NEW YORK   )
                    :   ss.:
COUNTY OF NEW YORK  )

BE IT REMEMBERED, that on the /\ day of December, 1967, before me, a notary public in and for the County and State aforesaid, personally came Alan N. Cohen, a party to the foregoing Certificate of Incorporation, known to me personally to be such, and acknowledged the said Certificate to be the act and deed of such signer, and that the facts therein stated are truly set forth.

GIVEN under my hand and seal of office the day and year aforesaid.

_____
Notary Public

BEATRICE B. DALY
Notary Public, State of New York
No. 31-0250
Qualified in New York County
Commission Expires March 30, 1969



# State of Delaware

## Office of Secretary of State

I, Elisha C. Dukes, Secretary of State of the State of Delaware, do hereby certify that the above and foregoing is a true and correct copy of

Certificate of Incorporation of "THE FRANK R. AND LOIS LAUTENBERG FOUNDATION", as received and filed in this office the twentieth day of December, A.D. 1967, at 9 o'clock A.M.

In Testimony Whereof, I have hereunto set my hand and official seal at Dover this _____ twentieth _____ day of _____ December _____ in the year of our Lord one thousand nine hundred and _____ sixty-seven.



_____
Secretary of State

_____
Ass't Secretary of State

FORM 12 1

**EXHIBIT B**

Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Attorneys for Defendant Peter Madoff

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG and ELLEN LAUTENBERG, | : | Civil Action No. 09-00816 (SRC) (MAS) |
| | : | |
| Plaintiffs, | : | **ANSWER OF DEFENDANT** |
| | : | **PETER MADOFF** |
| | : | |
| vs. | : | |
| | : | *DOCUMENT ELECTRONICALLY FILED* |
| PETER MADOFF, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Defendant Peter Madoff, by his attorneys Lankler Siffert & Wohl LLP and Saiber

LLC, hereby answers and asserts defenses, pursuant to Fed. R. Civ. P. 8, to the Complaint of

plaintiffs The Lautenberg Foundation, Joshua S. Lautenberg and Ellen Lautenberg ("Plaintiffs")

as follows:

1.      Defendant admits that Plaintiffs allege that their claims arise under the statutes

cited in paragraph 1 of the Complaint, but denies that there is any basis for those claims.

2.      Defendant denies the allegations in paragraph 2 of the Complaint.

{00589850.DOC}

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Defendant admits the allegations in paragraph 6 of the Complaint.

7.      Defendant denies the allegations in paragraph 7 of the Complaint, except admits that at various times Bernard L. Madoff Investment Securities LLC ("BLMIS") was a registered broker-dealer and proprietary trading firm, and a registered investment advisory firm, and defendant refers to the public filings with the U.S. Securities and Exchange Commission ("SEC") for the dates of those registrations and admits that at times BLMIS had offices on the 17-19 floors of the building located at 885 Third Avenue, New York, NY.

8.      Defendant denies the allegations in paragraph 8 of the Complaint, except admits that at various times BLMIS provided market-making services and investment advisory services to clients.

9.      Defendant denies the allegations in paragraph 9 of the Complaint and refers to Exhibits A and B annexed to the Complaint for their complete contents.

10.     Defendant denies the allegations in paragraph 10 of the Complaint, except admits BLMIS filed with the SEC a Uniform Application for Investment Adviser Registration on or about January 7, 2008 and refers to the entire filing, including all of its parts, for its complete contents.

11.     Defendant denies the allegations in paragraph 11 of the Complaint, except admits that he is an attorney, that he is 63 years old, that he is Bernard L. Madoff's brother, that he worked at BLMIS (or its predecessor sole proprietorship) from in or about June 1969 until December 2008, and refers to the Uniform Application For Investment Adviser Registration that was filed with the SEC on or about January 7, 2008, for its complete contents.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint, except admits that during certain years Defendant was responsible for the day-to-day management of the market-making trading desk at BLMIS.

14.     Defendant denies the allegations in paragraph 14 of the Complaint, except admits that at various times he was a senior managing director, and chief compliance officer of BLMIS (or its predecessor sole proprietorship), and that at various times his daughter worked at BLMIS (or its predecessor sole proprietorship) as a compliance attorney.

15.     Defendant denies the allegations in the first and second sentences of paragraph 15 of the Complaint. Defendant admits the allegations in the third, fourth and fifth sentences of paragraph 15 of the Complaint.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in the first sentence of paragraph 26 of the Complaint, except admits that on or about December 9, 2008, Bernard L. Madoff informed Defendant that there had been requests from clients for redemptions, and that Bernard L. Madoff was unable to meet those obligations. Defendant denies the allegations in the second sentence of paragraph 26 of the Complaint.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.    Defendant denies the allegations of paragraph 28 of the Complaint, except lacks knowledge or information sufficient to form a belief concerning what Bernard L. Madoff told other BLMIS employees on the day before confessing to the Federal Bureau of Investigation.

29.    Defendant admits the allegations in paragraph 29 of the Complaint and refers to the SEC complaint filed against BLMIS and Bernard L. Madoff and the consent order subsequently entered into by the SEC and Bernard L. Madoff for their complete contents.

30.    Defendant admits the allegations set forth in paragraph 30 of the Complaint and refers to the criminal complaint filed against Bernard L. Madoff by the United States Attorney's Office for the Southern District of New York for its complete contents.

31.    Defendant denies the allegations in paragraph 31 of the Complaint.

32.    Defendant denies the allegations in paragraph 32 of the Complaint.

33.    Defendant denies the allegations in paragraph 33 of the Complaint.

34.    Defendant denies the allegations in paragraph 34 of the Complaint.

35.    In response to paragraph 35 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 34 of the Complaint.

36.    Defendant denies the allegations in paragraph 36 of the Complaint.

37.    Defendant denies the allegations in paragraph 37 of the Complaint.

38.    Defendant denies the allegations in paragraph 38 of the Complaint.

39.    Defendant denies the allegations in paragraph 39 of the Complaint.

40.    In response to paragraph 40 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 39 of the Complaint.

41.    Defendant denies the allegations in paragraph 41 of the Complaint.

42.    Defendant denies the allegations in paragraph 42 of the Complaint.

43.    Defendant denies the allegations in paragraph 43 of the Complaint.

44.    Defendant denies the allegations in paragraph 44 of the Complaint.

45.    In response to paragraph 45 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 44 of the Complaint.

46.    Defendant denies the allegations in paragraph 46 of the Complaint and refers to Exhibit B annexed to the Complaint for its complete contents.

47.    Defendant denies the allegations in the first sentence of paragraph 47 of the Complaint, and refers to the Uniform Application For Investment Adviser Registration that was filed with the SEC on or about January 7, 2008, for its complete contents. Defendant denies the allegations in the second sentence of paragraph 47, and refers to Exhibit A to the Complaint for its complete contents. Defendant denies the allegations in the third sentence of paragraph 47 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the fourth sentence of paragraph 47 of the Complaint.

48.    Defendant denies the allegations in the first sentence of paragraph 48 of the Complaint, except admits that at various times he had direct and supervisory involvement in the day-to-day operations of the market-making and proprietary trading operations of BLMIS. Defendant denies the allegations in the second sentence of paragraph 48 of the Complaint.

49.    Defendant denies the allegations in paragraph 49 of the Complaint.

50.    In response to paragraph 50 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 49 of the Complaint.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.    Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     In response to paragraph 55 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 54 of the Complaint.

56.     Defendant denies the allegations in paragraph 56 of the Complaint.

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant denies the allegations in paragraph 58 of the Complaint.

59.     In response to paragraph 59 of the Complaint, Defendant repeats, realleges and incorporates by reference herein his answers to paragraphs 1 through 58 of the Complaint.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Defendant denies the allegations in paragraph 61 of the Complaint.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     The Prayer for Relief does not allege facts requiring a response.  To the extent, however, a response may be required, Defendant denies any allegations in the Prayer for Relief and denies that there is any basis in fact or in law for the relief sought by the plaintiffs.

64.     Defendant denies each and every allegation of the Complaint to the extent not expressly admitted in this Answer.


## DEFENSES

Defendant asserts the following Defenses, reserving the right to assert additional defenses when and if they become appropriate.

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent the Plaintiffs incurred losses on investments with BLMIS and

Bernard L. Madoff, Plaintiffs' losses were caused by the deliberate fraud and conduct of others,

not the conduct of Defendant.

## THIRD DEFENSE

Defendant was not a culpable participant in the underlying fraud of BLMIS and

Bernard L. Madoff.

## FOURTH DEFENSE

Defendant owed no duty to Plaintiffs.

## FIFTH DEFENSE

Defendant did not violate any duty that may have been owed to Plaintiffs.

## SIXTH DEFENSE

Defendant reasonably relied on BLMIS's external auditor who purported to

perform audits of BLMIS and the investment advisory business run by Bernard L. Madoff.

{00589850.DOC}                                   8

<u>**SEVENTH DEFENSE**</u>

To the extent that Plaintiffs are asserting claims for damages based on false profits invested in Plaintiffs' accounts, Plaintiffs cannot recover such false profits from Defendant.

<u>**EIGHTH DEFENSE**</u>

To the extent that Plaintiffs have recovered any of their claimed investment losses from the SIPA Trustee overseeing the claims administration of BLMIS or from other sources, such amounts cannot be claimed as damages recoverable from Defendant.

<u>**NINTH DEFENSE**</u>

The damages, if any, sustained by Plaintiffs were proximately caused by persons over whom Defendant had no control and, therefore, Plaintiffs are barred from recovery from Defendant.

<u>**TENTH DEFENSE**</u>

Plaintiffs' claims are barred by the statute of limitations.

<u>**ELEVENTH DEFENSE**</u>

Plaintiffs did not reasonably rely on any purported misrepresentations or omissions allegedly made by Defendant.

<u>**TWELFTH DEFENSE**</u>

Plaintiffs have not suffered any damages as a result of the alleged actions of Defendant.

## THIRTEENTH DEFENSE

The damages caused by Plaintiffs were caused by intervening or superseding acts outside of Defendant's control.

WHEREFORE, Defendant prays for judgment as follows:

1.    dismissing with prejudice the Complaint against Defendant in its entirety; and

2.    for such other relief as the Court deems just and proper, including, but not limited to, costs, disbursements and reasonable attorneys' fees Defendant incurred defending this action plus interest on any sums awarded.

Respectfully submitted,

**SAIBER LLC**

Attorneys for Defendant Peter Madoff

By:   /s/ *William F. Maderer*
William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

Dated: October 13, 2009

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rule of Civil Procedure 38(b), defendant Peter Madoff hereby demands a trial by jury as to all issues so triable.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for defendant Peter Madoff hereby certifies that the subject matter of this action is the subject matter of an action filed on October 2, 2009, against Defendant by the SIPA Trustee of BLMIS, captioned Adversary Proceeding No. 09-01503, in the United States Bankruptcy Court for the Southern District of New York, and also is the subject matter of various other lawsuits against defendant, to which Plaintiffs are not parties, pending in other jurisdictions.

**SAIBER LLC**

Attorneys for Defendant Peter Madoff

By:  _/s/ **William F. Maderer**_____
William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

Dated: October 13, 2009

Charles T. Spada (cspada@lswlaw.com)
**LANKLER SIFFERT & WOHL LLP**
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Attorneys for Defendant Peter Madoff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE LAUTENBERG FOUNDATION, JOSHUA S. LAUTENBERG and ELLEN LAUTENBERG, | Civil Action No. 09-00816 (SRC) (MAS) |
| Plaintiffs, | **CERTIFICATION OF SERVICE** |
| vs. | *DOCUMENT ELECTRONICALLY FILED* |
| PETER MADOFF, |  |
| Defendant. |  |

**WILLIAM F. MADERER,** hereby certifies as follows:

1. I am an attorney-at-law of the State of New Jersey and admitted to practice before the Courts of the State of New Jersey and the United States District Court for the District of New Jersey.

2. I hereby certify that on this 13th day of October, 2009, I caused the Answer of Defendant Peter Madoff to be served via CM/ECF upon all counsel of record.

{00589653.DOC}

I certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

SAIBER LLC
Attorneys for Defendant Peter Madoff

By:   /s/ *William F. Maderer*
William F. Maderer (wmaderer@saiber.com)
Michael J. Grohs (mgrohs@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Charles T. Spada (cspada@lswlaw.com)
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue, 33rd Floor
New York, New York 10110
(212) 921-8399

**EXHIBIT C**

### Madoff Securities: Quality Executions and Service Through Innovative Technology

*Jump to specific categories:*

A Global Leader in Trading U.S. Equities
Providing a Complete Dealing Capability for US Securities in Europe
Advanced Technology and Sophisticated Traders
Clearing and Settlement are Rooted in Advanced Technology
Disaster Recovery Facility Reflects the Attention to Every Detail
The Owner's Name is on the Door

## A Global Leader in Trading US Equities

Bernard L. Madoff Investment Securities LLC is a leading international market maker. The firm has been providing quality executions for broker-dealers, banks, and financial institutions since its inception in 1960. During this time, Madoff has compiled an uninterrupted record of growth, which has enabled us to continually build our financial resources. With more than $700 million in firm capital, Madoff currently ranks among the top 1% of US Securities firms. Our sophisticated proprietary automation and unparalleled client service delivers an enhanced execution that is virtually unmatched in our industry.

Madoff Securities' clients include scores of leading securities firms, banks and financial institutions from across the United States and around the world. The firm is a leading market-maker in all of the S&P 500 stocks as well as over 350 NASDAQ issues. The firm is known for its fine pricing as well as its ability to execute most orders in seconds.

Madoff Securities' superior service is made possible by a sophisticated dealing staff backed by the securities industry's most advanced technology. It is underpinned by the personal commitment of founder Bernard L. Madoff and his brother Peter B. Madoff, who is the senior managing director. Their dedication to providing quality executions has enabled the firm to become a leader in the US "third market," which trades US listed equities away from the exchange floor. Madoff Securities is a registered US broker/dealer regulated by the Securities and Exchange Commission and the Financial Industry Regulatory Authority, Inc.

Return to Table of Contents...

## An Intricate Interweaving of Advanced Technology and Sophisticated Traders

One of the critical ingredients in creating the added value which Madoff Securities offers its clients is the firm's intricate interweaving of advanced technology and experienced traders. The firm's position at the forefront of computerized trading is widely acknowledged in the US financial community.

Madoff Securities' leading edge information processing technology means clients can choose to communicate their buy and sell orders to the firm's trading room by electronically inputting them or by making a telephone call. In either case, once an order is received, Madoff's systems scan prevailing prices in all markets to establish an execution price. Because this process may take only seconds, clients can receive immediate confirmation of their transactions.

Sophisticated computers are integral to every aspect of the firm's activities, from executing trades to clearing and settling them, from monitoring prices to identifying trading opportunities around the world.

Madoff Securities also utilizes its computers to seek out opportunities for hedging its inventory of securities. The firm uses a variety of futures, options, and other instruments to hedge its positions and limit its risks. While these hedging strategies are an important tool in protecting the firm's financial position, ultimately, these highly prudent risk management policies protect the interests of clients as well.

Return to Table of Contents...

## At Madoff Securities, Clearing and Settlement are Rooted in Advanced Technology

The combination of quality and value that is inherent in every Madoff Securities transaction continues beyond execution. At Madoff , the clearing and settlement process is also rooted in advanced technology, which minimizes errors and maximizes efficient processing and rapid communications.

Madoff Securities is a full clearing firm and a member of all US clearing corporations and depositories. The firm's highly automated clearing and settlement systems interface with the Depository Trust Company, the Options Clearing Corporation, and the National Securities Clearing Corporation, of which Bernard Madoff is a past chairman. The firm's systems also interface fully with the systems of all major global custodians and clearing & Settlement systems.

Madoff Securities' extensive network of relationships with other broker/dealers enables the firm to ensure timely delivery and settlement of all client transactions.

Moreover, Madoff Securities' computerized transaction processing means that the firm can customize client reports and deliver them electronically in whatever format best meets the needs of clients.

### IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

Return to Table of Contents...

## Sophisticated Disaster Recovery Facilities, Reflects the Attention to Every Detail

Madoff Securities has one of the most sophisticated disaster recovery facilities found anywhere in the securities industry. In addition to its offices in Manhattan, Madoff Securities maintains a fully equipped and staffed facility located near LaGuardia Airport. This office duplicates all of the features of the primary Madoff

Securities offices. Madoff Securities' disaster recovery facility is not just an alternative trading room, but rather a full-fledged office which is equipped to receive and transact orders and to handle the clearing and settlement process as well.

Under the supervision of a facilities manager, this unique on-line facility is tested continuously to ensure that it is prepared to take over the firm's operations if any kind of disaster were to affect the Manhattan office. Members of the firm's staff are rotated through the facility and regularly perform their work from it. Thus, there is always staff on hand in case disaster strikes at the firm's main office.

The disaster recovery facility is on a different electric power grid than the main office, and it is served by a different telephone central office. The facility also has its own electrical generator.

Since this facility was created in 1992, it has been used as an adjunct to Madoff Securities' main office, and it has not been confronted with a major emergency. But the existence of this facility testifies to the high priority the firm places on being available to meet the needs of its clients under all conditions.

Return to Table of Contents...

## The Owner's Name is on the Door

In an era of faceless organizations owned by other equally faceless organizations, Bernard L. Madoff Investment Securities LLC harks back to an earlier era in the financial world: The owner's name is on the door. Clients know that Bernard Madoff has a personal interest in maintaining the unblemished record of value, fair-dealing, and high ethical standards that has always been the firm's hallmark.

Bernard L. Madoff founded the investment firm that bears his name in 1960, soon after leaving law school. His brother, Peter B. Madoff, graduated from law school and joined the firm in 1970. While building the firm into a significant force in the securities industry, they have both been deeply involved in leading the dramatic transformation that has been underway in US securities trading.

Bernard L. Madoff has been a major figure in the National Association of Securities Dealers (NASD), the major self-regulatory organization for US broker/dealer firms. The firm was one of the five broker/dealers most closely involved in developing the NASDAQ Stock Market. He has been chairman of the board of directors of the NASDAQ Stock Market as well as a member of the board of governors of the NASD and a member of numerous NASD committees.

One major US financial publication lauded Bernard Madoff for his role in "helping to make NASDAQ a faster, fairer, more efficient and more international system." He has also served as a member of the board of directors of the Securities Industry Association.

Reflecting the growing international involvement of the firm, when Madoff Securities opened a London office in 1983, it would become one of the first US members of the London Stock Exchange. Bernard Madoff was also a founding member of the board of directors of the International Securities Clearing Corporation in London.

Peter B. Madoff has also been deeply involved in the NASD and other financial

services regulatory organizations. He has served as vice chairman of the NASD, a member of its board of governors, and chairman of its New York region. He also has been actively involved in the NASDAQ Stock Market as a member of its board of governors and its executive committee and as chairman of its trading committee. He also has been president of the Security Traders Association of New York. He is a member of the board of directors of the Depository Trust and Clearing Corp. He is a member of the board of the Securities Industry Association.

Bernard and Peter Madoff have both played instrumental roles in the development of the fully computerized National Stock Exchange. Peter Madoff has been a member of its board of governors and has served on its executive committee. They have helped make the National Exchange the fastest growing regional stock exchange in the United States.

These positions of leadership not only indicate the deep interest Madoff Securities has shown in its industry, they also reflect the respect the firm and its management have achieved in the financial community.

Return to Table of Contents.

# EXHIBIT D

# FORM ADV
OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|

**Rev. 02/2005**

**WARNING:** Complete this form truthfully. False statements or omissions may result in denial of your application, revocation of your registration, or criminal prosecution. You must keep this form updated by filing periodic amendments. See Form ADV General Instruction 3.

## Item 1 Identifying Information

Responses to this Item tell us who you are, where you are doing business, and how we can contact you.

- A. Your full legal name (if you are a sole proprietor, your last, first, and middle names):
  BERNARD L. MADOFF INVESTMENT SECURITIES LLC

- B. Name under which you primarily conduct your advisory business, if different from Item 1.A.
  BERNARD L. MADOFF INVESTMENT SECURITIES LLC
  *List on Section 1.B. of Schedule D any additional names under which you conduct your advisory business.*

- C. If this filing is reporting a change in your legal name (Item 1.A.) or primary business name (Item 1.B.), enter the new name and specify whether the name change is of
  ☐ your legal name or ☐ your primary business name:

- D. If you are registered with the SEC as an investment adviser, your SEC file number:
  801- 67134

- E. If you have a number ("CRD Number") assigned by *NASD's CRD* system or by the IARD system, your *CRD* number: 2625
  *If your firm does not have a CRD number, skip this Item 1.E. Do not provide the CRD number of one of your officers, employees, or affiliates.*

- F. *Principal Office and Place of Business*
  (1) Address (do not use a P.O. Box):

  | Number and Street 1: | Number and Street 2: |
  |---|---|
  | 885 THIRD AVENUE | |

  | City: | State: | Country: | ZIP+4/Postal Code: |
  |---|---|---|---|
  | NEW YORK | NY | USA | 10022 |

  If this address is a private residence, check this box: ☐
  *List on Section 1.F. of Schedule D any office, other than your principal office and place of business, at which you conduct investment advisory business. If you are applying for registration, or are registered, with one or more state securities authorities, you must list all of your offices in the state or states to which you are applying for registration or with whom you are registered. If you are applying for registration, or are registered only, with the SEC, list the largest five offices in terms of numbers of employees.*

  (2) Days of week that you normally conduct business at your *principal office and place of business*:
  ☑ Monday-Friday ○ Other:

  Normal business hours at this location:
  9AM - 5PM

(3) Telephone number at this location:
212-230-2424
(4) Facsimile number at this location:
212-486-8178

G. Mailing address, if different from your *principal office and place of business* address:
Number and Street 1:                    Number and Street 2:

City:            State:            Country:        ZIP+4/Postal Code:

If this address is a private residence, check this box: ☐

H. If you are a sole proprietor, state your full residence address, if different from your *principal office and place of business* address in Item 1.F.:
Number and Street 1:                    Number and Street 2:
City:            .        State:        Country:        ZIP+4/Postal Code:

                                                              YES  NO
I. Do you have World Wide Web site addresses?                   ○

*If "yes," list these addresses on Section 1.I. of Schedule D. If a web address serves as a portal through which to access other information you have published on the World Wide Web, you may list the portal without listing addresses for all of the other information. Some advisers may need to list more than one portal address. Do not provide individual electronic mail addresses in response to this Item.*

J. Contact *Employee*:
Name:                              Title:
Telephone Number:                  Facsimile Number:
Number and Street 1:               Number and Street 2:
City:            State:            Country:        ZIP+4/Postal Code:
Electronic mail (e-mail) address, if contact *employee* has one:
*The contact employee should be an employee whom you have authorized to receive information and respond to questions about this Form ADV.*

                                                              YES  NO
K. Do you maintain some or all of the books and records you are required to keep under    ○ ▣
Section 204 of the Advisers Act, or similar state law, somewhere other than your *principal office and place of business*?
*If "yes," complete Section 1.K. of Schedule D.*

                                                              YES  NO
L. Are you registered with a *foreign financial regulatory authority*?              ○ ▣

*Answer "no" if you are not registered with a foreign financial regulatory authority, even if you have an affiliate that is registered with a foreign financial regulatory authority. If "yes", complete Section 1.L. of Schedule D.*

# FORM ADV                                    OMB: 3235-0049
## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Item 2 SEC Registration**

Responses to this Item help us (and you) determine whether you are eligible to register with the

SEC. Complete this Item 2 only if you are applying for SEC registration or submitting an *annual updating amendment* to your SEC registration.

A. To register (or remain registered) with the SEC, you must check at least one of the Items 2.A (1) through 2.A(11), below. If you are submitting an *annual updating amendment* to your SEC registration and you are no longer eligible to register with the SEC, check Item 2.A(12). You:

☑(1)have *assets under management* of $25 million (in U.S. dollars) or more;

> See Part 1A Instruction 2.a. to determine whether you should check this box.

☐(2)have your *principal office and place of business* in Wyoming;

☐(3)have your *principal office and place of business* outside the United States;

☐(4)are an investment adviser (or sub-adviser) to an investment company registered under the Investment Company Act of 1940;

> See Part 1A Instruction 2.b. to determine whether you should check this box.

☐(5)have been designated as a nationally recognized statistical rating organization;

> See Part 1A Instruction 2.c. to determine whether you should check this box.

☐(6)are a pension consultant that qualifies for the exemption in rule 203A-2(b);

> See Part 1A Instruction 2.d. to determine whether you should check this box.

☐(7)are relying on rule 203A-2(c) because you are an investment adviser that *controls*, is *controlled* by, or is under common *control* with, an investment adviser that is registered with the SEC, and your *principal office and place of business* is the same as the registered adviser;

> See Part 1A Instruction 2.e. to determine whether you should check this box. If you check this box, complete Section 2.A(7) of Schedule D.

☐(8)are a newly formed adviser relying on rule 203A-2(d) because you expect to be eligible for SEC registration within 120 days;

> See Part 1A Instruction 2.f. to determine whether you should check this box. If you check this box, complete Section 2.A(8) of Schedule D.

☐(9)  are a multi-state adviser relying on rule 203A-2(e);

> See Part 1A Instruction 2.g. to determine whether you should check this box. If you check this box, complete Section 2.A(9) of Schedule D.

☐(10)are an Internet investment adviser relying on rule 203A-2(f);

> See Part 1A Instructions 2.h. to determine whether you should check this box.

☐(11)have received an SEC *order* exempting you from the prohibition against registration with the SEC;

> If you checked this box, complete Section 2.A(11) of Schedule D.

☐(12)are no longer eligible to remain registered with the SEC.

*See Part 1A Instructions 2.i. to determine whether you should check this box.*

B. Under state laws, SEC-registered advisers may be required to provide to *state securities authorities* a copy of the Form ADV and any amendments they file with the SEC. These are called *notice filings*. If this is an initial application, check the box(es) next to the state(s) that you would like to receive notice of this and all subsequent filings you submit to the SEC. If this is an amendment to direct your *notice filings* to additional state(s), check the box(es) next to the state(s) that you would like to receive notice of this and all subsequent filings you submit to the SEC. If this is an amendment to your registration to stop your *notice filings* from going to state(s) that currently receive them, uncheck the box(es) next to those state(s).

| | | | |
|---|---|---|---|
| ☐ AL | ☐ ID | ☐ MO | ☐ PA |
| ☐ AK | ☐ IL | ☐ MT | ☐ PR |
| ☐ AZ | ☐ IN | ☐ NE | ☐ RI |
| ☐ AR | ☐ IA | ☐ NV | ☐ SC |
| ☐ CA | ☐ KS | ☐ NH | ☐ SD |
| ☐ CO | ☐ KY | ☐ NJ | ☐ TN |
| ☐ CT | ☐ LA | ☐ NM | ☐ TX |
| ☐ DE | ☐ ME | ☑ NY | ☐ UT |
| ☐ DC | ☐ MD | ☐ NC | ☐ VT |
| ☐ FL | ☐ MA | ☐ ND | ☐ VI |
| ☐ GA | ☐ MI | ☐ OH | ☐ VA |
| ☐ GU | ☐ MN | ☐ OK | ☐ WA |
| ☐ HI | ☐ MS | ☐ OR | ☐ WV |
| | | | ☐ WI |

*If you are amending your registration to stop your notice filings from going to a state that currently receives them and you do not want to pay that state's notice filing fee for the coming year, your amendment must filed before the end of the year (December 31).*

# FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Item 3 Form Of Organization**

A. How are you organized?

- ○ Corporation   ○ Sole Proprietorship   ○ Limited Liability Partnership (LLP)
- ○ Partnership   ◉ Limited Liability Company (LLC)   ○ Other (specify):

*If you are changing your response to this Item, see Part 1A Instruction 4.*

B. In what month does your fiscal year end each year?
   October

C. Under the laws of what state or country are you organized?
   NEW YORK
   *If you are a partnership, provide the name of the state or country under whose laws your
   partnership was formed. If you are a sole proprietor, provide the name of the state or country
   where you reside.*

   *If you are changing your response to this Item, see Part 1A Instruction 4.*

## FORM ADV                                                OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Item 4 Successions**

|  | YES | NO |
|---|---|---|
| A. Are you, at the time of this filing, succeeding to the business of a registered investment adviser? | ○ | ◉ |

*If "yes," complete Item 4.B. and Section 4 of Schedule D.*

B. Date of Succession: (MM/DD/YYYY)

*If you have already reported this succession on a previous Form ADV filing, do not report the succession again. Instead, check "No." See Part 1A Instruction 4.*

# FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| | |
|---|---|
| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
| | Rev. 02/2005 |

### Item 5 Information About Your Advisory Business

Responses to this Item help us understand your business, assist us in preparing for on-site examinations, and provide us with data we use when making regulatory policy. Part 1A Instruction 5.a. provides additional guidance to newly-formed advisers for completing this Item 5.

*Employees*

A.  Approximately how many *employees* do you have? Include full and part-time *employees* but do not include any clerical workers.

- ○ 1- 5
- ○ 6-10
- ○ 11-50
- ◉ 51-250
- ○ 251-500
- ○ 501-1,000
- ○ More than 1,000

If more than 1,000, how many? (round to the nearest 1,000)

B.

(1) Approximately how many of these *employees* perform investment advisory functions (including research)?

- ○ 0
- ◉ 1-5
- ○ 6-10
- ○ 11-50
- ○ 51-250
- ○ 251-500
- ○ 501-1,000
- ○ More than 1,000

If more than 1,000, how many? (round to the nearest 1,000)

(2) Approximately how many of these *employees* are registered representatives of a broker-dealer?

- ○ 0
- ○ 1-5
- ○ 6-10
- ○ 11-50
- ◉ 51-250
- ○ 251-500
- ○ 501-1,000
- ○ More than 1,000

If more than 1,000, how many? (round to the nearest 1,000)

*If you are organized as a sole proprietorship, include yourself as an employee in your responses to Items 5.A(1) and 5.B(2). If an employee performs more than one function, you should count that employee in each of your responses to Item 5.B(1) and 5.B(2).*

(3) Approximately how many firms or other *persons* solicit advisory *clients* on your behalf?

- ◉ 0
- ○ 1-5
- ○ 6-10
- ○ 11-50
- ○ 51-250
- ○ 251-500
- ○ 501-1,000
- ○ More than 1,000

If more than 1,000, how many? (round to the nearest 1,000)

*In your response to Item 5.B(3), do not count any of your employees and count a firm only once -- do not count each of the firm's employees that solicit on your behalf.*

*Clients*

C.  To approximately how many *clients* did you provide investment advisory services during your most-recently completed fiscal year?

- ○ 0
- ○ 1-10
- ◉ 11-25
- ○ 26-100
- ○ 101-250
- ○ 251-500
- ○ More than 500

If more than 500, how many? (round to the nearest 500)

D.  What types of *clients* do you have? Indicate the approximate percentage that each type of *client* comprises of your total number of *clients*.

| | None | Up to 10% | 11-25% | 26-50% | 51-75% | More Than 75% |
|---|---|---|---|---|---|---|
| (1) Individuals (other than *high net worth individuals*) | ◉ | ○ | ○ | ○ | ○ | ○ |
| (2) *High net worth individuals* | ○ | ○ | ◉ | ○ | ○ | ○ |
| (3) Banking or thrift institutions | ○ | ◉ | ○ | ○ | ○ | ○ |
| (4) Investment companies (including mutual funds) | ◉ | ○ | ○ | ○ | ○ | ○ |
| (5) Pension and profit sharing plans (other than | | | | | | |

|       |                                                                 | ○ | ◉ | ○ | ○ | ○ | ○ |
|-------|-----------------------------------------------------------------|---|---|---|---|---|---|
|       | plan participants)                                              |   |   |   |   |   |   |
| (6)   | Other pooled investment vehicles (e.g., hedge funds)            | ○ | ○ | ○ | ○ | ◉ | ○ |
| (7)   | Charitable organizations                                        | ○ | ◉ | ○ | ○ | ○ | ○ |
| (8)   | Corporations or other businesses not listed above               | ○ | ○ | ◉ | ○ | ○ | ○ |
| (9)   | State or municipal *government entities*                        | ◉ | ○ | ○ | ○ | ○ | ○ |
| (10)  | Other:                                                          | ◉ | ○ | ○ | ○ | ○ | ○ |

*The category "individuals" includes trusts, estates, 401(k) plans and IRAs of individuals and their family members, but does not include businesses organized as sole proprietorships.*

*Unless you provide advisory services pursuant to an investment advisory contract to an investment company registered under the Investment Company Act of 1940, check "None" in response to Item 5.D(4).*

<u>Compensation Arrangements</u>

E. You are compensated for your investment advisory services by (check all that apply):

☐ (1) A percentage of assets under your management

☐ (2) Hourly charges

☐ (3) Subscription fees (for a newsletter or periodical)

☐ (4) Fixed fees (other than subscription fees)

☑ (5) Commissions

☐ (6) *Performance-based fees*

☐ (7) Other (specify):

<u>Assets Under Management</u>

                                                                                    YES  NO

F. (1) Do you provide continuous and regular supervisory or management services to   ◉    ○
securities portfolios?

(2) If yes, what is the amount of your assets under management and total number of accounts?

|                   | U.S. Dollar Amount          | Total Number of Accounts |
|-------------------|-----------------------------|--------------------------|
| Discretionary:    | (a) $ 17091640696.00        | (d) 23                   |
| Non-Discretionary:| (b) $ 0.00                  | (e) 0                    |
| Total:            | (c) $ 17091640696.00        | (f) 23                   |

*Part 1A Instruction 5.b. explains how to calculate your assets under management. You must follow these instructions carefully when completing this Item.*

<u>Advisory Activities</u>

G. What type(s) of advisory services do you provide? Check all that apply.

☐ (1) Financial planning services

☑ (2) Portfolio management for individuals and/or small businesses

☐ (3) Portfolio management for investment companies

☑ (4) Portfolio management for businesses or institutional *clients* (other than investment companies)

☐ (5) Pension consulting services

☐ (6) Selection of other advisers

☐ (7) Publication of periodicals or newsletters

☐ (8) Security ratings or pricing services

☐ (9) Market timing services

☐ (10) Other (specify):

*Do not check Item 5.G(3) unless you provide advisory services pursuant to an investment advisory contract to an investment company registered under the Investment Company Act of 1940.*

H. If you provide financial planning services, to how many *clients* did you provide these services during your last fiscal year?

○ 0        ○ 1-10        ○ 11-25        ○ 26-50        ○ 51-100

○ 101-250    ○ 251-500    ○ More than 500    If more than 500, how many? (round to the nearest 500)

I. If you participate in a *wrap fee program*, do you (check all that apply):

☐ (1) sponsor the *wrap fee program* ?

☐ (2) act as a portfolio manager for the *wrap fee program*?

*If you are a portfolio manager for a wrap fee program, list the names of the programs and their sponsors in Section 5.I(2) of Schedule D.*

*If your involvement in a wrap fee program is limited to recommending wrap fee programs to your clients , or you advise a mutual fund that is offered through a wrap fee program, do not check either Item 5.I(1) or 5.I(2).*

# FORM ADV                                    OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

### Item 6 Other Business Activities

In this Item, we request information about your other business activities.

A. You are actively engaged in business as a (check all that apply):

☑ (1) Broker-dealer

☐ (2) Registered representative of a broker-dealer

☐ (3) Futures commission merchant, commodity pool operator, or commodity trading advisor

☐ (4) Real estate broker, dealer, or agent

☐ (5) Insurance broker or agent

☐ (6) Bank (including a separately identifiable department or division of a bank)

☐ (7) Other financial product salesperson (specify):

|  |  | YES | NO |
|---|---|---|---|
| B. | (1) Are you actively engaged in any other business not listed in Item 6.A. (other than giving investment advice)? | ○ | ◉ |
|  | (2) If yes, is this other business your primary business? | ○ | ○ |
|  | *If "yes," describe this other business on Section 6.B. of Schedule D.* |  |  |

|  | YES | NO |
|---|---|---|
| (3) Do you sell products or provide services other than investment advice to your advisory *clients*? | ◉ | ○ |

# FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
|  | Rev. 02/2005 |

### Item 7 Financial Industry Affiliations

In this Item, we request information about your financial industry affiliations and activities. This information identifies areas in which conflicts of interest may occur between you and your *clients*.

Item 7 requires you to provide information about you and your *related persons*. Your *related persons* are all of your *advisory affiliates* and any *person* that is under common *control* with you.

A. You have a *related person* that is a (check all that apply):
   ☑ (1) broker-dealer, municipal securities dealer, or government securities broker or dealer
   ☐ (2) investment company (including mutual funds)
   ☐ (3) other investment adviser (including financial planners)
   ☐ (4) futures commission merchant, commodity pool operator, or commodity trading advisor
   ☐ (5) banking or thrift institution

☐ (6) accountant or accounting firm
☐ (7) lawyer or law firm
☐ (8) insurance company or agency
☐ (9) pension consultant
☐ (10) real estate broker or dealer
☐ (11) sponsor or syndicator of limited partnerships

*If you checked Item 7.A(3), you must list on Section 7.A. of Schedule D all your related persons that are investment advisers. If you checked Item 7.A(1), you may elect to list on Section 7.A. of Schedule D all your related persons that are broker-dealers. If you choose to list a related broker-dealer, the IARD will accept a single Form U-4 to register an investment adviser representative who also is a broker-dealer agent ("registered rep") of that related broker-dealer.*

                                                                               YES  NO

B. Are you or any *related person* a general partner in an *investment-related* limited partnership or manager of an *investment-related* limited liability company, or do you advise any other "private fund" as defined under SEC rule 203(b)(3)-1?     ○    ▣

*If "yes," for each limited partnership or limited liability company, or (if applicable) private fund, complete Section 7.B. of Schedule D. If, however, you are an SEC-registered adviser and you have related persons that are SEC-registered advisers who are the general partners of limited partnerships or the managers of limited liability companies, you do not have to complete Section 7.B. of Schedule D with respect to those related advisers' limited partnerships or limited liability companies.*

*To use this alternative procedure, you must state in the Miscellaneous Section of Schedule D: (1) that you have related SEC-registered investment advisers that manage limited partnerships or limited liability companies that are not listed in Section 7.B. of your Schedule D; (2) that complete and accurate information about those limited partnerships or limited liability companies is available in Section 7.B. of Schedule D of the Form ADVs of your related SEC-registered advisers; and (3) whether your clients are solicited to invest in any of those limited partnerships or limited liability companies.*

## FORM ADV                                          OMB: 3235-0049
### UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Item 8 Participation or Interest in *Client* Transactions**

In this Item, we request information about your participation and interest in your *clients'* transactions. Like Item 7, this information identifies areas in which conflicts of interest may occur between you and your *clients*.

Like Item 7, Item 8 requires you to provide information about you and your *related persons*.
Proprietary Interest in *Client* Transactions

A. Do you or any *related person*:

  (1) buy securities for yourself from advisory *clients,* or sell securities you own to advisory *clients* (principal transactions)?

  (2) buy or sell for yourself securities (other than shares of mutual funds) that you also recommend to advisory *clients*?

  (3) recommend securities (or other investment products) to advisory *clients* in which you or any *related person* has some other proprietary (ownership) interest (other than those mentioned in Items 8.A(1) or (2))?

Sales Interest in *Client* Transactions

B. Do you or any *related person*:

  (1) as a broker-dealer or registered representative of a broker-dealer, execute securities trades for brokerage customers in which advisory *client* securities are sold to or bought from the brokerage customer (agency cross transactions)?

  (2) recommend purchase of securities to advisory *clients* for which you or any *related person* serves as underwriter, general or managing partner, or purchaser representative?

  (3) recommend purchase or sale of securities to advisory *clients* for which you or any *related person* has any other sales interest (other than the receipt of sales commissions as a broker or registered representative of a broker-dealer)?

Investment or Brokerage Discretion

C. Do you or any *related person* have *discretionary authority* to determine the:

  (1) securities to be bought or sold for a *client's* account?

  (2) amount of securities to be bought or sold for a *client's* account?

  (3) broker or dealer to be used for a purchase or sale of securities for a *client's* account?

  (4) commission rates to be paid to a broker or dealer for a *client's* securities transactions?

D. Do you or any *related person* recommend brokers or dealers to *clients*?

E. Do you or any *related person* receive research or other products or services other than execution from a broker-dealer or a third party in connection with *client* securities transactions?

F. Do you or any *related person*, directly or indirectly, compensate any *person* for *client* referrals?

*In responding to this Item 8.F., consider in your response all cash and non-cash compensation that you or a related person gave any person in exchange for client referrals, including any bonus that is based, at least in part, on the number or amount of client referrals.*

## FORM ADV
OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Item 9 *Custody***

In this Item, we ask you whether you or a *related person* has *custody* of *client* assets. If you are

registering or registered with the SEC and you deduct your advisory fees directly from your *clients'* accounts but you do not otherwise have *custody* of your *clients'* funds or securities, you may answer "no" to Item 9A.(1) and 9A.(2).

|  |  | Yes | No |
|---|---|---|---|
| A. Do you have *custody* of any advisory *clients'*: |  |  |  |
| (1) cash or bank accounts? |  | ◉ | ○ |
| (2) securities? |  | ◉ | ○ |
| B. Do any of your *related persons* have *custody* of any of your advisory *clients'*: |  |  |  |
| (1) cash or bank accounts? |  | ○ | ◉ |
| (2) securities? |  | ○ | ◉ |
| C. If you answered "yes" to either Item 9.B(1) or 9.B(2), is that *related person* a broker-dealer registered under Section 15 of the Securities Exchange Act of 1934? |  | ○ | ○ |

## FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
|  | Rev. 02/2005 |

**Item 10 Control Persons**

In this Item, we ask you to identify every *person* that, directly or indirectly, *controls* you.

If you are submitting an initial application, you must complete Schedule A and Schedule B. Schedule A asks for information about your direct owners and executive officers. Schedule B asks for information about your indirect owners. If this is an amendment and you are updating information you reported on either Schedule A or Schedule B (or both) that you filed with your initial application, you must complete Schedule C.

|  | YES | NO |
|---|---|---|
| Does any *person* not named in Item 1.A. or Schedules A, B, or C, directly or indirectly, *control* your management or policies? | ○ |  |

*If yes, complete Section 10 of Schedule D.*

## FORM ADV                                                    OMB: 3235-0049
### UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
|  | Rev. 02/2005 |

**Item 11 Disclosure Information**

In this Item, we ask for information about your disciplinary history and the disciplinary history of

all your *advisory affiliates*. We use this information to determine whether to grant your application for registration, to decide whether to revoke your registration or to place limitations on your activities as an investment adviser, and to identify potential problem areas to focus on during our on-site examinations. One event may result in "yes" answers to more than one of the questions below.

Your *advisory affiliates* are: (1) all of your current *employees* (other than *employees* performing only clerical, administrative, support or similar functions); (2) all of your officers, partners, or directors (or any *person* performing similar functions); and (3) all *persons* directly or indirectly *controlling* you or *controlled* by you. If you are a "separately identifiable employment or division" (SID) of a bank, see the Glossary of Terms to determine who your *advisory affiliates* are.

*If you are registered or registering with the SEC, you may limit your disclosure of any event listed in Item 11 to ten years following the date of the event. If you are registered or registering with a state, you must respond to the questions as posed; you may, therefore, limit your disclosure to ten years following the date of an event only in responding to Items 11.A(1), 11.A (2), 11.B(1), 11.B(2), 11.D(4), and 11.H(1)(a). For purposes of calculating this ten-year period, the date of an event is the date the final order, judgment, or decree was entered, or the date any rights of appeal from preliminary orders, judgments, or decrees lapsed.*

You must complete the appropriate Disclosure Reporting Page ("DRP") for "yes" answers to the questions in this Item 11.

For "yes" answers to the following questions, complete a Criminal Action DRP:

A. In the past ten years, have you or any *advisory affiliate*:                                    YES NO
   (1) been convicted of or plead guilty or nolo contendere ("no contest") in a domestic,   ○  ◉
     foreign, or military court to any *felony*?
   (2) been *charged* with any *felony*?                                              ○  ◉

*If you are registered or registering with the SEC, you may limit your response to Item 11.A(2) to charges that are currently pending.*

B. In the past ten years, have you or any *advisory affiliate*:
   (1) been convicted of or plead guilty or nolo contendere ("no contest") in a domestic,   ○  ◉
     foreign, or military court to a *misdemeanor* involving: investments or an
     *investment-related* business, or any fraud, false statements, or omissions,
     wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or
     a conspiracy to commit any of these offenses?
   (2) been *charged* with a *misdemeanor* listed in 11.B(1)?                         ○  ◉

*If you are registered or registering with the SEC, you may limit your response to Item 11.B(2) to charges that are currently pending.*

For "yes" answers to the following questions, complete a Regulatory Action DRP:

C. Has the SEC or the Commodity Futures Trading Commission (CFTC) ever:            YES NO
   (1) *found* you or any *advisory affiliate* to have made a false statement or omission?   ○  ◉
   (2) *found* you or any *advisory affiliate* to have been *involved* in a violation of SEC or   ○  ◉
     CFTC regulations or statutes?
   (3) *found* you or any *advisory affiliate* to have been a cause of an *investment-related*   ○  ◉

business having its authorization to do business denied, suspended, revoked, or restricted?

    (4) entered an *order* against you or any *advisory affiliate* in connection with *investment-related* activity?

    (5) imposed a civil money penalty on you or any *advisory affiliate*, or *ordered* you or any *advisory affiliate* to cease and desist from any activity?

D. Has any other federal regulatory agency, any state regulatory agency, or any *foreign financial regulatory authority*:

    (1) ever *found* you or any *advisory affiliate* to have made a false statement or omission, or been dishonest, unfair, or unethical?

    (2) ever *found* you or any *advisory affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes?

    (3) ever *found* you or any *advisory affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

    (4) in the past ten years, entered an *order* against you or any *advisory affiliate* in connection with an *investment-related* activity?

    (5) ever denied, suspended, or revoked your or any *advisory affiliate's* registration or license, or otherwise prevented you or any *advisory affiliate*, by *order*, from associating with an *investment-related* business or restricted your or any *advisory affiliate's* activity?

E. Has any *self-regulatory organization* or commodities exchange ever:

    (1) *found* you or any *advisory affiliate* to have made a false statement or omission?

    (2) *found* you or any *advisory affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the SEC)?

    (3) *found* you or any *advisory affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

    (4) disciplined you or any *advisory affiliate* by expelling or suspending you or the *advisory affiliate* from membership, barring or suspending you or the *advisory affiliate* from association with other members, or otherwise restricting your or the *advisory affiliate's* activities?

F. Has an authorization to act as an attorney, accountant, or federal contractor granted to you or any *advisory affiliate* ever been revoked or suspended?

G. Are you or any *advisory affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of Item 11.C., 11.D., or 11.E.?

For "yes" answers to the following questions, complete a Civil Judicial Action DRP:

                                                             **YES NO**

H. (1) Has any domestic or foreign court:

      (a) in the past ten years, *enjoined* you or any *advisory affiliate* in connection with any *investment-related* activity?

      (b) ever *found* that you or any *advisory affiliate* were *involved* in a violation of *investment-related* statutes or regulations?

      (c) ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you or any *advisory affiliate* by a state or *foreign financial regulatory authority*?

> (2) Are you or any *advisory affiliate* now the subject of any civil *proceeding* that could    ○    ▣
>     result in a "yes" answer to any part of Item 11.H(1)?

# FORM ADV                    OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

### Item 12 Small Business

The SEC is required by the Regulatory Flexibility Act to consider the effect of its regulations on small entities. In order to do this, we need to determine whether you meet the definition of "small business" or "small organization" under rule 0-7.

Answer this Item 12 only if you are registered or registering with the SEC and you indicated in response to Item 5.F(2)(c) that you have assets under management of less than $25 million. You are not required to answer this Item 12 if you are filing for initial registration as a state adviser, amending a current state registration, or switching from SEC to state registration.

For purposes of this Item 12 only:
- Total Assets refers to the total assets of a firm, rather than the assets managed on behalf of *clients*. In determining your or another *person's* total assets, you may use the total assets shown on a current balance sheet (but use total assets reported on a consolidated balance sheet with subsidiaries included, if that amount is larger).
- Control means the power to direct or cause the direction of the management or policies of a *person*, whether through ownership of securities, by contract, or otherwise. Any *person* that directly or indirectly has the right to vote 25 percent or more of the voting securities, or is entitled to 25 percent or more of the profits, of another *person* is presumed to control the other *person*.

|  | YES | NO |
|---|---|---|
| A. Did you have total assets of $5 million or more on the last day of your most recent fiscal year? | ○ | ○ |
| *If "yes," you do not need to answer Items 12.B. and 12.C.* | | |
| B. Do you: | | |
| (1) *control* another investment adviser that had assets under management of $25 million or more on the last day of its most recent fiscal year? | ○ | ○ |
| (2) *control* another *person* (other than a natural person) that had total assets of $5 million or more on the last day of its most recent fiscal year? | ○ | ○ |
| C. Are you: | | |
| (1) *controlled* by or under common *control* with another investment adviser that had assets under management of $25 million or more on the last day of its most recent fiscal year? | ○ | ○ |
| (2) *controlled* by or under common *control* with another *person* (other than a natural person) that had total assets of $5 million or more on the last day of its most recent fiscal year? | ○ | ○ |

## FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Part 2 Brochures**

# FORM ADV

OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Form ADV, Schedule A**

### Direct Owners and Executive Officers

1. Complete Schedule A only if you are submitting an initial application. Schedule A asks for information about your direct owners and executive officers. Use Schedule C to amend this information.

2. Direct Owners and Executive Officers. List below the names of:

   (a) each Chief Executive Officer, Chief Financial Officer, Chief Operations Officer, Chief Legal Officer, Chief Compliance Officer(Chief Compliance Officer is required and cannot be more than one individual), director, and any other individuals with similar status or functions;

   (b) if you are organized as a corporation, each shareholder that is a direct owner of 5% or more of a class of your voting securities, unless you are a public reporting company (a company subject to Section 12 or 15(d) of the Exchange Act);

   Direct owners include any *person* that owns, beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 5% or more of a class of your voting securities. For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.

   (c) if you are organized as a partnership, all general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 5% or more of your capital;

   (d) in the case of a trust that directly owns 5% or more of a class of your voting securities, or that has the right to receive upon dissolution, or has contributed, 5% or more of your capital, the trust and each trustee; and

   (e) if you are organized as a limited liability company ("LLC"), (i) those members that have the right to receive upon dissolution, or have contributed, 5% or more of your capital, and (ii) if managed by elected managers, all elected managers.

3. Do you have any indirect owners to be reported on Schedule B?  ○ Yes  ◉ No

4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner or executive officer is an individual.

5. Complete the Title or Status column by entering board/management titles; status as partner, trustee, sole proprietor, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).

6. Ownership codes are:

| NA - less than 5% | B - 10% but less than 25% | D - 50% but less than 75% |
|---|---|---|
| A - 5% but less than | C - 25% but less than | E - 75% or more |

10%          50%

7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.

   (b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.

   (c) Complete each column.

| FULL LEGAL NAME (Individuals: Last Name, First Name, Middle Name) | DE/FE/I | Title or Status | Date Title or Status Acquired MM/YYYY | Ownership Code | Control Person | PR | CRD No. If None: S.S. No. and Date of Birth, IRS Tax No., or Employer ID No. |
|---|---|---|---|---|---|---|---|
| MADOFF, BERNARD LAWRENCE | I | SOLE MEMBER/PRINCIPAL | 01/2001 | E | Y | N | 316687 |
| MADOFF, PETER BARNETT | I | DIRECTOR OF TRADING/CHIEF COMPLIANCE OFFICER | 06/1969 | NA | Y | N | 316688 |

# FORM ADV                                    OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Form ADV, Schedule B**

**Indirect Owners**

1. Complete Schedule B only if you are submitting an initial application. Schedule B asks for information about your indirect owners; you must first complete Schedule A, which asks for information about your direct owners. Use Schedule C to amend this information.

2. Indirect Owners. With respect to each owner listed on Schedule A (except individual owners), list below:

   (a) in the case of an owner that is a corporation, each of its shareholders that beneficially owns, has the right to vote, or has the power to sell or direct the sale of, 25% or more of a class of a voting security of that corporation;

   For purposes of this Schedule, a *person* beneficially owns any securities: (i) owned by his/her child, stepchild, grandchild, parent, stepparent, grandparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law, sharing the same residence; or (ii) that he/she has the right to acquire, within 60 days, through the exercise of any option, warrant, or right to purchase the security.

   (b) in the case of an owner that is a partnership, <u>all</u> general partners and those limited and special partners that have the right to receive upon dissolution, or have contributed, 25% or more of the partnership's capital;

   (c) in the case of an owner that is a trust, the trust and each trustee; and

   (d) in the case of an owner that is a limited liability company ("LLC"), (i) those members that have the right to receive upon dissolution, or have contributed, 25% or more of the LLC's

capital, and (ii) if managed by elected managers, all elected managers.

3. Continue up the chain of ownership listing all 25% owners at each level. Once a public reporting company (a company subject to Sections 12 or 15(d) of the Exchange Act) is reached, no further ownership information need be given.

4. In the DE/FE/I column below, enter "DE" if the owner is a domestic entity, "FE" if the owner is an entity incorporated or domiciled in a foreign country, or "I" if the owner is an individual.

5. Complete the Status column by entering the owner's status as partner, trustee, elected manager, shareholder, or member; and for shareholders or members, the class of securities owned (if more than one is issued).

6. Ownership codes are:

| | C - 25% but less than 50% | E - 75% or more |
| | D - 50% but less than 75% | F - Other (general partner, trustee, or elected manager) |

7. (a) In the *Control Person* column, enter "Yes" if the *person* has *control* as defined in the Glossary of Terms to Form ADV, and enter "No" if the *person* does not have *control*. Note that under this definition, most executive officers and all 25% owners, general partners, elected managers, and trustees are *control persons*.

(b) In the PR column, enter "PR" if the owner is a public reporting company under Sections 12 or 15(d) of the Exchange Act.

(c) Complete each column.

| No Indirect Owner Information Filed |
| --- |

## FORM ADV

OMB: 3235-0049

### UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
| --- | --- |
| | Rev. 02/2005 |

**Form ADV, Schedule D**

**Section 1.B. Other Business Names**

List your other business names and the jurisdictions in which you use them. You must complete a separate Schedule D for each business name.

| No Information Filed |
| --- |

**Section 1.F. Other Offices**

Complete the following information for each office, other than your *principal office and place of business*, at which you conduct investment advisory business. You must complete a separate Schedule D Page 1 for each location. If you are applying for registration, or are registered, only with the SEC, list only the largest five (in terms of numbers of *employees*).

| No Information Filed |
| --- |

**Section 1.I. World Wide Web Site Addresses**

List your World Wide Web site addresses. You must complete a separate Schedule D for each World Wide Web site address.

World Wide Web Site Address:  WWW.MADOFF.COM

**Section 1.K. Locations of Books and Records**

Complete the following information for each location at which you keep your books and records, other than your *principal office and place of business*. You must complete a separate Schedule D Page 1 for each location.

| No Information Filed |
| --- |

### Section 1.L. Registration with *Foreign Financial Regulatory Authorities*

List the name, in English, of each *foreign financial regulatory authority* and country with which you are registered. You must complete a separate Schedule D Page 2 for each *foreign financial regulatory authority* with whom you are registered.

| No Information Filed |
| --- |

### Section 2.A(7) Affiliated Adviser

| No Information Filed |
| --- |

### Section 2.A(8) Newly Formed Adviser

If you are relying on rule 203A-2(d), the newly formed adviser exemption from the prohibition on registration, you are required to make certain representations about your eligibility for SEC registration. By checking the appropriate boxes, you will be deemed to have made the required representations. You must make both of these representations:

☐ I am not registered or required to be registered with the SEC or a *state securities authority* and I have a reasonable expectation that I will be eligible to register with the SEC within 120 days after the date my registration with the SEC becomes effective.

☐ I undertake to withdraw from SEC registration if, on the 120th day after my registration with the SEC becomes effective, I would be prohibited by Section 203A(a) of the Advisers Act from registering with the SEC.

### Section 2.A(9) Multi-State Adviser

If you are relying on rule 203A-2(e), the multi-state adviser exemption from the prohibition on registration, you are required to make certain representations about your eligibility for SEC registration. By checking the appropriate boxes, you will be deemed to have made the required representations.

If you are applying for registration as an investment adviser with the SEC, you must make both of these representations:

☐ I have reviewed the applicable state and federal laws and have concluded that I am required by the laws of 30 or more states to register as an investment adviser with the securities authorities in those states.

☐ I undertake to withdraw from SEC registration if I file an amendment to this registration indicating that I would be required by the laws of fewer than 25 states to register as an investment adviser with the securities authorities of those states.

If you are submitting your *annual updating amendment*, you must make this representation:

☐ Within 90 days prior to the date of filing this amendment, I have reviewed the applicable state and federal laws and have concluded that I am required by the laws of at least 25 states to register as an investment adviser with the securities authorities in those states.

### Section 2.A(11) SEC Exemptive *Order*

| No Information Filed |
| --- |

### Section 4 Successions

Complete the following information if you are succeeding to the business of a currently-registered investment adviser. If you acquired more than one firm in the succession you are reporting on this Form ADV, you must complete a separate Schedule D Page 3 for each acquired firm. See Part 1A Instruction 4.

| No Information Filed |
| --- |

**Section 5.I(2)** *Wrap Fee Programs*
If you are a portfolio manager for one or more *wrap fee programs*, list the name of each program and its *sponsor*. You must complete a separate Schedule D Page 3 for each *wrap fee program* for which you are a portfolio manager.

| No Information Filed |
| --- |

**Section 6.B. Description of Primary Business**

| No Information Filed |
| --- |

**Section 7.A. Affiliated Investment Advisers and Broker-Dealers**
You MUST complete the following information for each investment adviser with whom you are affiliated. You MAY complete the following information for each broker-dealer with whom you are affiliated. You must complete a separate Schedule D Page 3 for each listed affiliate.

| No Information Filed |
| --- |

**Section 7.B. Limited Partnership Participation or Other Private Fund Participation**
You must complete a separate Schedule D Page 4 for each limited partnership in which you or a *related person* is a general partner, each limited liability company for which you or a *related person* is a manager, and each other private fund that you advise.

| No Information Filed |
| --- |

**Section 10** *Control Persons*
You must complete a separate Schedule D Page 4 for each *control person* not named in Item 1.A. or Schedules A, B, or C that directly or indirectly *controls* your management or policies.

| No Information Filed |
| --- |

**Schedule D - Miscellaneous**
You may use the space below to explain a response to an Item or to provide any other information.

| No Information Filed |
| --- |

## FORM ADV                          OMB: 3235-0049

## UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
| --- | --- |
| | Rev. 02/2005 |

**Form ADV, DRPs**

| CRIMINAL DISCLOSURE REPORTING PAGE (ADV) |
| --- |
| No Information Filed |

| REGULATORY ACTION DISCLOSURE REPORTING PAGE (ADV) |
| --- |

*GENERAL INSTRUCTIONS*

This Disclosure Reporting Page (DRP ADV) is an ☒ INITIAL **OR** ○ AMENDED response used to report details for affirmative responses to Items 11.C., 11.D., 11.E., 11.F. or 11.G. of Form ADV.

Check item(s) being responded to:

*Regulatory Action*

| | | | |
|---|---|---|---|
| ☐ 11.C(1) | ☐ 11.C(5) | ☐ 11.D(4) | ☐ 11.E(3) |
| ☐ 11.C(2) | ☐ 11.D(1) | ☐ 11.D(5) | ☐ 11.E(4) |
| ☐ 11.C(3) | ☐ 11.D(2) | ☐ 11.E(1) | ☐ 11.F |
| ☐ 11.C(4) | ☐ 11.D(3) | ☒ 11.E(2) | ☐ 11.G |

Use a separate DRP for each event or *proceeding*. The same event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11.C., 11.D., 11.E., 11.F. or 11.G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

PART I

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

☒ You (the advisory firm)

○ You and one or more of your *advisory affiliates*

○ One or more of your *advisory affiliates*

If this DRP is being filed for an *advisory affiliate*, give the full name of the *advisory affiliate* below (for individuals, Last name, First name, Middle name).

If the *advisory affiliate* has a *CRD* number, provide that number. If not, indicate "non-registered" by checking the appropriate box.

| ADV DRP - *ADVISORY AFFILIATE* |
|---|
| No Information Filed |

☐ This DRP should be removed from the ADV record because the *advisory affiliate(s)* is no longer associated with the adviser.

☐ This DRP should be removed from the ADV record because: (1) the event or *proceeding* occurred more than ten years ago or (2) the adviser is registered or applying for registration with the SEC and the event was resolved in the adviser's or *advisory affiliate's* favor.

If you are registered or registering with a *state securities authority*, you may remove a DRP for an event you reported only in response to Item 11.D(4), and only if that event occurred more than ten years ago. If you are registered or registering with the SEC, you may remove a DRP for any event listed in Item 11 that occurred more than ten years ago.

B. If the *advisory affiliate* is registered through the IARD system or *CRD* system, has the *advisory affiliate* submitted a DRP (with Form ADV, BD or U-4) to the IARD or *CRD* for the event? If the answer is "Yes," no other information on this DRP must be provided.

○ Yes ○ No

*NOTE:* The completion of this form does not relieve the *advisory affiliate* of its obligation to update its IARD or *CRD* records.

PART II

1. Regulatory Action initiated by:
   ○ SEC  ○ Other Federal  ○ State  ◉ *SRO*  ○ Foreign
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
   NASD

2. Principal Sanction:

   Other Sanctions:

3. Date Initiated (MM/DD/YYYY):
   07/06/2005 ◉ Exact  ○ Explanation
   If not exact, provide explanation:

4. Docket/Case Number:
   CLG050081

5. *Advisory Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6. Principal Product Type:
   No Product
   Other Product Types:

7. Describe the allegations related to this regulatory action (your response must fit within the space provided):
   SEC RULE 11AC1-4 - THE FIRM FAILED TO DISPLAY IMMEDIATELY CUSTOMER LIMIT ORDERS IN NASDAQ SECURITIES IN ITS PUBLIC QUOTATION, WHEN EACH SUCH ORDER WAS AT A PRICE THAT WOULD HAVE IMPROVED THE FIRM'S BID OR OFFER IN EACH SUCH SECURITY; OR WHEN THE ORDER WAS PRICED EQUAL TO THE FIRM'S BID OR OFFER AND THE NATIONAL BEST BID OR OFFER FOR EACH SECURITY, AND THE SIZE OF THE ORDER REPRESENTED MORE THAN A DE MINIMUS CHANGE IN RELATION TO THE SIZE ASSOCIATED WITH THE FIRM'S BID OR OFFER IN EACH SECURITY

8. Current status ?  ○ Pending  ○ On Appeal  ◉ Final

9. If on appeal, regulatory action appealed to (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.

10. How was matter resolved:
    Acceptance, Waiver & Consent(AWC)

11. Resolution Date (MM/DD/YYYY):
    07/06/2005 ◉ Exact  ○ Explanation

If not exact, provide explanation:

12. Resolution Detail:
   A. Were any of the following Sanctions *Ordered* (check all appropriate items)?

   ☑ Monetary/Fine Amount:$ 7000

   ☐ Revocation/Expulsion/Denial          ☐ Disgorgement/Restitution

   ☑ Censure                              ☐ Cease and Desist/Injunction

   ☐ Bar                                  ☐ Suspension

   B. Other Sanctions *Ordered*:

   Sanction detail: If suspended, *enjoined* or barred, provide duration including start date
   and capacities affected (General Securities Principal, Financial Operations Principal, etc.).
   If requalification by exam/retraining was a condition of the sanction, provide length of
   time given to requalify/retrain, type of exam required and whether condition has been
   satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary
   compensation, provide total amount, portion levied against you or an *advisory affiliate*,
   date paid and if any portion of penalty was waived:
   WITHOUT ADMITTING OR DENYING THE ALLEGATIONS, THE FIRM CONSENTED TO THE
   DESCRIBED SANCTIONS AND TO THE ENTRY OF FINDINGS, THEREFORE THE FIRM IS
   CENSURED AND FINED $7,000.00.

13. Provide a brief summary of details related to the action status and (or) disposition and
    include relevant terms, conditions and dates (your response must fit within the space
    provided.)

*GENERAL INSTRUCTIONS*
This Disclosure Reporting Page (DRP ADV) is an ☑ INITIAL *OR* ○ AMENDED response used to
report details for affirmative responses to Items 11.C., 11.D., 11.E., 11.F. or 11.G. of Form ADV.

Check item(s) being responded to:

|  | | Regulatory Action | |
|---|---|---|---|
| ☐ 11.C(1) | ☐ 11.C(5) | ☐ 11.D(4) | ☐ 11.E(3) |
| ☐ 11.C(2) | ☐ 11.D(1) | ☐ 11.D(5) | ☐ 11.E(4) |
| ☐ 11.C(3) | ☐ 11.D(2) | ☐ 11.E(1) | ☐ 11.F |
| ☐ 11.C(4) | ☐ 11.D(3) | ☑ 11.E(2) | ☐ 11.G |

Use a separate DRP for each event or *proceeding*. The same event or *proceeding* may be reported
for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11.C., 11.D., 11.E., 11.F. or
11.G. Use only one DRP to report details related to the same event. If an event gives rise to
actions by more than one regulator, provide details to each action on a separate DRP.

PART I

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

- ⊙ You (the advisory firm)
- ○ You and one or more of your *advisory affiliates*
- ○ One or more of your *advisory affiliates*

If this DRP is being filed for an *advisory affiliate*, give the full name of the *advisory affiliate* below (for individuals, Last name, First name, Middle name).

If the *advisory affiliate* has a *CRD* number, provide that number. If not, indicate "non-registered" by checking the appropriate box.

| ADV DRP - *ADVISORY AFFILIATE* |
|---|
| No Information Filed |

☐ This DRP should be removed from the ADV record because the *advisory affiliate(s)* is no longer associated with the adviser.

☐ This DRP should be removed from the ADV record because: (1) the event or *proceeding* occurred more than ten years ago or (2) the adviser is registered or applying for registration with the SEC and the event was resolved in the adviser's or *advisory affiliate's* favor.

If you are registered or registering with a *state securities authority*, you may remove a DRP for an event you reported only in response to Item 11.D(4), and only if that event occurred more than ten years ago. If you are registered or registering with the SEC, you may remove a DRP for any event listed in Item 11 that occurred more than ten years ago.

B. If the *advisory affiliate* is registered through the IARD system or *CRD* system, has the *advisory affiliate* submitted a DRP (with Form ADV, BD or U-4) to the IARD or *CRD* for the event? If the answer is "Yes", no other information on this DRP must be provided.

- ○ Yes ○ No

*NOTE:* The completion of this form does not relieve the *advisory affiliate* of its obligation to update its IARD or *CRD* records.

PART II

1. Regulatory Action initiated by:
   - ○ SEC ○ Other Federal ○ State ⊙ SRO ○ Foreign
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
   NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

2. Principal Sanction:
   Civil and Administrative Penalt(ies) /Fine(s)
   Other Sanctions:
   CENSURE

3. Date Initiated (MM/DD/YYYY):
   02/26/2007 ⊙ Exact ○ Explanation
   If not exact, provide explanation:

4. Docket/Case Number:
   2005009132/20050010261

5. *Advisory Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6. Principal Product Type:
   Equity - OTC
   Other Product Types:

7. Describe the allegations related to this regulatory action (your response must fit within the space provided):
   THE FIRM SUBMITTED AN AWC THAT WAS ACCEPTED BY THE NASD FOR VIOLATIONS OF LIMIT ORDER DISPLAY AND LIMIT ORDER PROTECTION.

8. Current status ?  ○ Pending   ○ On Appeal   ☒ Final

9. If on appeal, regulatory action appealed to (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.

10. How was matter resolved:
    Acceptance, Waiver & Consent(AWC)

11. Resolution Date (MM/DD/YYYY):

    02/27/2007 ☒ Exact  ○ Explanation
    If not exact, provide explanation:

12. Resolution Detail:
    A. Were any of the following Sanctions *Ordered* (check all appropriate items)?

       ☒ Monetary/Fine Amount:$ 8500

       ☐ Revocation/Expulsion/Denial          ☐ Disgorgement/Restitution

       ☒ Censure                              ☐ Cease and Desist/Injunction

       ☐ Bar                                  ☐ Suspension

    B. Other Sanctions *Ordered*:

       Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against you or an *advisory affiliate*, date paid and if any portion of penalty was waived:
       WITHOUT ADMITTING OR DENYING THE ALLEGATIONS, THE FIRM CONSENTED TO THE DESCRIBED SANCTIONS AND TO THE ENTRY OF FINDINGS, THEREFORE THE FIRM WAS CENSURED AND FINED $8,500.00.

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates (your response must fit within the space

provided.)

| CIVIL JUDICIAL ACTION DISCLOSURE REPORTING PAGE (ADV) |
|---|
| No Information Filed |

## FORM ADV                                    OMB: 3235-0049
### UNIFORM APPLICATION FOR INVESTMENT ADVISER REGISTRATION

| Primary Business Name: BERNARD L. MADOFF INVESTMENT SECURITIES LLC | IARD/CRD Number: 2625 |
|---|---|
| | Rev. 02/2005 |

**Form ADV, Signature Page**

**DOMESTIC INVESTMENT ADVISER EXECUTION PAGE**

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial application for SEC registration and all amendments to registration.

## Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the Secretary of State or other legally designated officer, of the state in which you maintain your *principal office and place of business* and any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding* or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are submitting a *notice filing*.

## Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having custody or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature: BERNARD L. MADOFF | Date: MM/DD/YYYY 01/07/2008 |
|---|---|
| Printed Name: BERNARD L. MADOFF | Title: SOLE MEMBER |
| Adviser *CRD* Number: | |

2625

## NON-RESIDENT INVESTMENT ADVISER EXECUTION PAGE

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial application for SEC registration and all amendments to registration.

## 1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint each of the Secretary of the SEC, and the Secretary of State or other legally designated officer, of any other state in which you are submitting a *notice filing*, as your agents to receive service, and agree that such *persons* may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding*, or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is *founded*, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of any state in which you are submitting a *notice filing*.

## 2. Appointment and Consent: Effect on Partnerships

If you are organized as a partnership, this irrevocable power of attorney and consent to service of process will continue in effect if any partner withdraws from or is admitted to the partnership, provided that the admission or withdrawal does not create a new partnership. If the partnership dissolves, this irrevocable power of attorney and consent shall be in effect for any action brought against you or any of your former partners.

## 3. *Non-Resident* Investment Adviser Undertaking Regarding Books and Records

By signing this Form ADV, you also agree to provide, at your own expense, to the U.S. Securities and Exchange Commission at its principal office in Washington D.C., at any Regional or District Office of the Commission, or at any one of its offices in the United States, as specified by the Commission, correct, current, and complete copies of any or all records that you are required to maintain under Rule 204-2 under the Investment Advisers Act of 1940. This undertaking shall be binding upon you, your heirs, successors and assigns, and any *person* subject to your written irrevocable consents or powers of attorney or any of your general partners and *managing agents*.

## Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the *non-resident* investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having custody or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature: | Date: MM/DD/YYYY |
|---|---|
| Printed Name: | Title: |

Adviser *CRD* Number:
2625

### State Registered Investment Adviser Execution Page

You must complete the following Execution Page to Form ADV. This execution page must be signed and attached to your initial application for state registration and all amendments to registration.

## 1. Appointment of Agent for Service of Process

By signing this Form ADV Execution Page, you, the undersigned adviser, irrevocably appoint the legally designated officers and their successors, of the state in which you maintain your *principal office and place of business* and any other state in which you are applying for registration or amending your registration, as your agents to receive service, and agree that such persons may accept service on your behalf, of any notice, subpoena, summons, *order* instituting *proceedings*, demand for arbitration, or other process or papers, and you further agree that such service may be made by registered or certified mail, in any federal or state action, administrative *proceeding* or arbitration brought against you in any place subject to the jurisdiction of the United States, if the action, *proceeding*, or arbitration (a) arises out of any activity in connection with your investment advisory business that is subject to the jurisdiction of the United States, and (b) is founded, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these acts, or (ii) the laws of the state in which you maintain your *principal office and place of business* or of any state in which you are applying for registration or amending your registration.

## 2. State-Registered Investment Adviser Affidavit

If you are subject to state regulation, by signing this Form ADV, you represent that, you are in compliance with the registration requirements of the state in which you maintain your principal place of business and are in compliance with the bonding, capital, and recordkeeping requirements of that state.

## Signature

I, the undersigned, sign this Form ADV on behalf of, and with the authority of, the investment adviser. The investment adviser and I both certify, under penalty of perjury under the laws of the United States of America, that the information and statements made in this ADV, including exhibits and any other information submitted, are true and correct, and that I am signing this Form ADV Execution Page as a free and voluntary act.

I certify that the adviser's books and records will be preserved and available for inspection as required by law. Finally, I authorize any *person* having *custody* or possession of these books and records to make them available to federal and state regulatory representatives.

| Signature | Date MM/DD/YYYY |
|---|---|
| CRD Number 2625 | |
| Printed Name | Title |